1  RONALD K. ALBERTS (SBN 100017)
   TAD A. DEVLIN (SBN 190355)
2  GORDON & REES LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA  94111
   Telephone: (415) 986-5900
4  Facsimile:  (415) 986-8054

5  Attorneys for Defendant
   THE PRUDENTIAL INSURANCE
6  COMPANY OF AMERICA AND THE H.F. AHMANSON & COMPANY LONG TERM
   DISABILITY PLAN
7

8                    UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  ELIZABETH E. EDWARDS,                    CASE NO.

12                          Plaintiff,       **NOTICE OF REMOVAL UNDER**
                                             **28 U.S.C. SECTION 1441(b) (FEDERAL**
13          v.                               **QUESTION)**

14  THE PRUDENTIAL INSURANCE                 Complaint filed:    October 11, 2007
    COMPANY OF AMERICA; THE H.F.
15  AHMANSON & COMPANY LONG TERM
    DISABILITY PLAN; and DOES 1 through 20,
16  INCLUSIVE,
                            Defendants.
17

18  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19          PLEASE TAKE NOTICE that Defendant The Prudential Insurance Company of America

20  ("Prudential") and Defendant The H.F. Ahmanson & Company Long Term Disability Plan

21  ("H.F. Ahmanson") (Prudential and H.F. Ahmanson are collectively referred to as "Defendants")

22  hereby remove the above-captioned state court action to this Court.

23          1.      On October 11, 2007, an action was filed in the Superior Court of the State of

24  California for the County of San Francisco, Case No. CGC-07-468084 (the "Complaint").  A

25  copy of the Complaint is attached hereto as **Exhibit B.**

26          2.      The Complaint was served on Prudential's agent for service of process, CT

27  Corporation System, Los Angeles, on October 22, 2007.  On information and belief, the

28                                      -1-

1   Complaint was served on H.F. Ahmanson's agent for service of process on October 15, 2007.

2       3.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3   As such, the Complaint may be removed to this Court by Defendants pursuant to the provisions

4   of 28 U.S.C. section 1441(b) because it arises under the Employee Retirement and Income

5   Security Act ("ERISA"), 9 U.S.C. section 1001 *et seq.*, including specifically 29 U.S.C.

6   section 1144(a) and 29 U.S.C. section 1132(a), which preempts all state causes of action.

7       4.    Defendant Prudential is one of two named Defendants in this action.  Prudential is

8   informed and believes all named Defendants have been served with the Complaint.  Prudential is

9   informed and believes Defendant H.F. Ahmanson joins Prudential in the removal of the

10   Complaint filed in state court to this Court.

11       5.    Venue is proper in the Northern District of California pursuant to 29 U.S.C.

12   section 1132(e)(2) because this action is presently pending in the State of California, County of

13   San Francisco, in the venue of the United States District Court for the Northern District of

14   California.

15       6.    This action is one arising under the provisions of ERISA because Plaintiff

16   Elizabeth E. Edwards ("Plaintiff") alleges she is the beneficiary of an employee welfare benefit

17   plan (the "Plan") offered by H.F. Ahmanson insured through a group disability policy issued by

18   Prudential.

19       7.    The District Court has original jurisdiction over the claims asserted against

20   Defendants in this action under 29 U.S.C. section 1132(e)(1) and Defendants may remove the

21   action pursuant to 28 U.S.C. section 1441(b) because this action is one arising under the

22   provisions of ERISA for the following reasons:

23       a.    The Complaint alleges Plaintiff was employed as a loan consultant for

24   H.F. Ahmanson, enrolled in the Plan "which it offered and which was insured through a group

25   disability contract issued by Prudential, Policy No. G-99361."  (Compl., ¶ 5.)

26       b.    Plaintiff contends she "was insured under the Plan.  Under the Plan and

27   California law governing the definition of total disability, Prudential promised, in relevant part,

28

-2-

1    to pay monthly benefits in the event that she became unable to perform with reasonable

2    continuity in the usual and customary manner the material and substantial duties of any gainful

3    occupation for which she was reasonably fitted by reason of her training, education, experience

4    and station in life." (Compl., ¶ 6.)

5           c.    Plaintiff further contends she "complied with all the material provisions

6    pertaining to the Plan and/or compliance was waived by Defendants. While the Plan was in

7    force and effect, Plaintiff became disabled and entitled to benefits under the terms of the Plan as

8    a result of, *inter alia*, lumbar disc herniations necessitating multiple fusion surgeries and

9    hardware installation, nerve damage, and severe pain and weakness. Plaintiff has been, remains,

10   and will be unable to perform the substantial and material duties of any gainful occupation."

