1  RONALD K. ALBERTS (SBN 100017)
   TAD A. DEVLIN (SBN 190355)
2  GORDON & REES LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Telephone: (415) 986-5900
4  Facsimile: (415) 986-8054

5  Attorneys for Defendant
   THE PRUDENTIAL INSURANCE
6  COMPANY OF AMERICA, REAL PARTY IN
   INTEREST, AND THE H.F. AHMANSON &
7  COMPANY LONG TERM DISABILITY PLAN

8

9              UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  ELIZABETH E. EDWARDS,              CASE NO. 3:07-CV-5807 (VRW)

13              Plaintiff,             **DEFENDANT THE PRUDENTIAL**
                                       **INSURANCE COMPANY OF**
14      v.                            **AMERICA'S NOTICE OF MOTION**
                                       **AND MOTION TO DISMISS [FED. R.**
14  THE PRUDENTIAL INSURANCE          **CIV. P. 12(b)(6)]**
    COMPANY OF AMERICA; THE H.F.
15  AHMANSON & COMPANY LONG TERM       ORAL ARGUMENT REQUESTED
    DISABILITY PLAN; and DOES 1 through 20,
16  INCLUSIVE,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S NOTICE OF MOTION AND
MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] – Case No. 3:07-CV-5807 (VRW)

## Table of Contents

|  |  | Page |
|---|---|---|
| I. INTRODUCTION | | 2 |
| II. FACTUAL BACKGROUND | | 2 |
| | A. | Edwards' Complaint and The Long Term Disability Plan ..... 2 |
| | B. | Edwards' First Cause of Action - "Recovery of Employee Benefits" ..... 4 |
| | C. | Edwards' Second Cause of Action - "Breach of Fiduciary Duty" ..... 4 |
| | D. | Edwards' Third Cause of Action - "Equitable Relief" ..... 5 |
| | E. | Edwards' Fourth Cause of Action - "Failure to Produce Documents" ..... 6 |
| | F. | The ERISA Plan ..... 6 |
| III. LEGAL ANALYSIS | | 6 |
| | A. | Defendants' Motion To Dismiss Should Be Granted ..... 6 |
| | B. | ERISA Preemption ..... 6 |
| | C. | The H.F. Ahmanson Plan Is Subject To ERISA ..... 7 |
| | D. | Edwards' Claims For Breach of Fiduciary Duty and Equitable Relief Are Preempted Because They "Relate To" An ERISA Plan and Are Improper Because Edwards Has An Adequate Remedy Available Under ERISA [29 U.S.C. § 1132(a)(1)(B)] ..... 8 |
| | E. | The Savings Clause Does Not Save Edwards' Claims ..... 10 |
| | F. | Edwards' Fourth Cause Of Action For Failure To Produce Documents Fails ..... 11 |
| | G. | Edwards' Request For A Jury Trial Should Be Denied ..... 11 |
| IV. CONCLUSION | | 11 |

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## Table of Authorities

**Cases**                                                                                                  **Page(s)**

*Borst v. Chevron Corp.,*
    36 F.3d 1308 (5th Cir. 1994) ............................................................................ 2, 11

*Dishman v. UNUM Life Ins. Co. of America,*
    269 F.3d 974 (9th Cir. 2001) ................................................................................ 2

*Ford v. MCI Communications Corp. Health & Welfare Plan,*
    399 F.3d 1076 (9th Cir. 2005) .............................................................................. 9

*Forsyth v. Humana, Inc.,*
    114 F.3d 1467 (9th Cir. 1997) .............................................................................. 6

*Ingersoll-Rand Co. v. McClendon,*
    498 U.S. 133 (1990) ............................................................................................ 7

*Kanne v. Connecticut Gen. Life Ins. Co.,*
    867 F.2d 489 (9th Cir. 1988) cert. denied .......................................................... 8

*Korotynska v. Metropolitan Life Ins. Co.,*
    474 F.3d 101 (4th Cir. 2006) ........................................................................... 9, 10

