Terrence J. Coleman    (State Bar No. 172183)
Brian H. Kim          (State Bar No. 215492)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, California 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
E-mail: tcoleman@pillsburylevinson.com, bkim@pillsburylevinson.com

Attorneys for Plaintiff,
ELIZABETH E. EDWARDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH E. EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; THE H.F. AHMANSON & COMPANY LONG TERM DISABILITY PLAN; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:07-CV-5807 (VRW)<br><br>**PLAINTIFF'S NOTICE OF MOTION TO REMAND AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    January 3, 2008<br>Time:    2:30 p.m.<br>Courtroom 6, 17th Floor<br>Hon. Vaughn R. Walker |

TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on January 3, 2008, at 2:30 p.m., or as soon thereafter as this matter may be heard by the above-entitled Court, Plaintiff Elizabeth E. Edwards will move and hereby does move this Court for an order remanding the action to the Superior Court of the State of California, County of San Francisco. This motion will be made pursuant to 28 U.S.C. § 1447 and Rule 7-2 of the Local Rules of the Northern District. This motion will be made on the grounds that this Court lacks jurisdiction in that all Defendants to this action failed to join in or

1

consent to Defendant Prudential Insurance Company of America's Notice of Removal. As a result, the removal is facially defective according to 28 U.S.C. § 1446(b) and Ninth Circuit case law.

This motion will be based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Terrence J. Coleman, on the pleadings on file herein, and on such further evidence as may be presented at the time of hearing.

Plaintiff Elizabeth E. Edwards hereby submits the following brief in support of her motion to remand.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND STATEMENT OF ISSUES

This action arises from Prudential Insurance Company of America's ("Prudential") denial of long-term disability benefits owed to Elizabeth E. Edwards ("Edwards") under the H.F. Ahmanson & Company Long Term Disability Plan (the "Plan"). After Prudential denied benefits, Edwards filed her complaint in state court against Prudential and the Plan. On November 14, 2007, Prudential filed a Notice of Removal to remove the case to the Northern District of California on the grounds of federal question jurisdiction under ERISA. However, Prudential failed to show proof that the Plan joined in its removal of the case. Instead, Prudential only implied it was "informed and believes" the Plan joined Prudential in the removal.

While Edwards does not dispute federal question jurisdiction, the removal was defective on its face because the Plan was not properly joined. Courts in the Ninth Circuit and other circuits have consistently required co-defendants to explicitly join a defendant's removal to federal court by filing a written joinder or consent with the court within 30 days after the last served defendant. Neither Prudential nor the Plan cured this defect within the thirty-day statutory period permitted for joinder. The Ninth Circuit and district courts within this circuit have

consistently ordered remand under such circumstances. Remand of the present case is thus required.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Edwards was a loan consultant for H.F. Ahmanson & Company and was enrolled in the Plan, which was insured by Prudential. While still enrolled in the Plan in 1998, she became disabled as a result of multiple conditions, including lumbar disc herniations requiring multiple fusion surgeries and hardware installation, nerve damage, and severe pain and weakness.

Edwards accordingly submitted her claim for benefits to Prudential, which paid her monthly disability benefits for an extended period of time. On or around July 25, 2006, Prudential wrongfully terminated benefits without conducting a reasonable or thorough investigation and without any evidence that her conditions had improved to allow her to return to gainful employment. Edwards timely appealed Prudential's denial of benefits and provided additional evidence to confirm her continuing and permanent disability. However, Prudential failed to make a determination of her appeal within the time deadlines set forth in the Plan and applicable regulations. Instead, it waited until September 6, 2007 to send a letter purporting to deny Edwards' appeal.

On October 11, 2007, Edwards filed her Complaint in San Francisco Superior Court against Prudential and the Plan. The Complaint asserts causes of actions against all Defendants for recovery of benefits under ERISA section 502(a), 29 U.S.C. § 1132(a) and additional causes of action under ERISA. (Coleman Decl., Exh. A.)

On October 15, 2007, Edwards served the Plan with the Complaint. (Coleman Decl., Exh. B). On October 22, 2007, Edwards served Prudential with the Complaint. (Coleman Decl., Exh. C.)

On November 14, 2007, Prudential filed its Notice of Removal. (Coleman Decl., Exh. D.) Prudential removed the action pursuant to 28 U.S.C. section 1441,

3

PLAINTIFF'S MOTION TO REMAND                                               Case No. 3:07-CV-5807 (VRW)

invoking this Court's federal question jurisdiction arising from Edwards' causes of action under ERISA. (*Id.* at §9.) Yet, it failed to join the Plan properly. Instead, Prudential only claimed in its Notice of Removal that it was "informed and believes" that the Plan joined Prudential in removing the case to this Court. (*Id.* at §4.) The Notice of Removal contains no explanation why it failed to actually join the Plan in the removal or provide any factual support of its subjective belief that the Plan somehow did or would join or consent to the removal of the case to this Court.

### III. THE CASE SHOULD BE REMANDED BECAUSE PRUDENTIAL'S PURPORTED JOINDER OF THE PLAN "ON INFORMATION AND BELIEF" MAKES THE NOTICE OF REMOVAL DEFECTIVE ON ITS FACE

Actions brought pursuant to ERISA section 502(a)(1)(B) by participants or beneficiaries to recover benefits under an employee welfare benefit plan, such as Edwards', are subject to concurrent jurisdiction between state and federal courts. ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

Although an action is generally removable to federal court under 28 U.S.C. section 1441(a) if it could have been brought there originally, courts reject removal attempts if any of the requirements of the removal statute have not been satisfied. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). "Federal jurisdiction *must be rejected* if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added).

