**EXHIBIT A**

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 1 1 2007

GORDON PARK-LI, Clerk
BY: _____JUN P. PANELO_____
Deputy Clerk

1   Terrence J. Coleman    (State Bar No. 172183)
    PILLSBURY & LEVINSON, LLP
2   The Transamerica Pyramid
    600 Montgomery Street, 31st Floor
3   San Francisco, California 94111
    Telephone: (415) 433-8000
4   Facsimile: (415) 433-4816
    E-mail: tcoleman@pillsburylevinson.com
5

6   Attorneys for Plaintiff,
    ELIZABETH E. EDWARDS,
7

**CASE MANAGEMENT CONFERENCE SET**

MAR 1 4 2008  -9ᴬᴹAM

**DEPARTMENT 212**

8              IN THE SUPERIOR COURT OF CALIFORNIA

9             IN AND FOR THE COUNTY OF SAN FRANCISCO

10  ELIZABETH E. EDWARDS,              )   Case No. **CGC-07-468084**
                                       )
11              Plaintiff,             )   **COMPLAINT FOR RECOVERY OF**
                                       )   **EMPLOYEE BENEFITS; BREACH**
12  v.                                 )   **OF FIDUCIARY DUTY;**
                                       )   **EQUITABLE RELIEF; and FAILURE**
13  THE PRUDENTIAL INSURANCE           )   **TO PRODUCE DOCUMENTS**
    COMPANY OF AMERICA; THE H.F.       )
14  AHMANSON & COMPANY LONG            )
    TERM DISABILITY PLAN; and DOES 1   )   **JURY TRIAL DEMANDED**
15  through 20, inclusive,             )
                                       )
16              Defendants.            )
                                       )
17  _____   )

18       Plaintiff alleges on information and belief as follows:

19                    **GENERAL ALLEGATIONS**

20       1.    Plaintiff ELIZABETH E. EDWARDS is an individual residing in the

21  State of California.

22       2.    Defendant THE PRUDENTIAL INSURANCE COMPANY OF

23  AMERICA ("PRUDENTIAL") was and is a business entity authorized to transact

24  business in the State of California, including the sale, issuance and

25  administration of disability insurance and plan benefits.

26       3.    Defendant THE H.F. AHMANSON & COMPANY LONG TERM

27  DISABILITY PLAN ("the Plan") is a long-term disability plan which was offered

28

                                    1

COMPLAINT                                          Case No. _____

1   by The H.F. Ahmanson & Company, Plaintiff's former employer. The Plan is an

2   employee welfare benefit plan governed by the Employee Retirement Income

3   Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). PRUDENTIAL was and remains

4   the de facto plan administrator and fiduciary of the Plan.

5          4.     Plaintiff is ignorant of the true names and capacities of Defendants

6   sued herein as DOES 1 through 20, inclusive, and therefore sues these

7   Defendants by said fictitious names. Plaintiff will amend this Complaint to

8   allege their true names and capacities when they have been ascertained.

9          5.     At all relevant times, Plaintiff was employed as a loan consultant

10  for The H.F. Ahmanson & Company. and as such was enrolled in the Plan which

11  it offered and which was insured through a group disability contract issued by

12  PRUDENTIAL, Policy No. G-99361.

13         6.     At all material times hereto, Plaintiff was insured under the Plan.

14  Under the Plan and California law governing the definition of total disability,

15  PRUDENTIAL promised, in relevant part, to pay monthly benefits in the event

16  that she became unable to perform with reasonable continuity in the usual and

17  customary manner the material and substantial duties of any gainful occupation

18  for which she was reasonably fitted by reason of her training, education,

19  experience and station in life.

20         7.     At all material times herein, Plaintiff complied with all the material

21  provisions pertaining to the Plan and/or compliance was waived by Defendants.

22  While the Plan was in full force and effect, Plaintiff became disabled and entitled

23  to benefits under the terms of the Plan as a result of, *inter alia*, lumbar disc

24  herniations necessitating multiple fusion surgeries and hardware installation,

25  nerve damage, and severe pain and weakness. Plaintiff has been, remains, and

26  will be unable to perform the substantial and material duties of any gainful

27  occupation.

28

COMPLAINT                                                              Case No. _____

1    8.    Shortly after becoming disabled in 1998, Plaintiff timely applied for

2    disability benefits under the Plan.

