RONALD K. ALBERTS (SBN 100017)
TAD A. DEVLIN (SBN 190355)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and THE H.F. AHMANSON & COMPANY LONG TERM DISABILITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH E. EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; THE H.F. AHMANSON & COMPANY LONG TERM DISABILITY PLAN; and DOES 1 through 20, INCLUSIVE,<br><br>Defendants. | CASE NO. 3:07-CV-5807 (VRW)<br><br>**DEFENDANTS THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND THE H.F. AHMANSON & COMPANY LONG TERM DISABILITY PLAN'S OPPOSITION TO EDWARDS' MOTION TO REMAND**<br><br>Date: January 3, 2008<br>Time: 2:30 p.m.<br>Location: Courtroom 6, 17th Floor<br>Before: Hon. Vaughn R. Walker |

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Table of Contents

Page

I. INTRODUCTION ..... 1

II. FACTUAL SUMMARY ..... 2

A. CSC Did Not Follow Its Customary Business Practice For Receipt Of Process And It Did Not Have Authority To Accept Edwards' Service Of Process On The Plan. ..... 3

B. Edwards' Attempt To Serve The Plan By Serving H.F. Ahmanson's Successor In Interest, Washington Mutual, Was Invalid. ..... 4

III. ARGUMENT AND AUTHORITY ..... 5

A. The Notice Of Removal Specifies That Prudential And The Plan Removed Edwards' Action To Federal Court. ..... 5

B. Defendants' Removal Complied With The Removal Statute And Ninth Circuit Law. ..... 6

C. Edwards' String Of Scattershot Authorities Does Not Support Her Motion To Remand, And In Fact, Support Removal. ..... 7

IV. CONCLUSION ..... 14

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Table of Authorities

Page

**Cases**

*Anne Arundel County, Md. v. United Pacific Ins. Co.* 905 F.Supp. 277 (D. Md. 1995) ........ 11, 12

*Barrow Development Co. v. Fulton Insurance Co.* 418 F.2d 316 (9th Cir. 1969) ........ 13

*Beatie and Osborn LLP v. Patriot Scientific Corp.* 431 F.Supp.2d 367 (S.D.N.Y.2006) ........ 6

*Boggs v. Lewis* 863 F.2d 662 (9th Cir. 1988) ........ 8

*Caterpillar, Inc. v. Lewis* 519 U.S. 61 (1996) ........ 7

*Chicago, Rock Island, & Pac. Ry. Corp. v. Martin* 178 U.S. 245 (1900) ........ 10

*Dubon v. HSBC Bank Nevada* No. 05-2799, 2005 WL 2249902 (N.D. Cal. 2005) ........ 10, 11

*Duncan v. Stuetzle* 76 F.3d 1480 (9th Cir. 1996 ........ 8

*Ford v. New United Motors Mfg. Inc.* 857 F.Supp. 707 (N.D. Cal. 1994) ........ 10

*Garcia-Pardini v. Metropolitan Life. Ins. Co.* No. C01-00088, 2001 WL 590037 (N.D. Cal. 2001) ........ 13, 14

*Gaus v. Miles* 980 F.2d 564 (9th Cir. 1992) ........ 8

*Helmke v. Unum Provident Corp.* No. 01-4018, 2002 WL 90988 (N.D. Cal. 2002) ........ 12

*Hewitt v. City of Stanton* 798 F.2d 1230 (9th Cir. 1986) ........ 8, 9

*Knutson v. Allis-Chalmers Corp.* 358 F.Supp.2d 983 (D. Nev. 2005) ........ 11

*Northern Ill. Gas Co. v. Airco Indus. Gases* 676 F.2d 270 (7th Cir. 1982) ........ 12, 13

*Parrino v. FHP, Inc., et al.* 146 F.3d 699 (9th Cir. 1998) ........ 7

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Table of Authorities
(continued)