11   (Compl., ¶ 7.)

12          d.    Plaintiff alleges after becoming disabled in 1998, she timely applied for

13   disability benefits under the Plan. (Compl., ¶ 8.)

14          e.    Plaintiff further alleges "Prudential paid monthly disability benefits for an

15   extended period of time. Without conducting any reasonable or thorough investigation and

16   without evidence or information that Plaintiff's conditions had improved to allow a return to

17   gainful employment, Prudential wrongfully terminated benefits in or about July 25, 2006."

18   (Compl., ¶ 9.)

19          f.    Plaintiff appealed the termination of benefits and alleges that Prudential

20   failed to timely decide her appeal. (Compl., ¶¶ 10-11.) Plaintiff contends that "Prudential

21   purported to deny Plaintiff's appeal and maintained its denial of benefits." (Compl., ¶ 11.)

22          g.    The enforcement of rights under an employee benefit plan is governed by

23   ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

24          h.    ERISA's preemption clause, 29 U.S.C. section 1144(a), states the

25   provisions of ERISA "supersede any and all state laws insofar as they may now or hereafter

26   relate to any employee benefit plan...." The United States Supreme Court has given the phrase

27   "relate to" an expansive meaning, holding that a state law "relates to an employee benefit plan, in

28

-3-

1   the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v.*

2   *Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).  ERISA preemption applies if the state law

3   claim seeks the benefits under an ERISA plan.  *Prudential Health, Inc. v. Davila,* 542 U.S. 200,

4   209-211 (2004).

5           i.    Plaintiff would only have standing pursuant to ERISA to sue Defendants

6   for denial of benefits.  29 U.S.C. § 1002(8).  Thus, this action is preempted by ERISA and

7   properly removed to federal court.

8           j.    Under the "artful pleading" doctrine, a court may recharacterize a

9   plaintiff's claims as federal if the conduct complained of is governed exclusively by federal law.

10   *Redwood Theatres, Inc. v. Festival Enterprises, Inc.,* 908 F.2d 477, 479 (9th Cir. 1990); *Sullivan*

11   *v. First Affiliated Securities, Inc.,* 813 F.2d 1368, 1372 (9th Cir. 1987) ("Plaintiff cannot defeat

12   removal by masking or 'artfully pleading' a federal claim as a state claim."); *see also*

13   *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65-66 (1987) (Supreme Court holds ERISA

14   completely preempts and transforms plaintiff's state law claim into a federal claim).

15       8.    Defendants may remove to the appropriate district court "any civil action brought

16   in a State court of which the district courts of the United States have original jurisdiction."

17   28 U.S.C. § 1441(a).  The district courts have original jurisdiction under the federal question

18   statute over cases "arising under the Constitution, laws, or treaties of the United States."

19   28 U.S.C. §§ 1331 and 1441(b).  The district courts of the United States have original

20   jurisdiction over, and federal law under ERISA controls, actions brought to recover benefits and

21   to enforce rights under employee benefit plans.  29 U.S.C. § 1132(e)(1); *Pilot Life Ins.,* 481 U.S.

22   at 41.  "It is long settled law that a cause of action arises under federal law only when the

23   plaintiff's well-pleaded complaint raises issues of federal law."  *City of Chicago v. Int'l College*

24   *of Surgeons,* 522 U.S. 155, 163 (1997) (citing *Metropolitan,* 481 U.S. at 63).

25       9.    Plaintiff has brought an action to recover benefits (the insurance policy proceeds)

26   pursuant to an employee benefit plan, which is regulated by ERISA.  Pursuant to 29 U.S.C.

27   § 1132(e)(1), both the federal and state courts have concurrent jurisdiction when a plaintiff is

28

-4-

1 │ seeking to recover such benefits under ERISA. State action to enforce benefit rights is a federal

2 │ question that can be removed. Thus, removal to federal court is appropriate. *Metropolitan*,

3 │ 481 U.S. at 58.

4 │       WHEREFORE, Defendants pray this action be removed from the Superior Court of the

5 │ State of California, County of San Francisco to the United States District Court for the Northern

6 │ District of California.