*Long v. Flying Tiger Line, Inc.,*
    994 F.2d 692 (9th Cir. 1993). .............................................................................. 6

*Mathews v. Chevron Corp.,*
    362 F.3d 1172 (9th Cir. 2004) .............................................................................. 9

*Metropolitan Life Ins. Co. v. Taylor,*
    481 U.S. 58 (1987) .............................................................................................. 7

*Moran v. Aetna Life Ins. Co.,*
    872 F.2d 296 (9th Cir. 1989) ........................................................................... 2, 11

*Pilot Life. Ins. Co. v. Dedeaux,*
    481 U.S. 41 (1997)......................................................................................5, 7, 8, 11

*Spinelli v. Gaughan,*
    12 F.3d 853 (9th Cir. 1993) ............................................................................ 2, 11

*Thomas v. Oregon Fruit Products Co.,*
    228 F.3d 991 (9th Cir. 2000) ........................................................................... 2, 11

*Tingey v. Pixley-Richards West, Inc.,*
    953 F.2d 1124 (9th Cir. 1992) .............................................................................. 8

*Varity Corp. v. Howe,*
    516 U.S. 489 (1996).......................................................................................... 9, 10

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ii

**Table of Authorities**
(continued)

Page(s)

**Statutes**

29 United States Code
    section 1002(1)...................................................................................... 7

29 United States Code
    section 1132(a) [ERISA section 502(a)]................................................ 7

29 United States Code
    section 1132(a)(3) ............................................................................. 9, 10

29 United States Code
    section 1144(a)................................................................................... 7, 8

29 United States Code
    section 1144(a) [ERISA section 514(a)].............................................. 7

ERISA
    section 502(a)(3) .............................................................................. 9, 10

ERISA
    section 514(a) [29 United States Code § 1144(a)]............................. 11

Federal Rule of Civil Procedure
    12(b)(6) ................................................................................................ 6

United States Code
    section 1132(a)(1)(B)................................................................... 6, 9, 10

United States Code
    section 1144(b)(2)(A) ...................................................................... 7, 10

**Other Authorities**

*Croskey, et al.,* Cal. Prac. Guide,
    Insurance Lit. (The Rutter Guide 2007), sections 6:1430.1, 6:1536, 6:1715, 6:1725 .... 4, 7, 8, 9

*Schwarzer, et al.,*
    Cal. Prac. Guide, Cal. Fed. Civ. Proc. Before Trial (The Rutter Guide 2007),
    sections 9:233, 16:45 ................................................................... 2, 6, 11

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION TO DISMISS

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on Thursday, January 3, 2008, at 2:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 6 of the above-entitled court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, Defendant The Prudential Insurance Company of America, real party in interest, and Defendant The H.F. Ahmanson & Company Long Term Disability Plan (collectively referred to as "Defendants") will and hereby do move this Court to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff Elizabeth E. Edwards' Second Cause of Action for Breach of Fiduciary Duty and Third Cause of Action for Equitable Relief, because they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 832, as amended, 29 U.S.C. §§ 1001 *et seq.*

Defendants also move to dismiss Edwards' Fourth Cause of Action for Failure to Produce Documents because Prudential was neither a long-term disability plan sponsor, nor administrator subject to civil penalties for failure to produce documents. Prudential also seeks an order denying Edwards' request for a jury trial because there is no right to a jury trial under ERISA.

Defendants' motion is based on this notice, the attached memorandum of points and authorities, the supporting declaration and accompanying exhibit, the request for judicial notice, the records and pleadings on file in this action, and on such further evidence, either oral or documentary, presented to this Court at the motion hearing.

Defendants request oral argument at the motion hearing.