A party seeking to remove a case to federal court must do so within 30 days from the date from which the party is served with a copy of the complaint. 28 U.S.C. §1446(b). Moreover, in a multi-defendant case, *all* co-defendants of the removing party must join or consent to the party's removal to federal court within 30 days of the last served defendant for the removal to be valid. *Hewitt v. City of Stanton*, 788 F.2d 1230, 1232; *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1266 (9th

4

PLAINTIFF'S MOTION TO REMAND                                            Case No. 3:07-CV-5807 (VRW)

Cir. 1999). According to the Ninth Circuit, failure to do so makes the notice of removal procedurally defective on its face, requiring the district court to remand the matter to state court. *See Prize Frize, supra*, 167 F.3d at 1266-1267; *Hewitt, supra*, 798 F.2d at 1233 (awarding sanctions against the attorney for filing a notice of removal that was frivolous on its face).

Prudential tries to circumvent this requirement by speculating on "information and belief" that the Plan joined Prudential in the removal of the case. However, district courts in the Ninth Circuit have consistently held that in order to satisfy *Prize Frize*'s unanimity requirement, co-defendants themselves must affirmatively indicate to the court their joinder or consent to a defendant's removal. *See, e.g., Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 (N.D. Cal. 1994) (***each defendant must "file a document in which the defendant formally concurs with the removal"***); *Dubon v. HBSC Bank Nevada*, No. 05-2799, 2005 WL 2249902, at *3 (N.D. Cal. Sept. 15, 2005) (citing holding of numerous courts requiring consent to removal be expressed ***"directly to the court by the parties themselves"***); *Knutson v. Allis-Chalmers Corp.*, 358 F.Supp.2d 983, 991 (D. Nev. 2005) ("the rule . . . is that all defendants . . . must join in the removal or consent to it in writing . . ."); *see also Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (notice of removal stating that co-defendants did not object to the removal did not satisfy 28 U.S.C. § 1446(b)).

Moreover, district courts in and outside of the Ninth Circuit have specifically held that joining co-defendants on "information and belief" is insufficient to satisfy the procedural requirement that all co-defendants join in the removal of a matter to federal court. In *Anne Arundel County, Md. v. United Pacific Insurance Co.*, 905 F. Supp. 277, 278 (D. Md. 1995), the court specifically ordered remand under identical circumstances as the present case. The court held that the removal notice's statement "upon information and belief" that a co-defendant did not object to removal was insufficient to satisfy the unanimity requirement. In *Helmke v.*

*UnumProvident Corp.*, No. 01-4018, 2002 WL 90988, at *2 (N.D. Cal. Jan. 18, 2002), the court similarly rejected an "information and belief" allegation as insufficient. It held that an allegation based on "information and belief" that the plaintiff failed to serve co-defendants was insufficient, when the co-defendant had actually been served a month earlier and a proof of service had been filed with the court. The court noted that defendant could have discovered relevant facts with reasonable investigation before filing notice of removal.

Here, Prudential has failed to prove that the Plan joined or consented to its Notice of Removal within the required time to do so. The Plan has not submitted any written joinder or consent to join the removal to the court, nor is there any indication that the Plan expressly granted Prudential's attorneys the authority to speak on its behalf. Prudential was required to obtain the Plan's written consent or joinder by November 21, 2007, but allowed that time to pass.

Moreover, allowing Prudential to satisfy the removal requirements upon mere "information and belief" would effectively eliminate the unanimity requirement articulated by 28 U.S.C. section 1446(b) and the Ninth Circuit. If Prudential's approach is accepted, any defendant in any multi-defendant case could satisfy this requirement by unilaterally speculating that the co-defendants joined or consented to a removal, without affirmatively investigating whether those co-defendants actually supported the removal and explaining in the Notice of Removal the factual foundation for a claimed compliance with the unanimity requirement.

Furthermore, the mere failure by Prudential to offer any explanation in its removal for the Plan's absence independently requires remand. Where not all defendants have joined in a removal notice, the removing party has the burden to explain affirmatively the absence of any co-defendants in the notice for removal. *Prize Frize, supra*, 167 F.3d at 1266. Absent such explanation, the removal notice is "facially deficient". *Id; see also Northern Ill. Gas Co. v. Airco Industrial Gases*, 676 F.2d

270, 272 (7th Cir. 1982); *Garcia-Pardini v. Metropolitan Life Insurance Co.*, No. C01-00088, 2000 WL 590037, at *2 (N.D. Cal. 2001) (ordering remand because the removing defendants failed to "expressly indicate why one or more of the defendants have not joined in the removal notice").

Prudential's Notice of Removal here (1) failed to satisfy the unanimity requirement; and (2) failed to adequately explain the failure of the Plan to affirmatively join in the Removal. Remand is plainly required.

## IV. CONCLUSION

Based on the foregoing, Plaintiff Elizabeth E. Edwards thus respectfully requests that the Court remand this action to San Francisco Superior Court.

DATED: November 29, 2007          PILLSBURY & LEVINSON, LLP


By:    /s/
       Terrence J. Coleman, Esq.
       Attorneys for Plaintiff
       ELIZABETH E. EDWARDS