3    9.    After submitting her claim for benefits, PRUDENTIAL paid

4    monthly disability benefits for an extended period of time.  Without conducting

5    any reasonable or thorough investigation and without any evidence or

6    information that Plaintiff's conditions had improved to allow a return to gainful

7    employment, PRUDENTIAL wrongfully terminated benefits in or about July 25,

8    2006.

9    10.    Thereafter, through counsel, Plaintiff timely appealed

10   PRUDENTIAL'S denial of benefits and provided additional and overwhelming

11   evidence in support of her physical impairments and continuing and permanent

12   disability.  Plaintiff further demanded that PRUDENTIAL provide to her copies

13   of its claims guidelines and manuals used or relied upon in the administration of

14   claims and her claim.

15   11.    PRUDENTIAL failed to make any determination of said appeal

16   within the time deadlines set forth in the Plan and applicable regulations.  In an

17   untimely letter dated September 6, 2007, PRUDENTIAL purported to deny

18   Plaintiff's appeal and maintained its denial of benefits.  It has further failed and

19   refused to produce the requested claims guidelines and manuals despite its

20   obligation to produce such information under applicable regulations and the

21   terms of the Plan.

22   12.    As a direct and proximate result of the aforementioned acts of

23   Defendants, and each of them, Plaintiff suffered damages as outlined below.

24   13.    As the result of the actions of Defendants, and each of them,

25   Plaintiff has been improperly denied disability benefits together with interest

26   thereon and has suffered further and severe economic hardship and emotional

27   distress.

28

3

14.    As a further result of the actions of Defendants, and each of them, Plaintiff has been forced to engage the services of legal counsel for the purpose of obtaining her insurance benefits.

## FIRST CAUSE OF ACTION
### Recovery Of Employee Benefits
### (Against all Defendants; 29 U.S.C. § 1132(a)(1)(B))

15.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 14 of this complaint as though fully set forth herein.

16.    At all relevant times, Plaintiff was insured under the Plan and Defendants were responsible for the administration and handling of Plaintiff's benefits.

17.    At all material times herein, Plaintiff has complied with all the material provisions pertaining to the Plan, and/or compliance has been waived or Defendants are estopped from asserting non-compliance.

18.    While the Plan was in full force and effect, Plaintiff became and remains totally disabled and entitled to receive benefits under the Plan.

19.    PRUDENTIAL, however, terminated Plaintiff's claim for benefits and has refused and continues to refuse to make monthly disability payments to Plaintiff. Plaintiff appealed PRUDENTIAL's denial of benefits and exhausted her administrative remedies. The appeal is deemed denied by PRUDENTIAL'S failure to respond and decide the appeal on a timely basis, and was further denied by letter dated September 6, 2007.

20.    Defendants' refusal to pay Plaintiff benefits violates the terms of the Plan, and Defendants' actions in administering Plaintiff's claim and in denying benefits were arbitrary and capricious. At all material times herein, Defendants, and each of them, failed and refused to honor the Plan. Defendants are liable for all benefits due under the Plan and POLICY which have been improperly withheld from Plaintiff. Plaintiff's physical conditions are

4

1    permanent.  Accordingly, Plaintiff is and will continue to be entitled to monthly

2    disability benefits through the applicable maximum benefit period of the Plan.

3        21.    As a proximate result of Defendants' actions, Plaintiff has been

4    deprived of her disability benefits to which she was and is entitled and has

5    suffered damage as set forth in Paragraphs 12-14 above.  Plaintiff further seeks a

6    declaration as to her entitlement to future benefits, to wit:  an injunction

7    prohibiting Defendants from terminating her benefits until the end of the

8    maximum benefit period or such other declaration the Court deems proper.

**SECOND CAUSE OF ACTION**
<u>**Breach of Fiduciary Duty**</u>
**(Against PRUDENTIAL and Does 11-20;**
**29 U.S.C. §§1104(a)(1); 1109; 1132(a)(2); 1132(a)(3))**

22.    Plaintiff realleges and incorporates by reference herein paragraphs

1 through 21 of this Complaint as though fully set forth herein.

23.    At all material times herein, Defendants, and each of them, were

fiduciaries with respect to their exercise of authority over the management of the

Plan, disposition of Plan assets, and administration of the Plan.