Page

*Prize Frize, Inc. v. Matrix, Inc.*
167 F.3d 1261 (9th Cir. 1999) .......... 9

*Roe v. O'Donohue*
38 F.3d 298 (7th Cir. 1994) .......... 11, 12

**Statutes**

28 United States Code
Section 1446 .......... 6, 11

28 United States Code
Section 1653 .......... 13

California Corporate Code
Section 2114 .......... 2, 3

Employee Retirement Income Security Act .......... 2, 5, 7, 12, 13, 14

Federal Rules of Civil Procedure
Section 12 .......... 7

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

## I.

## INTRODUCTION

Defendants The Prudential Insurance Company of America ("Prudential") and The H.F. Ahmanson & Company Long Term Disability Plan (the "Plan") (collectively, Prudential and the Plan are referred to as "Defendants") oppose plaintiff Elizabeth E. Edwards' motion to remand on the grounds both Prudential and the Plan removed this action to this court.

Edwards' sole argument in support of remand fails and is best described as "hypertechnical" procedural form over substance. Edwards erroneously contends this case should be remanded to state court because Defendants' Notice of Removal contains a single allegation that on "information and belief," the Plan joined the removal. Edwards is wrong. The Plan, a nominal party in any event, joined in the removal. Edwards' motion distorts the record and requires a hyper-selective, strained reading of Defendants' Notice of Removal. Neither the facts, nor the law support Edwards' position.

Defendants' Notice of Removal indicates that both defendants – Prudential and the Plan – removed Edwards' action to this court. The Notice of Removal states:

> **PLEASE TAKE NOTICE that Defendant The Prudential Insurance Company of America ("Prudential") and Defendant The H.F. Ahmanson & Company Long Term Disability Plan ("H.F. Ahmanson") (Prudential and H.F. Ahmanson are collectively referred to as "Defendants") hereby remove the above-captioned state court action to this Court.**

Further, the Plan was not served with Edwards' complaint. The supporting evidence, submitted with Defendants' opposition to Edwards' motion, proves Edwards failed to serve the Plan. Thus, Edwards' procedural argument about the Plan's joinder is moot.

Based on the defective service issue, Defendants' counsel met and conferred with Edwards' counsel to determine whether Edwards would withdraw her motion. Edwards' counsel indicated regardless of the facts and circumstances of service, they would move forward with the motion to remand.

///

///

///

## II.

## FACTUAL SUMMARY

Edwards originally filed an ERISA action against Defendants in San Francisco Superior Court on October 11, 2007. There is no dispute that Edwards' case is subject to federal question jurisdiction under ERISA. (Edwards' Motion to Remand, 2:17-18.)

On November 14, 2007, both Prudential and the Plan removed Edwards' action to this court. Defendants' notice of removal specifies Prudential <u>and</u> the Plan removed the action.

Edwards mistakenly contends she served the Plan on October 15, 2007 with the summons and complaint. Not so. The H.F. Ahmanson Long Term Disability Plan does not exist as a California corporate entity subject to service. (Request for Judicial Notice ("RFJN"), Exhibit 1 [H.F. Ahmanson & Company Certificate of Surrender of Right to Transact Intrastate Business in California].) Further, Edwards' attempt to serve, not the Plan, but H.F. Ahmanson & Company ("H.F. Ahmanson") was defective.

In 1998, Washington Mutual, Inc. acquired H.F. Ahmanson & Company. (RFJN, Exhibit 2 [S.E.C. selected filings for H.F. Ahmanson & Co.].) On April 29, 2005, H.F. Ahmanson surrendered its right to conduct instrastate business in California and ceased as a corporate entity. (RFJN, Exhibit 1.) On filing its corporate surrender, H.F. Ahmanson's designated agent for service of process was "automatically revoked." (RFJN, Exhibit 1; Declaration of Amy Shultz ("Shultz Decl.") Exhibit B [California Secretary of State California business portal webpage listing for H.F. Ahmanson].) See, California Corporate Code § 2114(b).