7 │ DATED: _____11/14_____, 2007

8 │                           GORDON & REES LLP

9 │

10 │                By_____

11 │                     Ronald K. Alberts
                    Tad A. Devlin
                    Attorneys for Defendant

12 │                     THE PRUDENTIAL INSURANCE
                    COMPANY OF AMERICA

-5-

**EXHIBIT  B**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
10/22/2007
CT Log Number 512711964

**TO:**    Christine Gillen
The Prudential Insurance Company of America
Legal Department, 751 Broad St, 4th Floor
Newark, NJ 07102

**RECEIVED**

**OCT 2 4 2007**

**T. HAYNES**

**RE:**    **Process Served in California**

**FOR:**   The Prudential Insurance Company of America (Domestic State: NJ)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**             Elizabeth E. Edwards, Pltf. vs. The Prudential Insurance Company of America, et al., Dfts.

**DOCUMENT(S) SERVED:**          Summons, Complaint, Attachment(s), Case Management Statement Form, Notice to Plaintiff

**COURT/AGENCY:**                San Francisco County- San Francisco, Superior Court, CA
Case # CGC07468084

**NATURE OF ACTION:**            Insurance Litigation - Recover of employee benefits - Policy benefits claimed for disability

**ON WHOM PROCESS WAS SERVED:**

**DATE AND HOUR OF SERVICE:**    By Process Server on 10/22/2007 at 15:15

**APPEARANCE OR ANSWER DUE:**    Within 30 days after service - file written response // 03/14/2008 at 9:00 a.m. - Case Management Conference

**ATTORNEY(S) / SENDER(S):**     Terrence J. Coleman
Pillsbury & Levinson, LLP
600 Montgomery Street
31st Floor
San Francisco, CA 94111
415-433-8000

**ACTION ITEMS:**                SOP Papers with Transmittal, via  Fed Ex 2 Day , 798292224247
Email Notification, Legal Process Unit legal.process.unit@prudential.com

**SIGNED:**                      C T Corporation System
**PER:**                         Nancy Flores
**ADDRESS:**                     818 West Seventh Street
Los Angeles, CA 90017
**TELEPHONE:**                   213-337-4615

Page 1 of  1 / NF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

10-22
3:15

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
The Prudential Insurance Company of America; The H.F. Ahmanson &
Company Long Term Disability Plan; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Elizabeth Edwards

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC-07-468084

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Terrence J. Coleman
Pillsbury & Levinson, LLP, 600 Montgomery Street, 31st Floor, San Francisco, CA 94111 (415) 433-8000

DATE: **OCT 11 2007**    Gordon Park-Li    Clerk, by _____ Jun Panelo _____ , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* The Prudential Insurance Company of America
   under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
         [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
         [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
         [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]    **SUMMONS**    Code of Civil Procedure §§ 412.20, 485
American LegalNet, Inc.  |  www.USCourtForms.com

ENDORSED
FILED
San Francisco County Superior Court

OCT 1 1 2007

GORDON PARK-LI, Clerk
BY: _____ JUN P. PANELO
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

MAR 1 4 2008 -9:00 AM

DEPARTMENT 212

1  Terrence J. Coleman   (State Bar No. 172183)
   PILLSBURY & LEVINSON, LLP
2  The Transamerica Pyramid
   600 Montgomery Street, 31st Floor
3  San Francisco, California 94111
   Telephone: (415) 433-8000
4  Facsimile: (415) 433-4816
   E-mail: tcoleman@pillsburylevinson.com
5
6  Attorneys for Plaintiff,
   ELIZABETH E. EDWARDS,
7

8            IN THE SUPERIOR COURT OF CALIFORNIA

9         IN AND FOR THE COUNTY OF SAN FRANCISCO

10  ELIZABETH E. EDWARDS,                )  Case No. CGC-07-468084
                                          )
11                Plaintiff,              )  COMPLAINT FOR RECOVERY OF
                                          )  EMPLOYEE BENEFITS; BREACH
12  v.                                    )  OF FIDUCIARY DUTY;
                                          )  EQUITABLE RELIEF; and FAILURE
13                                        )  TO PRODUCE DOCUMENTS
    THE PRUDENTIAL INSURANCE             )
14  COMPANY OF AMERICA; THE H.F.         )
    AHMANSON & COMPANY LONG              )
15  TERM DISABILITY PLAN; and DOES 1     )  JURY TRIAL DEMANDED
    through 20, inclusive,                )
16                                        )
17                Defendants.             )
                                          )
    _____)

18       Plaintiff alleges on information and belief as follows:

19                    GENERAL ALLEGATIONS

20       1.    Plaintiff ELIZABETH E. EDWARDS is an individual residing in the

21  State of California.

22       2.    Defendant THE PRUDENTIAL INSURANCE COMPANY OF

23  AMERICA ("PRUDENTIAL") was and is a business entity authorized to transact

24  business in the State of California, including the sale, issuance and

25  administration of disability insurance and plan benefits.