DATED: November 21, 2007                    GORDON & REES LLP

By: _____
    TAD A. DEVLIN
    Attorneys for Defendant
    THE PRUDENTIAL INSURANCE
    COMPANY OF AMERICA, REAL PARTY IN
    INTEREST, and THE H.F. AHMANSON &
    COMPANY LONG TERM DISABILITY PLAN

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 1 -

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff Elizabeth E. Edwards ("Edwards" or "Plaintiff") improperly asserts claims based solely on denial of benefits against Defendant The Prudential Insurance Company of America ("Prudential" or "Defendant"), real party in interest, and The H.F. Ahmanson & Company Long Term Disability Plan ("H.F. Ahmanson") that are preempted by the Employee Retirement Income Security Act ("ERISA").  Edwards' Second Cause of Action for Breach of Fiduciary Duty and Third Cause of Action for Equitable Relief necessarily "relate to" an ERISA plan. Edwards incorrectly attempts to "obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort."  See *Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 983 (9th Cir. 2001).

Edwards' Fourth Cause of Action for Failure to Produce Documents also fails as a matter of law, because Prudential is not subject to civil penalties as it was neither the plan administrator, nor sponsor.  See *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 298-299 (9th Cir. 1989).

Lastly, Edwards requests a jury trial, which is not provided for under ERISA.  See *Schwarzer, et al.*, Cal. Prac. Guide, Cal. Fed. Civ. Proc. Before Trial (The Rutter Guide 2007), § 16:45; *Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991, 996 (9th Cir. 2000); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994); *Spinelli v. Gaughan*, 12 F.3d 853, 857-858 (9th Cir. 1993).

### II.

### FACTUAL BACKGROUND

### A.    Edwards' Complaint and The Long Term Disability Plan

Edwards was a loan consultant employed by H.F Ahmanson, insured under its long term disability plan (the "Plan") insured by Prudential.  (Complaint, ¶ 3-5.)  According to the terms of the Plan, H.F. Ahmanson is specifically identified in the Notice to Employees "Plan Description Information" as both the Plan sponsor and administrator.  (See Declaration of Edith J. Ewing

- 2 -

1  ("Ewing Decl."), Ex. A (Plan documents - Notice to Employees, p. 25; H.F. Ahmanson Plan

2  Booklet, p. 26.)

3  Under the Plan, "Prudential promised, in relevant part, to pay monthly benefits in the

4  event that she became unable to perform with reasonable continuity in the usual and customary

5  manner the material and substantial duties of any gainful occupation for which she was

6  reasonably fitted by reason for her training, education, experience and station in life."

7  (Complaint, ¶ 6.)  Edwards asserts that she became disabled and entitled to benefits under the

8  terms of the Plan as a result of, *inter alia*, lumbar disc herniations necessitating multiple fusion

9  surgeries and hardware installation, nerve damage, and severe pain and weakness.  She alleges

10 she is "unable to perform the substantial and material duties of any gainful occupation."

11 (Complaint, ¶ 7.)

12 Edwards applied for benefits under the Plan after becoming disabled in 1998.

13 (Complaint, ¶ 8.)  After Prudential paid Edwards' disability benefits for 8 years, she remarkably

14 contends "Prudential wrongfully terminated benefits in or about July 25, 2006," "without

15 conducting any reasonable or thorough investigation and without any evidence or information

16 that [Edwards'] conditions had improved to allow a return to gainful employment."  (Complaint,

17 ¶ 9.)  She appealed Prudential's termination of benefits and "demanded that Prudential provide to

18 her copies of its claims guidelines and manuals used or relied upon in the administration of

19 claims and her claim."  (Complaint, ¶ 10.)

20 Edwards avers Prudential failed to timely determine her appeal and "failed and refused to

21 produce the requested claims guidelines and manuals despite its obligation to produce such

22 information under applicable regulations and the terms of the Plan."  (Complaint, ¶ 11.)

23 She alleges that "[a]s a result of the actions of Defendants, and each of them, [she] has

24 been improperly denied disability benefits together with interest thereon and has suffered further

25 and severe economic hardship and emotional distress."  (Complaint, ¶ 13.)  Edwards re-alleges

26 these specific damages for all causes of action set forth in her complaint.  (Complaint, ¶¶ 21, 28,

27 29.)