24.    Plaintiff asserts a breach of fiduciary duty against PRUDENTIAL as

an individual Plan participant and on behalf of all other the participants and

beneficiaries of the Plan.

25.    Plaintiff asserts that a claim for benefits due under the Plan does

not provide her with an adequate remedy at law in light of PRUDENTIAL'S

continuing course of conduct in violating the terms of the Plan and applicable

law as described below.

26.    Defendants, and each of them, were obliged to discharge their

duties solely in the interests of beneficiaries and participants for the exclusive

purpose of providing beneficiaries and participants benefits, defraying

reasonable expenses of the Plan, using all prudent skill and diligence in

5

1     accordance with the documents and instruments governing the Plan.

2          27.     At all material times herein, Defendants, and each of them, violated

3     these duties by, *inter alia,* the following:

4               A.     Consciously and unreasonably failing to investigate or

5                      evaluate Plaintiff's claim, and related claims and/or similar

6                      claims, fairly or in good faith, but, on the other hand,

7                      utilizing the information available to it in a manner

8                      calculated to provide it with a wrongful but plausible

9                      sounding justification to deny benefits;

10              B.     Consciously and unreasonably setting out to create a

11                     plausible sounding basis upon which to deny Plaintiff's

12                     claim, and related claims and/or similar claims, and seeking

13                     to obtain information calculated to permit it to claim that it

14                     had a plausible sounding basis upon which to deny

15                     Plaintiff's benefits;

16              C.     Consciously and unreasonably abusing its right to have

17                     Plaintiff's purported physical condition examined as a

18                     means to obtain a plausible basis to justify denial of benefits

19                     rather than to fairly assess Plaintiff's disability, as

20                     Defendants did with similar and/or related claims;

21              D.     Consciously and unreasonably failing to investigate all bases

22                     upon which to pay and honor Plaintiff's claim, and related

23                     claims and/or similar claims, for benefits and consciously

24                     and unreasonably failing to investigate all bases to support

25                     coverage;

26              E.     Consciously and unreasonably delaying, refusing, and

27                     continuing to refuse to pay Plaintiff benefits, and related

28

COMPLAINT                                          6                                    Case No. _____

claims and/or similar claims for benefits, properly payable
under the Plan and to deprive Plaintiff of her rightful
benefits with the knowledge that said delays and denials
were and are wrongful and contrary to their obligations
under the Plan and the law;

F.    Consciously and unreasonably failing to investigate
Plaintiff's claim, and related claims and/or similar claims,
fairly and in good faith and refusing to give Plaintiff's
interests or the interests of the Plan at least as much
consideration as they gave their own;

G    Consciously and unreasonably failing to adopt and
implement reasonable or proper standards applicable to the
prompt and fair investigation, processing and adjudication
of Plaintiff's claim, and related claims and/or similar claims,
under the Plan;

H.    Consciously and unreasonably interpreting the Plan in a
manner designed to deny benefits and in a manner which
thwarts the reasonable expectations of the Plan's
beneficiaries and participants in order to maximize its owns
profits and minimize the benefits it pays claimants;

I.    Consciously and unreasonably refusing to pay Plaintiff's
claim, and related claims and/or similar claims, with the
knowledge that Plaintiff's claim is payable and with the
intent of saving them money at Plaintiff's expense. In
particular, PRUDENTIAL has had and continues to have
full knowledge that Plaintiff is disabled and entitled to
total disability benefits under the Plan, but has nevertheless

7

1     refused to pay and honor Plaintiff's known legitimate claim;

2     and

3     J.    Consciously and unreasonably failing to follow the terms of

4     the Plan and applicable regulations governing the

5     administration of claims, the review of denied claims, and

6     required production of relevant documents.

7     28.    As a proximate result of Defendants' actions, Plaintiff has been

8 damaged as set forth in Paragraphs 12 through 14 above. In addition, Plaintiff

9 seeks appropriate equitable relief from the Defendants, and each of them, by

10 being placed in the position she would have been in had Defendants not

11 breached the duties described herein, and had she been paid the benefits to

12 which she is entitled, including any and all benefits, interest, attorneys fees and

13 other losses resulting from Defendants' breach.