Despite H.F. Ahmanson's publicly available corporate information, Edwards attempted to serve process on the Plan by personal service on H.F. Ahmanson's successor in interest, Washington Mutual. Edwards' attempt failed. The Plan did not authorize Corporation Service Company, which does business in California as CSC – Lawyers Incorporating Service ("CSC") to accept service of process. Even assuming, but not conceding, H.F. Ahmanson could accept service on behalf of the Plan, when H.F. Ahmanson surrendered its right to conduct business in California, its designated agent for service of process was "automatically revoked." (Shultz Decl., ¶ 5.) *See* California Corporate Code § 2114(b). CSC's registered office address in

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

California is 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833. In October 2007, Becky Degeorge was employed by CSC as a receptionist in the Sacramento office. (Shultz Decl., at ¶ 6-7.) CSC's customary business practice, which is strictly adhered to, for receipt of personal service of process is as follows: on the day process is delivered to the process server, the receipt of service is logged into CSC's Litigation Management System, which is a centralized database developed and used by CSC to capture essential information about each service of process. (*Id.*, at ¶ 8.) On receipt of service, if CSC is unable to find the company name that service is being attempted in its records' database, CSC contacts the appropriate state agency to determine the registered agent listed for the company. If neither the appropriate state agency, nor CSC's records contain a listing for the company being served, CSC contacts the company(ies) in its record database, if any, that closely resemble the entity name served for instruction on whether CSC has authority to accept the service of process. (*Id.*, at ¶ 11.)

### A. CSC Did Not Follow Its Customary Business Practice For Receipt Of Process And It Did Not Have Authority To Accept Edwards' Service Of Process On The Plan.

On October 15, 2007, CSC received by personal service at its California registered office in Sacramento, the following documents addressed to The H.F. Ahmanson & Company Long Term Disability Plan:

> Summons and Complaint for Recovery of Employee Benefits, Breach of Fiduciary Duty, Equitable Relief, and Failure to Produce Documents; Civil Case Cover Sheet; Mediation Services Procedures; Alternative Dispute Resolution (ADR) Information Package; Case Management Statement; Judicial Mediation Program instructions; Notice to Plaintiff; The New York Times article titled: "Biggest S.& L.'s in Merger Deal of $9.9 Billion"; and Washington Mutual, Inc. Acquisition History, according to our records.

(Shultz Decl., at ¶ 9.)

CSC has no history of a listing in its records' database for "The H F Ahmanson & Company Long Term Disability Plan in the State of California." (*Id.*, at ¶ 10.)

According to CSC's records, CSC is not now, nor was it at any time relevant to this action, the registered agent for service of process on behalf of The H F Ahmanson & Company Long Term Disability Plan. (*Id.*, at ¶ 12.) CSC neither contacted H.F. Ahmanson & Company, nor its successor, Washington Mutual, regarding authorization to accept service of Edwards'

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

state court action and the documents delivered to CSC on October 15, 2007. (*Id.*, at ¶ 13, Declaration of Elizabeth A. Proctor ("Proctor Decl."), ¶ 7.) In fact, CSC was not authorized by H.F. Ahmanson & Company to receive service of process for The H.F. Ahmanson & Company Long Term Disability Plan, according to its records. (Shultz Decl., ¶ 14.)

**B. Edwards' Attempt To Serve The Plan By Serving H.F. Ahmanson's Successor In Interest, Washington Mutual, Was Invalid.**

On December 5, 2007, Elizabeth A. Proctor, a paralegal and assistant secretary with Washington Mutual Bank ("WaMu") received a telephone call from Theresa Marchlewski, WaMu First Vice President and Assistant General Counsel, asking why CSC would attempt to accept service of process for the Plan. Proctor received via email a copy of the Proof of Service of Summons showing Edwards' attempt to serve the Summons and Complaint (and other documents), in *Edwards v. The Prudential Ins. Co. of America,* San Francisco Superior Court Case No. CGC-07-468084, on H.F. Ahmanson & Company Long Term Disability Plan/Washington Mutual via personal service on Becky Degeorge, Process Specialist, 2730 Gateway Oaks Drive, Suite 100, Sacramento CA 95833. (Proctor Decl., ¶ 4.)