26       3.    Defendant THE H.F. AHMANSON & COMPANY LONG TERM

27  DISABILITY PLAN ("the Plan") is a long-term disability plan which was offered

28

1

COMPLAINT                                              Case No. ____

1    by The H.F. Ahmanson & Company, Plaintiff's former employer.  The Plan is an

2    employee welfare benefit plan governed by the Employee Retirement Income

3    Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").  PRUDENTIAL was and remains

4    the de facto plan administrator and fiduciary of the Plan.

5        4.    Plaintiff is ignorant of the true names and capacities of Defendants

6    sued herein as DOES 1 through 20, inclusive, and therefore sues these

7    Defendants by said fictitious names.  Plaintiff will amend this Complaint to

8    allege their true names and capacities when they have been ascertained.

9        5.    At all relevant times, Plaintiff was employed as a loan consultant

10    for The H.F. Ahmanson & Company. and as such was enrolled in the Plan which

11    it offered and which was insured through a group disability contract issued by

12    PRUDENTIAL, Policy No. G-99361.

13        6.    At all material times hereto, Plaintiff was insured under the Plan.

14    Under the Plan and California law governing the definition of total disability,

15    PRUDENTIAL promised, in relevant part, to pay monthly benefits in the event

16    that she became unable to perform with reasonable continuity in the usual and

17    customary manner the material and substantial duties of any gainful occupation

18    for which she was reasonably fitted by reason of her training, education,

19    experience and station in life.

20        7.    At all material times herein, Plaintiff complied with all the material

21    provisions pertaining to the Plan and / or compliance was waived by Defendants.

22    While the Plan was in full force and effect, Plaintiff became disabled and entitled

23    to benefits under the terms of the Plan as a result of, *inter alia*, lumbar disc

24    herniations necessitating multiple fusion surgeries and hardware installation,

25    nerve damage, and severe pain and weakness.  Plaintiff has been, remains, and

26    will be unable to perform the substantial and material duties of any gainful

27    occupation.

28

2

COMPLAINT                                                              Case No. _____

8.      Shortly after becoming disabled in 1998, Plaintiff timely applied for disability benefits under the Plan.

9.      After submitting her claim for benefits, PRUDENTIAL paid monthly disability benefits for an extended period of time. Without conducting any reasonable or thorough investigation and without any evidence or information that Plaintiff's conditions had improved to allow a return to gainful employment, PRUDENTIAL wrongfully terminated benefits in or about July 25, 2006.

10.     Thereafter, through counsel, Plaintiff timely appealed PRUDENTIAL'S denial of benefits and provided additional and overwhelming evidence in support of her physical impairments and continuing and permanent disability. Plaintiff further demanded that PRUDENTIAL provide to her copies of its claims guidelines and manuals used or relied upon in the administration of claims and her claim.

11.     PRUDENTIAL failed to make any determination of said appeal within the time deadlines set forth in the Plan and applicable regulations. In an untimely letter dated September 6, 2007, PRUDENTIAL purported to deny Plaintiff's appeal and maintained its denial of benefits. It has further failed and refused to produce the requested claims guidelines and manuals despite its obligation to produce such information under applicable regulations and the terms of the Plan.

12.     As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damages as outlined below.

13.     As the result of the actions of Defendants, and each of them, Plaintiff has been improperly denied disability benefits together with interest thereon and has suffered further and severe economic hardship and emotional distress.

3

COMPLAINT                                                                                    Case No. _____

1      14.    As a further result of the actions of Defendants, and each of them,

2  Plaintiff has been forced to engage the services of legal counsel for the purpose of

3  obtaining her insurance benefits.

4  FIRST CAUSE OF ACTION<br>Recovery Of Employee Benefits

5  (Against all Defendants; 29 U.S.C. § 1132(a)(1)(B))

6      15.    Plaintiff realleges and incorporates by reference herein paragraphs

7  1 through 14 of this complaint as though fully set forth herein.