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 3 -

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Despite Edwards' attempt to plead around ERISA, all of her claims hinge on denial of

2    benefits which necessarily "relate to" the Plan and are preempted by ERISA.  See *Croskey, et al.,*

3    Cal. Prac. Guide, Insurance Lit. (The Rutter Guide 2007), § 6:1536, cases cited therein.

4    **B.    Edwards' First Cause of Action - "Recovery of Employee Benefits"**

5    Edwards' First Cause of Action is for "Recovery of Employee Benefits."  (Complaint,

6    ¶ 15-21.)  As a result of Prudential's alleged breach, Edwards contends she "has been deprived of

7    her disability benefits to which she was and is entitled and has suffered damage as set forth in

8    Paragraphs 12-14 above."  (Complaint, ¶ 21.)  She also "seeks a declaration as to her entitlement

9    to future benefits, to wit:  an injunction prohibiting Defendants from terminating her benefits

10   until the end of the maximum benefit period or such other declaration the Court deems proper."

11   (Complaint, ¶ 21.)

12   **C.    Edwards' Second Cause of Action - "Breach of Fiduciary Duty"**

13   Edwards' Second Cause of Action is for "Breach of Fiduciary Duty."  (Complaint, ¶ 22-

14   28.)  Edwards attempts to "assert[] a [claim for] breach of fiduciary duty against Prudential as an

15   individual Plan participant and on behalf of all other participants and beneficiaries of the Plan."

16   (Complaint, ¶ 24.)  Edwards further asserts "that a claim for benefits due under the Plan does not

17   provide her with an adequate remedy at law in light of the Prudential's continuing course of

18   conduct in violating the terms of the Plan and applicable law as described below."  (Complaint,

19   ¶ 24.)  Edwards does not cite any applicable law, much less any authority whatsoever, to support

20   her claim.

21   Further, she admits her damages from the alleged Breach of Fiduciary Duty are the same

22   as those allegedly owed for her claim for "Recovery of Employee Benefits."  (Complaint, ¶ 28.)

23   Nonetheless, she improperly seeks "appropriate equitable relief from the Defendants, and each of

24   them, by being placed in the position she would have been in had Defendants not breached the

25   duties described herein, and had she been paid the benefits to which she is entitled, including any

26   and all benefits, interest, attorneys fees and other losses resulting from Defendants' breach."

27   (Complaint, ¶ 28.)  Edwards essentially attempts to disguise her ERISA claim for benefits as an

28

- 4 -

1   additional claim for breach of fiduciary duty.

2          Edwards cannot do so and her breach of fiduciary duty claim should be dismissed with

3   prejudice because it is preempted. ERISA preempts state common law contract and tort claims

4   asserting improper processing of a claim for benefits under an ERISA plan. See *Pilot Life. Ins.*

5   *Co. v. Dedeaux,* 481 U.S. 41, 57 (1997).

6          **D.    Edwards' Third Cause of Action - "Equitable Relief"**

7          Edwards' Third Cause of Action is for "Equitable Relief." (Complaint, ¶ 29-33.)  She

8   contends "defendants habitually violated their fiduciary duties in failing to act in accordance

9   with the documents governing the Plan, failing to use all prudent skill and failing to uphold their

10  duty of loyalty to act solely in the interest of the participants and beneficiaries of the Plan, and

11  failing to properly evaluate [Edwards'] claim, among others, for benefits." (Complaint, ¶ 30.)

12         Edwards further alleges "Defendants breached their fiduciary duties by misapplying,

13  misinterpreting, and/or ignoring relevant provisions of the Plan…" (Complaint, ¶ 31.)  She

14  blithely requests a blanket judgment permanently enjoining Defendants from interpreting the

15  Plan "denying benefits based upon an interpretation of "total disability" different from that

16  required under applicable law and the Plan, including the requirement that a claimant be unable

17  to work with reasonable continuity in the usual and customary way; and "[f]rom failing to obtain

18  input from unbiased medical consultants who are appropriately trained and experienced in the

19  conditions that are the subject of the claim[.]" (Complaint, ¶ 31.)