14                 **THIRD CAUSE OF ACTION**
                   <u>Equitable Relief</u>

15    **(Against PRUDENTIAL, and DOES 11-20 ; 29 U.S.C. §1132(a)(3))**

16     29.    Plaintiff realleges and incorporates by reference herein paragraphs

17 1 through 28 of this Complaint as though fully set forth herein.

18     30.    Defendants habitually violated their fiduciary duties in failing to

19 act in accordance with the documents governing the Plan, failing to use all

20 prudent skill and failing to uphold their duty of loyalty to act solely in the

21 interest of the participants and beneficiaries of the Plan, and failing to properly

22 evaluate Plaintiff's claim, among others, for benefits.

23     31.    Plaintiff further alleges that Defendants, and each of them, have

24 breached their fiduciary duties by misapplying, misinterpreting and/or ignoring

25 relevant provisions of the Plan by, and hereby further requests a judgment

26 permanently enjoining Defendants from interpreting the Plan in the following

27 ways:

28

COMPLAINT                                                Case No. _____

1    A.    From denying benefits based upon an interpretation of "total

2          disability" different from that required under applicable law

3          and the Plan, including the requirement that a claimant be

4          unable to work with reasonable continuity in the usual and

5          customary way; and

6    B.    From failing to obtain input from unbiased medical

7          consultants who are appropriately trained and experienced

8          in the conditions that are the subject of the claim;

9    32.    Plaintiff further requests judgment permanently enjoining

10   Defendants from ever again serving as a fiduciary with respect to the Plan,

11   together with attorneys' fees and costs.

12   33.    In addition, Plaintiff seeks appropriate equitable relief from the

13   Defendants, and each of them, and seeks an order by this Court that her total

14   disability benefits be reinstated, that Defendants be enjoined from terminating

15   benefits for the duration of the applicable maximum benefit period under the

16   Plan, and that she be placed in the position she would have been in had she been

17   paid the benefits to which she is entitled, including, without limitation, interest,

18   attorneys fees and other losses resulting from Defendants' breach.

19                          **FOURTH CAUSE OF ACTION**
                            **Failure to Produce Documents**
20           **(Against PRUDENTIAL, and DOES 11-20; 29 U.S.C. §1109)**

21   34.    Plaintiff realleges and incorporates by reference herein paragraphs

22   1 through 33 of this Complaint as though fully set forth herein.

23   35.    Plaintiff made a proper written request for documents to which she

24   was entitled under 29 U.S.C. §1024(b)(4) and other relevant sections of ERISA.

25   These document were not provided in response to that request.  Defendants'

26   failure to provide said documents within thirty (30) days of Plaintiff's original

27   request entitles Plaintiff to the civil penalties of $110 per day per document

28

                                        9

1  request, as described in 29 U.S.C. §1132 (c)(1) and as set forth in 29 C.F.R.

2  §2575.502 c-1. Said penalties begin on the thirty-first (31st) day following the date

3  Defendants' received Plaintiff's document requests.

4       36.    To date, Defendants continue to refuse to provide the documents

5  requested by Plaintiff. It has therefore been more than the 30 days allowed

6  under the law for Defendants to respond to Plaintiff's document requests.

7       37.    Defendants' failure and refusal to produce the requested materials

8  is evidence of Defendants bad faith and conflict of interest.

9       38.    As a direct and proximate result of the foregoing actions and

10 omissions, Defendants have breached their obligations and duties under ERISA,

11 as both plan administrators and plan fiduciaries and are liable for civil penalties.

12       WHEREFORE, Plaintiff prays as follows:

13    1.    For a determination that Plaintiff is entitled to receive benefits

14 under the Plan and an injunction mandating the payment of benefits to Plaintiff

15 for the maximum benefit period under the Plan;

16    2.    For damages according to proof;

17    3.    For general damages according to proof;

18    4.    For civil penalties as set forth above;

19    5.    For attorneys' fees and costs of suit incurred herein;

20    6.    For interest;

21    7.    For equitable and injunctive relief as set forth above; and

22    8.    For such other and further relief as the Court may find appropriate.

23               **JURY TRIAL IS HEREBY DEMANDED**

24

25 DATED: October 11, 2007                    PILLSBURY & LEVINSON, LLP

26                              By: _____

27                                  Terrence J. Coleman, Esq.
                                    Attorneys for Plaintiff
28                                  ELIZABETH E. EDWARDS

                                    10