Proctor contacted CSC to investigate Edwards' attempt to serve H.F. Ahmanson & Company Long Term Disability Plan/Washington Mutual. On December 5, 2007, Proctor spoke with Pam Trujillo in CSC's Service of Process Department. Proctor gave Trujillo the CSC transmittal number and asked if CSC's records indicate whether CSC called WaMu prior to CSC's attempt to accept process for The H.F. Ahmanson &Company Long Term Disability Plan/Washington Mutual. Trujillo said, "no, the service had been improperly accepted contrary to procedure and that she would speak to the processor." (Proctor Decl., ¶ 7.)

On December 5, 2007, Proctor contacted WaMu's subpoena intake group and confirmed that CSC did not call WaMu's subpoena intake group for authorization to accept Edwards' service attempt on H.F. Ahmanson & Company Long Term Disability Plan/Washington Mutual. (Proctor Decl., ¶ 6.) CSC improperly attempted to accept the service on The H.F. Ahmanson & Company Long Term Disability Plan/Washington Mutual when it had no authority to do so. (Shultz Decl., ¶ 14; Proctor Decl., ¶ 9.)

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

The facts are that both Prudential and the Plan, a nominal defendant, removed Edwards' ERISA action to this court. Prudential and the Plan complied with the removal statute. In any event, Edwards' failed to serve the Plan. Edwards' motion to remand must be denied.

## III.

## ARGUMENT AND AUTHORITY

Prudential and the Plan properly removed Edwards' ERISA action to this court. Edwards agrees this court has jurisdiction under ERISA in the first instance. ERISA completely preempts Edwards' claims. This is the proper court for adjudication of Edwards' action.

Edwards contends Defendants' removal was procedurally improper based on a single allegation in Defendants' removal notice that the Plan, on information and belief, joined the removal. Edwards' flimsy position is contrary to the plain reading of Defendants' Notice of Removal and the law.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

### A. The Notice Of Removal Specifies That Prudential And The Plan Removed Edwards' Action To Federal Court.

Defendants' Notice of Removal indicates Prudential and the Plan removed the action to federal court. Edwards' attempt to selectively read the removal papers is hypertechnical and fails to carry the day. The Notice of Removal's notice provision states at the outset:

> PLEASE TAKE NOTICE that Defendant The Prudential Insurance Company of America ("Prudential") and Defendant The H.F. Ahmanson & Company Long Term Disability Plan ("H.F. Ahmanson") (Prudential and H.F. Ahmanson are collectively referred to as "Defendants") hereby remove the above-captioned state court action to this Court.

(Defendants' Notice of Removal, 1:19-22.)

The Notice of Removal caption identifies Prudential and the Plan as "Defendants." The caption also indicates Gordon & Rees are attorneys for Prudential and the Plan. The Notice of Removal collectively refers to Prudential and the Plan as "Defendants." (Defendants' Notice of Removal, 1:21.) The Notice states Defendants may remove to the appropriate district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." (Defendants' Notice of Removal, 4:15-16.) Both Defendants prayed for Edwards' action be removed to this court. (Defendants' Notice of Removal, 5:4-6.)

The allegation challenged by Edwards, which forms the basis of her motion is set forth in the Notice of Removal, paragraph 4:

> 4. Defendant Prudential is one of two named Defendants in this action. Prudential is informed and believes all named Defendants have been served with the Complaint. Prudential is informed and believes Defendant H.F. Ahmanson joins Prudential in the removal of the Complaint filed in state court to this Court.

(Defendants' Notice of Removal, 2:7-10.)

It is clear from Defendants' Notice of Removal that Prudential and the Plan removed Edwards' state court action to this court. *See Beatie and Osborn LLP v. Patriot Scientific Corp*, 431 F.Supp.2d 367, 382-385 (S.D.N.Y.2006) [notice of removal showed all defendants unambiguously joined in notice of removal, given that, in its caption, notice identified all three defendants and that, at two points in the notice, signing attorney identified himself, his law firm, and his co-counsel firm as defendants' attorneys, thereby indicating that attorney was signing the notice for all three defendants]. Defendants complied with the removal statute (28 U.S.C. § 1446(b)), which does not specifically require all defendants to join the removal or consent to removal.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Moreover, Ninth Circuit authority supports Defendants' contention that, even assuming a defect in the removal procedure, which Defendants do not concede, removal was proper.