8      16.    At all relevant times, Plaintiff was insured under the Plan and

9  Defendants were responsible for the administration and handling of Plaintiff's

10 benefits.

11     17.    At all material times herein, Plaintiff has complied with all the

12 material provisions pertaining to the Plan, and/or compliance has been waived

13 or Defendants are estopped from asserting non-compliance.

14     18.    While the Plan was in full force and effect, Plaintiff became and

15 remains totally disabled and entitled to receive benefits under the Plan.

16     19.    PRUDENTIAL, however, terminated Plaintiff's claim for benefits

17 and has refused and continues to refuse to make monthly disability payments to

18 Plaintiff.  Plaintiff appealed PRUDENTIAL's denial of benefits and exhausted her

19 administrative remedies.  The appeal is deemed denied by PRUDENTIAL'S

20 failure to respond and decide the appeal on a timely basis, and was further

21 denied by letter dated September 6, 2007.

22     20.    Defendants' refusal to pay Plaintiff benefits violates the terms of

23 the Plan, and Defendants' actions in administering Plaintiff's claim and in

24 denying benefits were arbitrary and capricious.  At all material times herein,

25 Defendants, and each of them, failed and refused to honor the Plan.  Defendants

26 are liable for all benefits due under the Plan and POLICY which have been

27 improperly withheld from Plaintiff.  Plaintiff's physical conditions are

28

4

COMPLAINT                                                                    Case No. _____

permanent. Accordingly, Plaintiff is and will continue to be entitled to monthly

disability benefits through the applicable maximum benefit period of the Plan.

21.   As a proximate result of Defendants' actions, Plaintiff has been

deprived of her disability benefits to which she was and is entitled and has

suffered damage as set forth in Paragraphs 12-14 above. Plaintiff further seeks a

declaration as to her entitlement to future benefits, to wit: an injunction

prohibiting Defendants from terminating her benefits until the end of the

maximum benefit period or such other declaration the Court deems proper.

## SECOND CAUSE OF ACTION
### Breach of Fiduciary Duty
**(Against PRUDENTIAL and Does 11-20;**
**29 U.S.C. §§1104(a)(1); 1109; 1132(a)(2); 1132(a)(3))**

22.   Plaintiff realleges and incorporates by reference herein paragraphs

1 through 21 of this Complaint as though fully set forth herein.

23.   At all material times herein, Defendants, and each of them, were

fiduciaries with respect to their exercise of authority over the management of the

Plan, disposition of Plan assets, and administration of the Plan.

24.   Plaintiff asserts a breach of fiduciary duty against PRUDENTIAL as

an individual Plan participant and on behalf of all other the participants and

beneficiaries of the Plan.

25.   Plaintiff asserts that a claim for benefits due under the Plan does

not provide her with an adequate remedy at law in light of PRUDENTIAL'S

continuing course of conduct in violating the terms of the Plan and applicable

law as described below.

26.   Defendants, and each of them, were obliged to discharge their

duties solely in the interests of beneficiaries and participants for the exclusive

purpose of providing beneficiaries and participants benefits, defraying

reasonable expenses of the Plan, using all prudent skill and diligence in

COMPLAINT                                                          Case No. _____

1    accordance with the documents and instruments governing the Plan.

2        27.    At all material times herein, Defendants, and each of them, violated

3    these duties by, *inter alia*, the following:

4            A.    Consciously and unreasonably failing to investigate or

5                  evaluate Plaintiff's claim, and related claims and/or similar

6                  claims, fairly or in good faith, but, on the other hand,

7                  utilizing the information available to it in a manner

8                  calculated to provide it with a wrongful but plausible

9                  sounding justification to deny benefits;

10           B.    Consciously and unreasonably setting out to create a

11                 plausible sounding basis upon which to deny Plaintiff's

12                 claim, and related claims and/or similar claims, and seeking

13                 to obtain information calculated to permit it to claim that it

14                 had a plausible sounding basis upon which to deny

15                 Plaintiff's benefits;

16           C.    Consciously and unreasonably abusing its right to have

17                 Plaintiff's purported physical condition examined as a

18                 means to obtain a plausible basis to justify denial of benefits

19                 rather than to fairly assess Plaintiff's disability, as

20                 Defendants did with similar and/or related claims;

21           D.    Consciously and unreasonably failing to investigate all bases

22                 upon which to pay and honor Plaintiff's claim, and related

23                 claims and/or similar claims, for benefits and consciously

24                 and unreasonably failing to investigate all bases to support

25                 coverage;