20         Edwards "requests judgment permanently enjoining Defendants from ever again serving

21  as a fiduciary with respect to the Plan, together with attorneys' fees and costs." (Complaint,

22  ¶ 32.)  Edwards seeks an unworkable "order by this Court that her total disability benefits be

23  reinstated, that Defendants be enjoined from terminating benefits for the duration of the

24  applicable maximum benefit period under the Plan, and that she be placed in the position she

25  would have been in had she been paid the benefits to which she is entitled, including, without

26  limitation, interest, attorneys fees and other losses resulting from Defendants' breach."

27  (Complaint, ¶ 33.)  Edwards' request for equitable relief is not appropriate because ERISA [29

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 5 -

1   U.S.C. § 1132(a)(1)(B)] provides an available adequate remedy in this case if Edwards prevails

2   on her claim for recovery of benefits.  See *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th

3   Cir. 1997).

4        **E.    Edwards' Fourth Cause of Action - "Failure to Produce Documents"**

5        Edwards' Fourth Cause of Action is for "Failure to Produce Documents."  (Complaint,

6   ¶ 34-38.)  Edwards seeks civil penalties against Defendants in the amount of $110 per day for

7   Defendants' alleged failure to produce documents to Plaintiff.  (Complaint, ¶ 35.)  Edwards'

8   claim fails.  Prudential cannot be assessed penalties because it is neither the plan sponsor, nor the

9   administrator.

10       **F.    The ERISA Plan**

11       Edwards is a member of an ERISA plan.  Specifically, she is covered under an employee

12  group LTD Plan sponsored and administered by her employer H.F. Ahmanson.  (Complaint, ¶ 3;

13  Ewing Decl., ¶ 4, Ex. A).

14                              **III.**

15                        **LEGAL ANALYSIS**

16       **A.    Defendants' Motion To Dismiss Should Be Granted**

17       Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a

18  cause of action.  Matters "outside" the complaint can be deemed part thereof for purposes of a

19  12(b)(6) motion including documents referred to in the complaint as a basis for the claim – the

20  Plan – or matters subject to judicial notice.  These matters may be shown by a 12(b)(6) motion

21  without "converting" it to a summary judgment motion.  See *Schwarzer*, *supra,* Cal. Fed. Civ.

22  Proc. Before Trial, § 9:233.

23       **B.    ERISA Preemption**

24       The Ninth Circuit recognizes "[t]he interpretation of ERISA, a federal statute, is a

25  question of law subject to de novo review."  *Long v. Flying Tiger Line, Inc.*, 994 F.2d 692, 694

26  (9th Cir. 1993).

27       ERISA's broad preemption of state law claims applies if: (1) an ERISA benefit plan

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 6 -

1   exists; (2) the state claims "relate to" an employee benefit plan; and (3) the state claim is not

2   "saved" from ERISA's broad preemptive scheme by operation of ERISA's "savings clause"

3   relating to state laws which solely regulate insurance.  See 29 U.S.C. §§ 1144(a) and

4   1144(b)(2)(A); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-48 (1987); *Ingersoll-Rand Co. v.*

5   *McClendon*, 498 U.S. 133 (1990).

6        ERISA section 514(a) [29 U.S.C. § 1144(a)] expressly preempts state laws that "relate

7   to" employment benefit plans … except state laws "regulating insurance."  This express

8   preemption provision is a defense to state law claims "relating to" an ERISA plan.  See *Croskey,*

9   *et al, supra,* Insurance Lit., § 6:1430.1, cases cited therein.