**B. Defendants' Removal Complied With The Removal Statute And Ninth Circuit Law.**

The federal removal statute provides notice of removal must be "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b). The statute does not specifically require all defendants join the removal or consent to removal. Rather, courts have interpreted the statute as requiring all defendants consent to removal. This is known as the "unanimity rule." Defendants complied with this rule.

Edwards erroneously contends the Plan did not properly join in the removal. Tellingly absent from Edwards' string cite of authorities from the Ninth Circuit and beyond, is any

mention of the Ninth Circuit's decision in *Parrino v. FHP, Inc., et al.*, 146 F.3d 699 (9th Cir. 1998).

In *Parrino*, plaintiff Parrino subscribed to an HMO plan administered by FHP, Inc. and secured by his employer, Parrino Trucking Co. Friendly Hills acted as the plan's primary health care provider. Parrino was diagnosed with a brain tumor. Parrino filed suit in state court against FHP and Friendly Hills, alleging improper claim denial. FHP and Friendly Hills removed the action to federal court based on ERISA preemption. The district court denied Parrino's motion to remand, and dismissed his claims pursuant to FRCP 12(b)(6).

On appeal to the Ninth Circuit, Parrino contended removal was improper because of procedural defects. Parrino argued the procedural requirements for removal were not satisfied because Friendly Hills did not join FHP's removal notice until nearly two months after service of Parrino's complaint. The Ninth Circuit Court of Appeals rejected Parrino's argument and relied on the United States Supreme Court's holding in *Caterpillar, Inc. v. Lewis,* 519 U.S. 61 (1996) that "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." *Parrino, supra,* 146 F.3d at 703. In reaching its conclusion, the *Parrino* Court of Appeals stated "[b]ecause Friendly Hills' initial failure to join in the notice of removal was cured when Friendly Hills later joined in the notice, remand on procedural grounds would be an empty formality."

Here, both Prudential and the Plan removed Edwards' ERISA action to federal court. Notwithstanding the fact Edwards did not serve the Plan, the Plan can simply cure the alleged procedural defect asserted by Edwards and formally join the removal. This course seems unnecessary under the circumstances, where the Plan is only a nominal defendant and it did join the removal as set forth in Defendants' Notice of Removal. Remanding this case on procedural grounds, where none truly exist, "would be an empty formality" and Edwards' motion should be denied.

**C. Edwards' String Of Scattershot Authorities Does Not Support Her Motion To Remand, And In Fact, Support Removal.**

The authorities Edwards cites in her motion to remand are inapposite, do not stand for

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Edwards' points and do not support remand.

Edwards blithely cites *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) and *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir. 1988) for the point that "courts reject removal attempts if any of the requirements of the removal statute have not been satisfied." *Duncan* rejected removal based on a failure to properly show federal jurisdiction under federal trademark law. *Duncan, supra,* 76 F.3d at 1485-1486. In *Boggs,* the Ninth Circuit Court of Appeals, decided on appeal from the Montana district court, simply stated, *in dicta*, the removal statute is strictly construed. *Boggs, supra,* 863 F.2d at 663.

In her motion, Edwards correctly quotes *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction *must be rejected* if there is any doubt as to the right of removal in the first instance." (Edwards' Motion to Remand, 4:19-20 [Edwards' emphasis].) But, what is the application of *Gaus* here? None. *Gaus* concerned sufficiency of asserting amount in controversy for diversity jurisdiction. Neither that issue, nor the right of removal in the first instance is present here. In fact, Edwards admits, as she must, that federal question jurisdiction is appropriate in the first instance. (Edwards' Motion to Remand, 2:17-18.)

Edwards next contends in multi-defendant cases, all co-defendants of the removing party must join or consent to the party's removal to federal court - the rule of unanimity. Defendants agree; Prudential and the Plan removed the action. To support the lack of unanimity argument, Edwards mistakenly relies on *Hewitt v. City of Stanton,* 798 F.2d 1230 (9th Cir. 1986). In *Hewitt*, the plaintiff filed a civil rights and wrongful death action against a former police officer and the city employer. Plaintiff failed to join the city in the removal petition contending the city was a nominal defendant. The district court rejected plaintiff's petition for failure to join the city. Plaintiff filed a second petition and again failed to join the city on the grounds it was a nominal defendant. The Court of Appeals held this argument was frivolous because the city could be held liable even if the police officer was protected from liability by qualified immunity.