26           E.    Consciously and unreasonably delaying, refusing, and

27                 continuing to refuse to pay Plaintiff benefits, and related

28

6

COMPLAINT                                                          Case No. _____

1    claims and/or similar claims for benefits, properly payable

2    under the Plan and to deprive Plaintiff of her rightful

3    benefits with the knowledge that said delays and denials

4    were and are wrongful and contrary to their obligations

5    under the Plan and the law;

6    F.    Consciously and unreasonably failing to investigate

7    Plaintiff's claim, and related claims and/or similar claims,

8    fairly and in good faith and refusing to give Plaintiff's

9    interests or the interests of the Plan at least as much

10    consideration as they gave their own;

11    G    Consciously and unreasonably failing to adopt and

12    implement reasonable or proper standards applicable to the

13    prompt and fair investigation, processing and adjudication

14    of Plaintiff's claim, and related claims and/or similar claims,

15    under the Plan;

16    H.    Consciously and unreasonably interpreting the Plan in a

17    manner designed to deny benefits and in a manner which

18    thwarts the reasonable expectations of the Plan's

19    beneficiaries and participants in order to maximize its owns

20    profits and minimize the benefits it pays claimants;

21    I.    Consciously and unreasonably refusing to pay Plaintiff's

22    claim, and related claims and/or similar claims, with the

23    knowledge that Plaintiff's claim is payable and with the

24    intent of saving them money at Plaintiff's expense. In

25    particular, PRUDENTIAL has had and continues to have

26    full knowledge that Plaintiff is disabled and entitled to

27    total disability benefits under the Plan, but has nevertheless

28

7

COMPLAINT                                                    Case No.____

1     refused to pay and honor Plaintiff's known legitimate claim;

2     and

3     J.     Consciously and unreasonably failing to follow the terms of

4     the Plan and applicable regulations governing the

5     administration of claims, the review of denied claims, and

6     required production of relevant documents.

7     28.     As a proximate result of Defendants' actions, Plaintiff has been

8 damaged as set forth in Paragraphs 12 through 14 above. In addition, Plaintiff

9 seeks appropriate equitable relief from the Defendants, and each of them, by

10 being placed in the position she would have been in had Defendants not

11 breached the duties described herein, and had she been paid the benefits to

12 which she is entitled, including any and all benefits, interest, attorneys fees and

13 other losses resulting from Defendants' breach.

14                **THIRD CAUSE OF ACTION**

                      <u>**Equitable Relief**</u>

15     (Against PRUDENTIAL, and DOES 11-20 ; 29 U.S.C. §1132(a)(3))

16     29.     Plaintiff realleges and incorporates by reference herein paragraphs

17 1 through 28 of this Complaint as though fully set forth herein.

18     30.     Defendants habitually violated their fiduciary duties in failing to

19 act in accordance with the documents governing the Plan, failing to use all

20 prudent skill and failing to uphold their duty of loyalty to act solely in the

21 interest of the participants and beneficiaries of the Plan, and failing to properly

22 evaluate Plaintiff's claim, among others, for benefits.

23     31.     Plaintiff further alleges that Defendants, and each of them, have

24 breached their fiduciary duties by misapplying, misinterpreting and/or ignoring

25 relevant provisions of the Plan by, and hereby further requests a judgment

26 permanently enjoining Defendants from interpreting the Plan in the following

27 ways:

28

8

A.    From denying benefits based upon an interpretation of "total disability" different from that required under applicable law and the Plan, including the requirement that a claimant be unable to work with reasonable continuity in the usual and customary way; and

B.    From failing to obtain input from unbiased medical consultants who are appropriately trained and experienced in the conditions that are the subject of the claim;

32.    Plaintiff further requests judgment permanently enjoining Defendants from ever again serving as a fiduciary with respect to the Plan, together with attorneys' fees and costs.

33.    In addition, Plaintiff seeks appropriate equitable relief from the Defendants, and each of them, and seeks an order by this Court that her total disability benefits be reinstated, that Defendants be enjoined from terminating benefits for the duration of the applicable maximum benefit period under the Plan, and that she be placed in the position she would have been in had she been paid the benefits to which she is entitled, including, without limitation, interest, attorneys fees and other losses resulting from Defendants' breach.