10       ERISA section 502(a) [29 USC § 1132(a)] provides the exclusive remedies to recover

11  benefits due or to enforce or clarify rights under an ERISA plan, thereby impliedly preempting

12  state law remedies.  Under this provision, state law claims seeking relief available under ERISA

13  are "completely preempted" because this provision provides the exclusive remedy for loss or

14  denial of ERISA benefits.  See *Croskey, et al, supra,* Cal. Insurance Lit., § 6:1430.1;

15  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

16       **C.    The H.F. Ahmanson Plan Is Subject To ERISA**

17       ERISA applies to any "employee benefit plan."  Under 29 U.S.C. § 1002(1), ERISA

18  defines an employee benefit plan as follows:

19       . . . any plan, fund or program which was . . .  established or maintained by an
         employer or by an employee organization, or by both, to the extent that such plan,
20       fund or program was established or is maintained for the purpose of providing for
         its participants or their beneficiaries, through the purchase of insurance or
21       otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the
         event of sickness . . .
22

23       Here, Edwards was covered under the H.F. Ahmanson Plan.  Edwards concedes the "Plan

24  is an employee welfare benefit plan governed by [ERISA]."  (Complaint, ¶ 3.)  Thus, the first

25  prong of ERISA preemption is satisfied.

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 7 -

**D.    Edwards' Claims For Breach of Fiduciary Duty and Equitable Relief Are Preempted Because They "Relate To" An ERISA Plan and Are Improper Because Edwards Has An Adequate Remedy Available Under ERISA [29 U.S.C. § 1132(a)(1)(B)]**

Edwards' Second Cause of Action for Breach of Fiduciary Duty and Third Cause of Action for Equitable Relief are preempted because they "relate to" the H.F. Ahmanson ERISA Plan.

ERISA preempts all state law claims that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). In *Pilot Life Ins. Co., supra,* 481 U.S. 41, the United States Supreme Court held ERISA preemption was not limited solely to state statutes and rules, but included common law causes of action related to ERISA plans. ERISA's preemptive provisions are "deliberately expansive." *Id.* at 45-46. A state law is deemed to "relate to" an employee plan "if it has a connection with or reference to such a plan." *Id.* at 47.

In *Pilot Life*, the United States Supreme Court held plaintiff's state law causes of action all related to the benefit plan because he was suing to recover benefits under the plan. *Id.; see also Kanne v. Connecticut Gen. Life Ins. Co.,* 867 F.2d 489, 493 (9th Cir. 1988) *cert. denied,* 492 U.S. 906 (1989) [holding state law claims "arising from the improper processing of a claim are preempted by ERISA."]; *Tingey v. Pixley-Richards West, Inc.,* 953 F.2d 1124, 1131 (9th Cir. 1992) [holding plaintiff's state law claims "spring from the handling and disposition of [his] medical benefits insurance claim, and thus are subject to preemption."].

A leading commentator on ERISA preemption states, "[v]irtually all actions brought by plan participants or beneficiaries based on failure to pay plan benefits "relate to" an ERISA plan and are preempted." This includes state law tort claims, for example, tortious breach of contract, breach of fiduciary duty, or fraud in the inducement. See *Croskey, et al, supra,* Cal. Insurance Lit., § 6:1536.

Edwards' claims necessarily "relate to" an ERISA plan because her sole basis for recovery is the alleged wrongful termination of benefits under the Plan. (Complaint, ¶ 10-13.) Edwards' pleading concerns the administration of the H.F. Ahmanson Plan and benefit

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 8 -

1  determination.  This requires a fact-finder to interpret the Plan terms.  One of the primary

2  indicators a claim "relates to" an ERISA plan is where, as here, resolution of the claim

3  necessitates examination and interpretation of the plan documents themselves.

4        Further, Edwards' claim for equitable relief should be dismissed because Edwards has a

5  remedy under ERISA for the alleged wrongful termination of benefits.  In fact, her First Cause of

6  Action for Recovery of Employee Benefits is expressly made pursuant to ERISA, 29 U.S.C.

7  § 1132(a)(1)(B).  (Complaint, First Cause of Action.)