Even assuming, but not conceding, the Plan did not adequately join the removal, the facts in *Hewitt* are unlike those here where the Plan is a nominal defendant. *Hewitt* states, "[a]ll defendants must join in a removal petition with the exception of nominal parties." *Hewitt, supra,*

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

798 F.2d at 1232. Edwards' claims, if any, are against Prudential, not the Plan and its issuing company (H.F. Ahmanson) which surrendered corporate existence, and ceased doing business, in California.

Edwards cites *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261 (9th Cir. 1999) for the blanket proposition that unless the unanimity rule is met, the notice of removal is procedurally defective on its face, requiring remand. Edwards misstates the law and distorts the holding of *Prize Frize* and the court's treatment of the unanimity rule.

*Prize Frize* actually supports the finding Prudential and the Plan properly removed this action. In that case, the notice of removal plainly stated on its face not all defendants had joined in the removal. The explanation for failure to comply with the unanimity requirement was certain defendants "have been informed and believe that *many* of the other defendants named in the [] complaint [] have not been properly served in this matter." The court held because the words "many" and "all" are not synonymous, the notice was facially deficient for failing to explain why *all* non-joining defendants had not consented. The court did not reject the removal notice on the grounds that assertions made on "information and belief" are invalid. In fact, the court approved such assertions in reaching its conclusion. *Prize Frize, supra,* 167 F.3d at 1266-1267.

Edwards' argument all Defendants did not affirmatively join the removal is false. Ignoring the plain and immediate notice language in Defendants' Notice of Removal – which states Prudential and the Plan removed Edwards' action, the Notice's caption, Defendants' identification and prayer for removal – Edwards focuses on the sole allegation in Defendants' Notice of Removal that the Plan joined the removal based on "information and belief." (Edwards' Motion to Remand, 5:6-7.) As discussed above, Edwards' argument fails.

Edwards posits that district courts in the Ninth Circuit "have consistently held that in order to satisfy *Prize Frize's* unanimity requirement, co-defendants themselves must affirmatively indicate to the court their joinder or consent to a defendant's removal." (Edwards' Motion to Remand, 5:8-11.) Edwards' motion then lists a string of unexplained, scattershot authorities to support her point. None do. In fact, the authorities support removal, not remand.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Edwards' first shot is *Ford v. New United Motors Mfg. Inc.*, 857 F.Supp. 707 (N.D. Cal. 1994). In that case, the issue was whether the thirty-day period for removal of a case involving multiple defendants is determined by the date on which service was effected on the first-served defendant. The district court in *Ford* concluded it does not. Further, the court rejected the plaintiff's harsh advocation of the unanimity rule. The district court explained the rule as simply the requirement that in actions involving multiple defendants, all defendants must consent to the removal. The district court noted the unanimity rule "derives from the Supreme Court's decision in *Chicago, Rock Island, & Pac. Ry. Corp. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900). In *Martin,* the Supreme Court explained that if all defendants did not join in a removal, the plaintiff would be forced to divide his or her suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint." *Ford, supra,* 857 F.Supp. at 709-710.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Edwards next mistakenly relies on *Dubon v. HSBC Bank Nevada*, No. 05-2799, 2005 WL 2249902 (N.D. Cal. 2005). In *Dubon*, the issue was what constitutes proper evidence of consent to remove an action to federal court. The party seeking removal, Trans Union, argued the Ninth Circuit has not specifically ruled on the precise form a co-defendant's consent to removal should assume. It contended its notice of removal complied with the unanimity rule because it attested to the consent or non-opposition to removal by all defendants, by asserting "[they] have ... indicated they will not oppose the removal of this action."

The district court in *Dubon* found the Ninth Circuit had not yet addressed the question of the precise form a co-defendant's consent to join in removal must assume. The district court noted Trans Union obtained timely written consent to removal from one defendant who filed a consent to removal, but did not obtain similar consent from the remaining two defendants. Thus, the district court found Trans Union's removal notice procedurally defective.