## FOURTH CAUSE OF ACTION
### Failure to Produce Documents
**(Against PRUDENTIAL, and DOES 11-20; 29 U.S.C. §1109)**

34.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.    Plaintiff made a proper written request for documents to which she was entitled under 29 U.S.C. §1024(b)(4) and other relevant sections of ERISA. These document were not provided in response to that request. Defendants' failure to provide said documents within thirty (30) days of Plaintiff's original request entitles Plaintiff to the civil penalties of $110 per day per document

9

1  request, as described in 29 U.S.C. §1132 (c)(1) and as set forth in 29 C.F.R.

2  §2575.502 c-1. Said penalties begin on the thirty-first (31st) day following the date

3  Defendants' received Plaintiff's document requests.

4       36.    To date, Defendants continue to refuse to provide the documents

5  requested by Plaintiff. It has therefore been more than the 30 days allowed

6  under the law for Defendants to respond to Plaintiff's document requests.

7       37.    Defendants' failure and refusal to produce the requested materials

8  is evidence of Defendants bad faith and conflict of interest.

9       38.    As a direct and proximate result of the foregoing actions and

10  omissions, Defendants have breached their obligations and duties under ERISA,

11  as both plan administrators and plan fiduciaries and are liable for civil penalties.

12       WHEREFORE, Plaintiff prays as follows:

13       1.    For a determination that Plaintiff is entitled to receive benefits

14  under the Plan and an injunction mandating the payment of benefits to Plaintiff

15  for the maximum benefit period under the Plan;

16       2.    For damages according to proof;

17       3.    For general damages according to proof;

18       4.    For civil penalties as set forth above;

19       5.    For attorneys' fees and costs of suit incurred herein;

20       6.    For interest;

21       7.    For equitable and injunctive relief as set forth above; and

22       8.    For such other and further relief as the Court may find appropriate.

23        **JURY TRIAL IS HEREBY DEMANDED**

24

25  DATED: October 11, 2007       PILLSBURY & LEVINSON, LLP

26            By: _____

27                Terrence J. Coleman, Esq.
              Attorneys for Plaintiff

28                ELIZABETH E. EDWARDS

COMPLAINT                                    Case No. _____

# BASF Mediators

| | |
|---|---|
| Koorosh Afshari | Arnold B. Harris |
| Robert E. Aune | Ben Hamburg |
| Elizabeth E. Bader | Michael D. Handlos |
| Eileen Barker | Herman D. Papa |
| Sandra Blair | Basil Plastiros |
| Burton F. Boltuch | Marco Quazzo |
| Bradley Bostick | Kay E. Harden |
| Angelo Bradstreet | Frederick C. Hertz |
| George B. Brewster | Bruce Highman |
| Fred D. Butler | Yolanda M. Jackson |
| Keith Chrestionson | Richard Jaeger |
| Thomas A. Cohen | Roberta R. Jeffery |
| Nancy de Ita | Kenneth F. Johnson |
| Mark J. Divelbiss | Sieger P. Johnson |
| Martin H. Dodd | Gail Killefer |
| Paul Dubow | Carol M. Kingsley |
| David H. Fielding | Chris Knowlton |
| Robert T. Fries | Guy O. Kornblum |
| Mark Gainer | Dr. Urs Laeuchli |
| Sanford Garfinkel | Paula Lawhon |
| Gerald F. George | Theodora R. Lee |
| Mathew J. Geyer | Arthur D. Levy |
| Judith A. Gordon | Robert T. Lynch |
| Stephen J. Gorski | Sharon T. Maier |
| Laurel Littman Gothelf | Michael L. Marx |
| Judge Ron Greenberg (Ret.) | Judith A. Mazia |
| Paul D. Gutierrez | David J. Meadows |
| | Thomas C. Nagle |

| | |
|---|---|
| Marilyn O'Toole | |
| Marc Parsin | |
| | |
| Steven Rosenberg | |
| Jeffrey A. Ross | |
| Alan R. Rothstein | |
| Stephen B. Ruben | |
| Cheryl A. Sena | |
| Malcolm Sher | |
| Elizabeth H. Shwiff | |
| Arthur R. Siegel | |
| Carol Ruth Silver | |
| Teri H. Sklar | |
| Roger W. Sleight | |
| Yaroslav Sochynsky | |
| Jason H. Stein | |
| Michael J. Timpane | |
| Elizabeth A. Tippin | |
| Charles A. Tray | |
| Claudia M. Viera | |
| Gregory D. Walker | |
| Albert B. Wenzell, Jr. | |
| Arne Werchick | |
| Andrew R. Wiener | |
| Joel Zebrack | |