8        ERISA § 502(a)(3) authorizes a plan participant, beneficiary or fiduciary to sue to enjoin

9  violations of ERISA or the terms of the plan or "for other appropriate equitable relief" to redress

10  such violations.  See 29 U.S.C. § 1132(a)(3); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1183–

11  1185 (9th Cir. 2004).  Section 502(a)(3) is referred to as a "catchall" provision allowing relief for

12  breach of fiduciary duty where "appropriate," meaning only where no other adequate relief is

13  provided by ERISA.  See *Croskey, et al, supra,* Cal. Insurance Lit., § 6:1715; *Varity Corp. v.*

14  *Howe*, 516 U.S. 489, 514 (1996); *Ford v. MCI Communications Corp. Health & Welfare Plan,*

15  399 F.3d 1076, 1081 (9th Cir. 2005) [court refused relief under "catchall" provision where

16  plaintiff asserted specific claims under other ERISA provisions].

17        Section 502(a)(3) enables courts to grant only injunctions against any violation of ERISA

18  or the terms of the plan; or "other appropriate equitable relief" to redress such violations or to

19  enforce the terms of the plan.  29 U.S.C. § 1132(a)(3).  Moreover, "[m]ost courts hold the

20  equitable relief available under § 1132(a)(3) is limited to injuries not adequately redressed

21  elsewhere in ERISA."  See *Croskey, et al, supra,* Insurance Lit., § 6:1725; *Korotynska v.*

22  *Metropolitan Life Ins. Co.*, 474 F.3d 101, 106–107 (4th Cir. 2006) [citing cases holding equitable

23  relief not appropriate to seek review of benefits denials].

24        In *Korotynska,* the plaintiff alleged defendant fiduciary breached its duties to her and

25  other benefits plan participants by engaging in improper claims procedures designed to deny

26  valid claims for long-term disability benefits.  Plaintiff sought equitable relief under ERISA

27  section 502(a)(3).  The court of appeal affirmed the district court decision granting judgment on

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 9 -

1    the pleadings because the form of relief requested was not available under ERISA. The court of

2    appeal held individualized equitable relief under section 502(a)(3) [29 U.S.C. § 1132(a)(3)] is

3    normally appropriate only for injuries that do not find adequate redress in ERISA's other

4    provisions. And, because adequate relief was available for the plaintiff's injury through review

5    of her individual benefits claim under ERISA, 29 U.S.C. § 1132(a)(1)(B), relief under 29 U.S.C.

6    § 1132(a)(3) was not available. *Id.* at 102-103.

7        *Korotynska* rejected plaintiff's reliance on *Varity Corp. v. Howe,* 516 U.S. 489 (1996),

8    for the proposition that her claim for equitable relief was appropriate, and stated:

9        The great majority of circuit courts have interpreted *Varity* to hold that a claimant
         whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed
10       with a claim under § 1132(a)(3). *See, e.g., Antolik v. Saks, Inc.,* 463 F.3d 796, 803
         (8th Cir.2006); *Ogden v. Blue Bell Creameries U.S.A., Inc.,* 348 F.3d 1284, 1287-
11       88 (11th Cir.2003); *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610-11 (5th
         Cir.1998); *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 615-16 (6th
12       Cir.1998); *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474-75 (9th Cir.1997); *Wald
         v. Sw. Bell Corp. Customcare Medical Plan,* 83 F.3d 1002, 1006 (8th Cir.1996).

13
         These courts have not allowed claimants to proceed with § 1132(a)(3) claims
14       where relief was potentially available to them under § 1132(a)(1)(B), because, in
         *Varity,* "[t]he Supreme Court clearly limited the applicability of § 1132(a)(3) to
15       beneficiaries who may not avail themselves of § 1132's other remedies." *Wilkins,*
         150 F.3d at 615. A plaintiff whose injury consists of a denial of benefits "has
16       adequate relief available for the alleged improper denial of benefits through his
         right to sue [the benefit plan] directly under section 1132(a)(1)," and thus "relief
17       through the application of Section 1132(a)(3) would be inappropriate." *Tolson,*
         141 F.3d at 610. To allow a claim under § 1132(a)(3) would permit "ERISA
18       claimants to simply characterize a denial of benefits as a breach of fiduciary duty,
         a result which the Supreme Court expressly rejected." *Wilkins,* 150 F.3d at 616.
19
20   *Korotynska, supra,* 474 F.3d at 106-107.

21       Here, the analysis is the same and Edwards' Second and Third Causes of Action cannot

22   lie. Edwards has appropriate redress under ERISA for Defendants' alleged improper termination

23   of benefits. Edwards' First Cause of Action for Recovery of Employee Benefits is expressly

24   brought pursuant to 29 U.S.C. § 1132(a)(1)(B). (Complaint, First Cause of Action.)

25       **E.    The Savings Clause Does Not Save Edwards' Claims**

26       The savings clause protects state laws regulating insurance from the breadth of ERISA

27   preemption. 29 U.S.C § 1144(b)(2)(A).

28       Edwards' action does not fall under the savings clause exception to ERISA preemption,

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 10 -

1 because she is not bringing an action to enforce a state law governing insurance. Rather, as in

2 *Pilot Life*, Edwards seeks to recover benefits under the H.F. Ahmanson ERISA Plan. In *Pilot*

3 *Life*, the United States Supreme Court held the savings clause did not apply to this scenario

4 because "[t]he common law causes of action raised in [plaintiff's] complaint, each based on

5 alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly

6 meet the criteria for pre-emption under § 514(a) (29 U.S.C. § 1144(a))." *Pilot Life*, *supra*, 481

7 U.S. at 48.

8      **F.     Edwards' Fourth Cause Of Action For Failure To Produce Documents Fails**

9           Edwards' Fourth Cause of Action is for "Failure to Produce Documents." (Complaint,

10 ¶ 34-38.) She seeks civil penalties against Defendants in the amount of $110 per day for

11 Defendants' alleged failure to produce documents to Plaintiff. (Complaint, ¶ 35.) Edwards'

12 claim here fails as a matter of law. Prudential cannot be assessed penalties because it is neither

13 the Plan sponsor, nor the administrator. See *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 298-

14 299 (9th Cir. 1989).

15      **G.     Edwards' Request For A Jury Trial Should Be Denied**

16           Edwards requests a jury trial, which is not provided for under ERISA. Ninth Circuit

17 authority is clear on this point. See *Schwarzer, et al.*, *supra*, Cal. Fed. Civ. Proc. Before Trial,

18 § 16:45; *Thomas*, *supra*, 228 F.3d 991 at 996; *Borst*, *supra*, 36 F.3d at 1324; *Spinelli*, *supra*, 12

19 F.3d at 857. As such, Prudential seeks an order denying Edwards' request for a jury trial.

20                                        **IV.**

21                                    **CONCLUSION**

22           Based on the foregoing, Edwards' Second Cause of Action for Breach of Fiduciary Duty

23 and Third Cause of Action for Equitable Relief should be dismissed with prejudice because they

24 are preempted by ERISA and Edwards has an adequate available remedy under ERISA for the

25 alleged wrongful termination of benefits.

26           Edwards' Fourth Cause of Action for Failure to Produce Documents fails because

27 Prudential is not subject to civil penalties as it was neither the Plan administrator, nor sponsor.

28

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

- 11 -

1      Lastly, Edwards' request for a jury trial should be denied because it is not permissible

2    under ERISA.

3

4    DATED: November 21st, 2007    GORDON & REES LLP

5

6

7              By: _____
               TAD A. DEVLIN

8              Attorneys for Defendant
          THE PRUDENTIAL INSURANCE

9              COMPANY OF AMERICA, REAL PARTY IN
          INTEREST, and THE H.F. AHMANSON &

10             COMPANY LONG TERM DISABILITY PLAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 12 -

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S NOTICE OF MOTION AND
MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6) – Case No.  3:07-CV-5807 (VRW)