*Dubon* is distinguishable. Here, Prudential and the Plan affirmatively joined in the Notice of Removal.

Edwards' motion also includes, among its string cite of out of state authorities, *Knutson v. Allis-Chalmers Corp.*, 358 F.Supp.2d 983 (D. Nev. 2005) and a parenthetical quote stating the

unanimity rule. (Edwards' Motion to Remand, 5:15-16.) This Nevada district court decision did not address issues and factual circumstances present in the instant case. In fact, Edwards truncates the rule as stated by the Nevada district court, which included the applicable exceptions, assuming *arguendo,* the Plan did not properly join removal. *Knutson* states, "[t]he rule, as expressed by Ninth Circuit courts, is that all defendants who are *properly joined and served* in the action must join in the removal or consent to it in writing, *with the exception of* defendants who are fraudulently joined or who are *nominal defendants*. *Id.*, at 991 (emphasis added).

Edwards' motion also cites another out of state case, without explanation, *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir. 1994) with a twisted parenthetical explanation: "notice of removal stating that co-defendants did not object to the removal did not satisfy 28 U.S.C. § 1446(b)." (Edwards' Motion to Remand, 5:17-19.) The Seventh Circuit Court of Appeals in *Roe* noted the removal notice, which stated "[a]ll other defendants who have been served with summons in this action have stated that they do not object to the removal of this action to federal court." *Roe* states, in dicta, "[u]nder ordinary standards, this is deficient. A petition for removal fails unless all defendants join it." *Roe, supra,* 38 F.3d at 301. *Roe* is neither controlling, nor persuasive in any event, because Prudential and the Plan removed Edwards' action to federal court.

Edwards' motion then mistakenly relies on a Maryland district court decision. *Anne Arundel County, Md. v. United Pacific Ins. Co.*, 905 F.Supp. 277 (D. Md. 1995) for the point that the court "ordered remand under identical circumstances as the present case." (Edwards' Motion to Remand, 5:23-25.) Not true. The case is of no help to Edwards' position despite the fact it is a Maryland district court decision. In *Anne Arundel County, Md.*, the court addressed one defendant's silence on intent to remove and timeliness. The silent defendant did not file any notice joining in or consenting to the removal petition, or submit any written documentation to the court of its intent to join. The court found removal defective based on untimeliness and lack of unanimity. The petitioning defendant attempted to avoid this result by stating "upon information and belief GPI does not object to this Petition for Removal." The Maryland district

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

court, relying on *Roe, supra,* and district court decisions from the Fourth Circuit, found this statement of non objection to removal insufficient. *Anne Arundel County, Md.*, *supra,* 905 F.Supp. at 279.

Edwards then mistakenly relies on *Helmke v. Unum Provident Corp.*, No. 01-4018, 2002 WL 90988 (N.D. Cal. 2002) in an attempt to invalidate allegations based on "information and belief" concerning service of process. (Edwards' Motion to Remand, 6:1-7.) In *Helmke,* plaintiff filed an ERISA disability action against the insurer, Unum, and the plan. Unum removed the action, but the Plan did not join in or consent to Unum's removal. Plaintiff argued for remand because Unum's notice of removal was defective in that the plan did not join in or consent to the removal. The district court noted the unanimity rule, but indicated it does not apply where the non-joining defendant had not been served at the time the notice of removal was filed.

The *Helmke* district court held Unum neither satisfied the unanimity requirement, nor adequately explained the plan's absence from the notice of removal. Unum's notice stated Unum is informed and believes no other defendants have been served. The court noted the plan had been properly served, proof of service had been filed, and Unum could have discovered these facts with a reasonable investigation before filing its notice of removal. In the instant case, both Prudential and the Plan removed and, in any event, the Plan was never served.

In support of her contention Defendants' Notice of Removal is "facially deficient," Edwards misplaces reliance on *Northern Ill. Gas Co. v. Airco Indus. Gases,* 676 F.2d 270 (7th Cir. 1982). This case supports Defendants' point that Edwards' challenge to removal is hypertechnical and wrong. In that case, a dispute arose between plaintiff Airco and defendant NI-Gas over the arbitratibility of a claim for breach of contract. Airco filed a demand for arbitration with AAA, but NI-Gas refused to appoint an arbitrator. The AAA advised NI-Gas it would appoint an arbitrator if NI-Gas did not appoint one. NI-Gas filed a state court action seeking a declaration the dispute was not subject to arbitration, naming Airco and AAA. Airco filed a unilateral petition for removal, that AAA did not join or consent to, and which did not attempt to explain the reason for the AAA's lack of joinder or consent. NI-Gas moved to remand

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

arguing the removal petition was defective because AAA had not joined in the petition and the petition did not explain the reason for the AAA's absence. Airco filed an "amended petition" for removal which contained a statement AAA had not joined in the petition because "it is a nominal party and its joinder is not necessary for removal." NI-Gas argued the amended petition was untimely. The district court denied the remand motion on the grounds AAA was a nominal party.

The Seventh Circuit Court of Appeals noted the general rule of unanimity, but also indicated nominal parties, however, are disregarded for removal purposes and need not join in the petition. The Court of Appeals recognized the amended petition cured the failure to explain AAA's lack of joinder or consent. In analyzing the timeliness of the amended petition, the Court of Appeals noted even after the thirty days have elapsed, amendments to correct "defective allegations of jurisdiction" are permitted under 28 U.S.C. § 1653. *Northern Ill. Gas Co., supra,* 676 F.2d at 273, citing, for example, *Barrow Development Co. v. Fulton Insurance Co.*, 418 F.2d 316, 317 (9th Cir. 1969). In reaching its conclusion, the Court of Appeals observed "that NI-Gas' objection to the removal petition is a hypertechnical one and "'(t)o be observant of these restrictions is not to indulge in formalism or sterile technicality....' " *Northern Ill. Gas Co., supra,* 676 F.2d at 274, fn. 2; citing among other authorities, *Barrow Development Co., supra,* 418 F.2d at 318 (other citations omitted).

Here, the facts are different. However, the "hypertechnical" label used by the court in *Northern Ill. Gas Co.* applies to Edwards' objection to Defendants' Notice of Removal. In reality, in substance and in form, Prudential and the Plan removed Edwards' action.

Edwards contends Prudential failed to explain the Plan's absence from the Notice of Removal. Since the Plan, along with Prudential, removed the action, Edwards' argument is moot. To support her point, Edwards cites *Garcia-Pardini v. Metropolitan Life. Ins. Co.*, No. C01-00088, 2001 WL 590037 (N.D. Cal. 2001). In that case, plaintiff filed an ERISA disability action in state court against insurer MetLife and the plan. MetLife filed a petition for removal to federal court. Plaintiff moved to remand arguing MetLife's notice of removal was defective because all defendants did not properly join in the petition. Plaintiff also argued

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

MetLife failed to affirmatively explain the absence of the plan in its notice of removal. MetLife contended no other defendants needed to join in its petition because MetLife was the only properly served defendant. The court found MetLife's notice of removal procedurally defective for failure to explain the plan's absence in its notice of removal. *Id.*, at *1.

Here, the instant case is distinguishable from *Garcia-Pardini*, because Prudential and the Plan removed Edwards' action to this court, as set forth in Defendants' Notice of Removal.

**IV.**

**CONCLUSION**

Edwards' motion to remand is based on a procedural hypertechnicality which does not exist. Edwards' motion must be denied because Prudential and the Plan removed her ERISA action to this court. Defendants' Notice of Removal indicates both Defendants sought removal. As explained in this opposition, the law supports Defendants' position, not Edwards. Lastly, even assuming, but not conceding, procedural defects, the Plan was not properly served with the complaint, so any argument regarding failure to join is moot.

DATED: December 13th, 2007

GORDON & REES LLP

By_______________________
Ronald K. Alberts
Tad A. Devlin
Attorneys for Defendants
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and THE H.F. AHMANSON & COMPANY LONG TERM DISABILITY PLAN

5241685wp

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071