**MEDIATOR BIOGRAPHIES & PHOTOGRAPHS: WWW.SFBAR.ORG/MEDIATION**

2/07

## SUCCESS STORIES

"The mediator settled a case that opposing counsel and I honestly believed could not be settled."
-Richard W. Osman, Esq.
Bertrand, Fox & Elliot

"Much thanks to the mediator and The Bar Association of San Francisco. The mediator was extraordinary; he went above and beyond the call of duty, and his knowledge of real property issues greatly assisted the parties."
-Robert P. Travis, Esq.
Travis and Pon

"The mediator was excellent! He was effective with some strong, forceful personalities."
-Denise A. Leadbetter, Esq.
Zacks, Utrecht & Leadbetter

**WWW.SFBAR.ORG/MEDIATION**

Procedures, Forms,
Mediator Biographies and Photos

**Questions?**
ADR@sfbar.org or 415.982.1600



THE BAR ASSOCIATION OF SAN FRANCISCO

# MEDIATION SERVICES

THE BAR ASSOCIATION
OF SAN FRANCISCO

## What is mediation?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable. Mediation tends to be less formal, take less time and cost less than arbitration or a court action. The mediator does not make a decision for you, as a judge or arbitrator might. Rather, they help you come to a resolution that all parties are satisfied with, which is binding only if everyone agrees.

## What is BASF's Mediation Service?

Mediation Services was established in November 2003 by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This is a traditional mediation service providing experienced private mediators, and is an approved alternative to court ordered Arbitration or Early Settlement.

## How does it work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; parties may ask to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee per party, which pays for the costs of running the program. Parties can request a waiver of the fee based on financial hardship.

## Who can use the service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants. Our mediators are ready to assist in almost any area needed, ranging from multi-party commercial matters to individuals in conflict.

## How much does the service cost?

Our mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee per party, which pays for the costs of running the program. Parties can request a waiver of the fee based on financial hardship.

## Who are the mediators?

BASF's mediators are experienced mediation professionals who are available to assist in most areas of dispute. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

## Areas of Experience



- Business
- Civil Rights
- Commercial
- Construction
- Contracts
- Disability
- Discrimination
- Education
- Employment/Workplace
- Environmental
- Family
- Fee Disputes
- Financial
- Gay/Lesbian/Bisexual Issues
- Government
- Insurance
- Intellectual Property
- Intra-Organizational
- Labor
- Landlord/Tenant
- Land Use
- Malpractice:
  - Legal/Medical/Professional
- Partnership Dissolution
- Personal Injury
- Probate/Trust
- Products Liability
- Real Estate
- Securities
- Taxation
- Uninsured Motorist
- Women's Issues

# Alternative Dispute Resolution (ADR)
# Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1) Judicial arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

### JUDICIAL ARBITRATION

**Description**

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.  Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

### Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                Time:          Dept.:        Div.:          Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐  This statement is submitted by party *(name)*:
   b. ☐  This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties *named* in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following *parties* named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in  ☐  complaint  ☐  cross-complaint    *(describe, including causes of action)*:

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720-3.730 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial      *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐   The case has gone to an ADR process *(indicate status):*

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

         Party                    Description                 Date

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
    Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____    ▶  _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY)

_____    ▶  _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY)

                              ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]          **CASE MANAGEMENT STATEMENT**          Page 4 of 4



# Superior Court of California
### County of San Francisco

## Judicial Mediation Program

### Introducing a new court alternative dispute resolution
### program that provides judicial mediation of complex civil cases

    The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David L. Ballati | The Honorable Tomar Mason |
| The Honorable Anne Bouliane | The Honorable James J. McBride |
| The Honorable Ellen Chaitin | The Honorable Kevin M. McCarthy |
| The Honorable John J. Conway | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Evans Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Curtis E. A. Karnow | The Honorable Mary E. Wiss |
| The Honorable Patrick J. Mahoney | |

    Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

### Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

CASE NUMBER: CGC-07-468084  ELIZABETH E. EDWARDS VS. THE PRUDENTIAL INSURAI

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

|  |  |
|---|---|
| **DATE:** | MAR-14-2008 |
| **TIME:** | 9:00AM |
| **PLACE:** | Department 212 |
|  | 400 McAllister Street |
|  | San Francisco, CA 94102-3680 |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges