1  RONALD K. ALBERTS (SBN 100017)
   TAD A. DEVLIN (SBN 190355)
2  GORDON & REES LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Telephone:    (415) 986-5900
4  Facsimile:    (415) 986-8054

5  Attorneys for Defendants
   THE PRUDENTIAL INSURANCE
6  COMPANY OF AMERICA and THE H.F.
   AHMANSON & COMPANY LONG TERM
7  DISABILITY PLAN

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 ELIZABETH E. EDWARDS,                  CASE NO. 3:07-CV-5807 (VRW)

12                                        **DEFENDANTS THE PRUDENTIAL
                        Plaintiff,        INSURANCE COMPANY OF AMERICA
13                                        AND THE H.F. AHMANSON &
          v.                             COMPANY'S REPLY TO PLAINTIFF'S
14                                        OPPOSITION TO DEFENDANTS'
                                          MOTION TO DISMISS**
15 THE PRUDENTIAL INSURANCE
   COMPANY OF AMERICA; THE H.F.           Date:      January 3, 2008
16 AHMANSON & COMPANY LONG TERM           Time:      2:30 p.m.
   DISABILITY PLAN; and DOES 1 through 20, Location:  Courtroom 6, 17th Floor
17 INCLUSIVE,                             Before:    Hon. Vaughn R. Walker

18                      Defendants.

19

20

21

22

23

24

25

26

27

28

PRU/1047840/5265532v.1

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................1

II.  FACTUAL SUMMARY .........................................................................2

III. ARGUMENT AND AUTHORITY .........................................................3

    A.   Edwards Has An Adequate Remedy Under ERISA For Recovery Of Employee Disability Benefits.  Edwards' Claims For Breach Of Fiduciary Duty And Equitable Relief Are Improper........................................................4

        1.   Not One Case Cited By Edwards Supports Her Claims For Breach Of Fiduciary Duty And Equitable Relief. ......................................6

        2.   Edwards Is Not Entitled To Monetary Relief Against Defendants Beyond That Provided For Under ERISA. ...................................7

    B.   Prudential Is Neither The Plan Sponsor, Nor Administrator And Cannot Be Assessed Civil Penalties For Alleged Failure To Produce Documents.............8

    C.   Jury Trials Are Not Provided Under ERISA And Edwards' Request Should Be Denied. ..................................................................................9

IV.  CONCLUSION........................................................................................9

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS                    CASE NO. 3:07-CV-5807 (VRW)

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Borst v. Chevron Corp.*
   36 F.3d 1308 (5th Cir. 1994) ........................................................................... 2

*Cinelli v. Sec. Pac. Corp.*
   61 F.3d 1437 (9th Cir. 1995) ........................................................................... 5

*Ehrman v. Standard Ins. Co.*
   2007 WL 1288465 (May 2, 2007 N.D. Cal.) .............................................. 4, 5

*Finkelstein v. The Guardian Life Ins. Co. of America*
   2007 WL 4287329 (Dec. 5, 2007 N.D. Cal.) ............................................. 4, 5

*Great-West Life & Annuity Ins. Co. v. Knudson*
   534 U.S. 204 (2002) ...................................................................................... 7, 9

*Hangarter v. Provident Life & Acc. Ins. Co.*
   373 F.3d 998 (9th Cir. 2004) ........................................................................... 3

*Korotynska v. Metropolitan Life Ins. Co.*
   474 F.3d 101 (4th Cir. 2006) ........................................................................... 6

*Moore v. American United Life Ins. Co.*
   150 Cal.App.3d 610 (1984) .............................................................................. 3

*Moran v. Aetna Life Ins. Co.*
   872 F.2d 296 (9th Cir. 1989) ........................................................................ 2, 8

*Newman v. Standard Ins. Co.*
   997 F.Supp. 1276 (C.D. Cal. 1998) ................................................................. 7

*Pilot Life Ins. Co. v. Dedeaux*
   481 U.S. 41 (1987) ........................................................................................... 7

*Spinelli v. Gaughan*
   12 F.3d 853 (9th Cir. 1993) ............................................................................. 2

*Taft v. Equitable Life Assur. Soc'y*
   9 F.3d 1469 (9th Cir. 1994) ............................................................................. 7

*Thomas v. Oregon Fruit Products Co.*
   228 F.3d 991 (9th Cir. 2000) ........................................................................... 2

*Varity Corp. v. Howe*
   516 U.S. 489 (1996) ......................................................................................... 5

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS                                    CASE NO. 3:07-CV-5807 (VRW)

**TABLE OF AUTHORITIES**
(continued)

Page

**Statutes**

29 U.S.C. § 1002(16)(A)..................................................................... 8

29 U.S.C. § 1058.............................................................................. 8

ERISA § 208................................................................................... 8

ERISA § 3(16)(A)............................................................................ 8

**Other Authorities**

*Schwarzer, et al.*, Cal. Prac. Guide, Cal. Fed. Civ. Proc. Before Trial
  (The Rutter Guide 2007), § 16:45 .................................................... 2

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS                                    CASE NO. 3:07-CV-5807 (VRW)

## I.    INTRODUCTION

Defendants The Prudential Insurance Company of America ("Prudential") and The H.F. Ahmanson & Company Long Term Disability Plan (the "Plan") (collectively, Prudential and the Plan are referred to as "Defendants") submit this reply brief in support of their motion to dismiss plaintiff Elizabeth E. Edwards' ("Edwards" or "Plaintiff") Second Cause of Action for Breach of Fiduciary Duty, Third Cause of Action for Equitable Relief and Fourth Cause of Action for Failure to Produce Documents. Defendants also seek an order denying Edwards' improper request for a jury trial, which is not provided for under ERISA.

Edwards' opposition fails to respond to Defendants' motion to dismiss and its legal points and authorities. Instead, Edwards' opposition spits out a litany of inapposite cases concerning ERISA fiduciaries/trustees that stole money from employee pension plans and/or made bogus financial transactions diminishing plan assets, resulting in actions initiated or joined by the Secretary of Labor and/or employee beneficiaries against plan fiduciaries/trustees for breach of fiduciary duty and equitable relief. These cases have no application whatsoever to this case.

Edwards has a simple individual claim against Defendants for recovery of LTD benefits. That is it. After 8 years of paying her disability benefits, Defendants terminated her benefits finding she could return to work in some capacity within her restrictions. Her benefits claim does not warrant the inappropriate and outrageous remedies she seeks - Plan fiduciary removal, permanent injunctive relief and "make-whole" financial recovery. Edwards does not represent the Plan or seek benefits on behalf of the Plan as a whole. She is not entitled to anything beyond recovery of benefits, if that. Edwards' opposition reveals her attempt to spin an individual disability benefits claim into a purely speculative action purportedly on behalf of the entire Plan[1]– "*Plaintiff believes that the evidence will show* Prudential has and continues to commit

---

[1] Edwards' opposition is duplicitous and internally inconsistent in claiming relief against Defendants. For her breach of fiduciary duty claim under ERISA § 502(a)(2), Edwards allegedly, and speculatively, seeks relief on behalf of the entire plan based on Defendants' denial of her LTD benefits. For her claim for equitable relief under ERISA § 502(a)(3), Edwards seeks relief individually. (Edwards' Opposition, 10:19-22.) Edwards champions whatever argument will float her claims. None does the trick.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1    numerous ERISA violations, not only with respect to Plaintiff's claim, but in accordance with its

2    Plan-wide claims handling procedures." (Edwards' Opposition, 9:8-10 [emphasis added].)  Even

3    *if* Edwards' fanciful theory was valid, which Defendants vehemently deny, her allegations do not

4    concern Plan theft, shoddy financial transactions causing the Plan monetary losses, self-dealing

5    by Plan trustees or anything remotely close.  Her claim is for LTD benefits, plain and simple.

6          None of the cases Edwards cites support the relief she prays here.  Further, none of her

7    authorities involved an ERISA disability plan's denial of LTD claim benefits.  Further

8    evidencing her attempt to create something out of nothing, Edwards asks for judicial notice of an

9    amicus brief filed in a *different* case.  Defendants filed, with this reply, a written objection and

10   motion to strike the amicus brief from this court's consideration in deciding Defendants' motion.

11         Defendants' motion to dismiss should be granted in total.

## II.     FACTUAL SUMMARY

13         Edwards improperly asserts ERISA claims based solely on Defendants' denial of LTD

14   benefits.  Edwards has an adequate remedy for this alleged wrong in her First Cause of Action

15   for Recovery of Employee Benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

16   Edwards' Second and Third Causes of Action necessarily "relate to" the Plan and seek extreme

17   remedies reserved, if at all, for the Plan, not individual beneficiaries pursuing benefit recovery.

18         Edwards' Fourth Cause of Action for Failure to Produce Documents also fails.

19   Prudential is not subject to civil penalties as it was neither the plan administrator, nor sponsor.

20   See *Moran v. Aetna Life Ins. Co.,* 872 F.2d 296, 298-299 (9th Cir. 1989).  Edwards' opposition

21   completely ignores the law and the express language of the Plan documents, which identify The

22   H.F. Ahmanson & Company as the administrator and sponsor.

23         Lastly, Edwards requests a jury trial, which is not provided for under ERISA.  See

24   *Schwarzer, et al.*, Cal. Prac. Guide, Cal. Fed. Civ. Proc. Before Trial (The Rutter Guide 2007),

25   § 16:45; *Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991, 996 (9th Cir. 2000); *Borst v.*

26   *Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994); *Spinelli v. Gaughan*, 12 F.3d 853, 857-858

27   (9th Cir. 1993).  Edwards' thin argument to the contrary is without basis and unsupported by

28   statute or case law.

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS                                    CASE NO. 3:07-CV-5807 (VRW)

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

### III.    ARGUMENT AND AUTHORITY

At most, Edwards has an individual ERISA claim for recovery of LTD benefits. Defendants' motion to dismiss does not challenge this claim. Rather, Defendants' motion properly seeks dismissal of Edwards' claims for breach of fiduciary duty, equitable relief and civil penalties against Prudential. Defendants also seek an order denying Edwards' request for a jury trial.

Edwards' only 'response' to Defendants' contention she has adequate relief under ERISA, is purely speculative, conclusory allegations regarding Prudential's claims handling of other Plan beneficiaries. Edwards lacks standing to bring her claims and there is absolutely no evidence, as she admits in her opposition (to wit: *Plaintiff believes that the evidence will show*), to support her theory. Edwards blithely asserts "Prudential has a pattern and practice of denying legitimate claims in order to boost profits[,] [by] misinterpret[ing] policy terms, ignor[ing] claimants' realistic job prospects and ignore[ing] the specific duties of supposed gainful occupations." (Edwards' Opposition, 12:14-17.)

Based on pure speculation and without standing, statutory or case law authority, Edwards seeks this court's judicial activism to act where Congress has not. Aside from the lack of legal support, there is no rational basis for the extreme remedies Edwards seeks, i.e., removal of Plan fiduciary, permanent injunctive relief prohibiting Prudential from denying disability benefits without compliance with Edwards' definition of "total disability[2]," and "make-whole" monetary relief against Prudential – even though Prudential did not diminish Plan assets in any way. Edwards' attempt to play fast and loose with the ERISA statute should not be condoned by this

---

[2] Edwards incorrectly seeks an order imposing for all disability claims, not just Edwards', an improper and inapplicable case law definition of "total disability." Edwards is wrong on the facts and the law. Here, the Plan's "nonoccupational" definition of "Total Disability" provides, in pertinent part, "you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience." (Declaration of Edith J. Ewing in Support of Motion to Dismiss ("Ewing Decl."), Exhibit A, The H.F. Ahmanson & Co. LTD Plan Booklet/Certificate, p. 13 [Employee LTD Coverage – **For You Only** (1)(b)].) To this "any" job language for total disability, "courts have assigned a common sense interpretation to the term 'total disability.'" *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1006-1007 (9th Cir. 2004), citing and quoting *Moore v. American United Life Ins. Co.,* 150 Cal.App.3d 610 (1984).

3

1  court. Defendants' motion to dismiss should be granted.

2       **A.**    **Edwards Has An Adequate Remedy Under ERISA For Recovery Of**
           **Employee Disability Benefits. Edwards' Claims For Breach Of Fiduciary**
3             **Duty And Equitable Relief Are Improper.**

4       Edwards lacks standing to bring claims for breach of fiduciary duty and equitable relief

5  against Defendants. Edwards attempts to artfully plead around the fact she solely seeks recovery

6  of her disability benefits. Edwards does not seek recovery for the benefit of the Plan as a whole.

7  Edwards does not seek recovery for other Plan beneficiaries. Edwards is the only plaintiff listed

8  or contemplated (there are no Roe plaintiffs identified) in her complaint. Edwards' opposition

9  brief attempts to create standing where none exists by flip flopping between Edwards' pursuit of

10  her individual claim for benefits and on behalf of the Plan as a whole. (Edwards' Opposition,

11  7:25-26 *cf.* Edwards' Opposition, 10:19-20.) Edwards' effort here is nothing more than an

12  attempt to disguise her benefit claim as a claim on behalf of the entire Plan, seeking outrageous

13  remedies for the same alleged wrongful conduct – denial of Edwards' LTD benefits. See

14  *Finkelstein v. The Guardian Life Ins. Co. of America,* 2007 WL 4287329, * 5 (Dec. 5, 2007 N.D.

15  Cal.); see also *Ehrman v. Standard Ins. Co.,* 2007 WL 1288465 (May 2, 2007 N.D. Cal.)

16  [granting defendants' 12(b)(6) motion to dismiss plaintiff's claim for breach of fiduciary duty

17  where claim was for plaintiff's recovery of benefits, not plan's benefits].

18       Putting aside for a moment the extreme remedies Edwards seeks and the numerous

19  authorities, which in total show the validity of Defendants' motion to dismiss, Edwards attempts

20  to use *Finkelstein and Ehrman* as a life raft to float her claims for breach of fiduciary duty and

21  equitable relief.[3] In *Ehrman*, the complaint had very similar blanket, conclusory allegations that

22  Edwards asserts here - "systematic," "repeated," "willful" violations, asking for the insurer's

23  removal as fiduciary. *Ehrman, supra,* 2007 WL 1288465 at * 2. In *Finkelstein*, the plaintiff

24  alleged "Guardian systematically denies legitimate claims in an attempt to boost profits,

25  unreasonably fails to investigate the basis of their denial of claims and has unreasonably failed to

26  adopt, implement and apply reasonable or proper standards for investigating and processing

27
28     [3] It is worth noting, in both *Finkelstein and Ehrman*, counsel for plaintiffs was the same firm –
Pillsbury & Levinson – representing Edwards in this action.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

4

1    claims." *Finkelstein, supra,* 2007 WL 4287329 at * 4.

2        Edwards' complaint in the instant case has strikingly similar allegations – as though

3    counsel merely cuts and pastes the disability claimant's name into a form complaint – which this

4    court should reject. Edwards asserts "Prudential has a pattern and practice of denying legitimate

5    claims in order to boost profits. In order to further that practice it misinterprets policy terms,

6    ignores claimants' realistic job prospects and ignores the specific duties of supposed gainful

7    occupations." (Edwards' Opposition, 12:14-17.) Such conclusory, speculative allegations tied

8    to Edwards' claim for recovery of benefits cannot survive Defendants' motion to dismiss.

9        This court should act now to stop Edwards' fishing expedition before it gets underway by

10   dismissing Edwards' claim for equitable relief. Edwards lacks standing to pursue the remedies

11   she seeks, which are reserved for ERISA cases involving plan monetary recovery.

12       In *Ehrman* and *Finkelstein,* the United States District Court for the Northern District

13   (Judge Jenkins and Breyer, respectively) dismissed breach of fiduciary duty claims at the

14   pleadings stage, but cautiously permitted plaintiff's claims for equitable relief to survive the

15   pleadings stage and dismissal beyond 12(b)(6). In both cases, the district court forewarned that

16   equitable relief beyond recovery of claims benefits would be unlikely. *Ehrman, supra,* 2007 WL

17   1288465 at * 5; *Finkelstein, supra,* 2007 WL 4287329 at * 4-5, and fn. 5 [noting that

18   § 1132(a)(1)(B) itself allows a plaintiff to recover benefits due and to enforce rights under the

19   plan, or to clarify rights to future benefits under the plan, and attorney's fees; finding these

20   remedies for denial of benefits evidence of Congress' determination that a § 1132(a)(1)(B) claim

21   to be "adequate relief" for such violations].

22       In this case, Edwards' First Cause of Action for recovery of employee benefits provides

23   "adequate relief" to address every one of her allegations against Defendants, for benefits due and

24   future benefit clarification as stated by the court in *Finkelstein. Id.* Edwards' Second and Third

25   Causes of Action are improper, unnecessary and seek extreme recovery beyond claim benefits.

26   See *Varity Corp. v. Howe,* 516 U.S. 489, 508-516 (1996) [limiting plaintiff's right to bring

27   breach of fiduciary duty claim only in situation where there was no other adequate relief under

28   ERISA]; *Cinelli v. Sec. Pac. Corp.,* 61 F.3d 1437, 1445 (9th Cir. 1995) [dismissing § 1132(a)(2)

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

5

1    breach of fiduciary duty action where claim was "for benefits for [Plaintiff] and other individuals

2    similarly situated, not for injury to the Plan]; *Korotynska v. Metropolitan Life Ins. Co.,* 474 F.3d

3    101, 106-107 (4th Cir. 2006).

4        The ERISA statute, case law and the public policy behind ERISA instruct that Edwards'

5    claims for breach of fiduciary duty, equitable relief and "make-whole" financial damages are

6    wholly improper.

7        1.    **Not One Case Cited By Edwards Supports Her Claims For Breach Of Fiduciary Duty And Equitable Relief.**

8

9        Edwards' opposition contains numerous cases from this Circuit and beyond where

10   ERISA fiduciaries were removed, enjoined and ordered to pay money back to the plan.

11   However, not one case arises in a disability claim setting involving recovery of benefits and

12   allegations of improper claims handling. All actions, without exception, were initiated or joined

13   by the Secretary of Labor or a class of employees seeking benefits directly to the plan. Edwards'

14   action is the opposite. Her LTD benefits were terminated and she seeks recovery, along with

15   removal of Prudential as fiduciary, a permanent injunction commanding compliance with her

16   definition of "total disability" and financial damages against Prudential.

17       To support her contention ERISA allows individuals to bring breach of fiduciary duty

18   claims and seek removal of plan fiduciaries, Edwards cavalierly relies on inapposite cases

19   brought or joined by the Secretary of Labor, a class of employees and group of doctors against

20   pension funds. The cases involve fiduciaries or trustees engaging in theft, self-dealing, or

21   imprudent pension plan investments and seek removal of fiduciaries/trustees and restoration of

22   plan assets. (Edwards' Opposition, pp. 8-12 [cases cited therein].) None of the circumstances in

23   those cases is present here. Edwards improperly asks this court to extend ERISA where no court

24   has.

25       Buying into Edwards' [il]logic, presumably any claimant who is denied benefits based on

26   the terms of a disability plan could turn an ordinary ERISA benefits claim under § 502(a)(1)(B)

27   into a claim for breach of fiduciary duty and equitable relief under ERISA. Edwards' theory is

28   contrary to the law and the "primary goal of ERISA, [which] [is] to provide a method for

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1    workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously."

2    *Taft v. Equitable Life Assur. Soc'y,* 9 F.3d 1469, 1472 (9th Cir. 1994); see also *Pilot Life Ins. Co.*

3    *v. Dedeaux,* 481 U.S. 41, 54 (1987) [discussing the ERISA enforcement provisions and stating

4    "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others

5    under the federal scheme would be completely undermined if ERISA-plan participants and

6    beneficiaries were free to obtain enforcement provisions found in § 502(a) of the statute as

7    finally enacted … provide strong evidence that Congress did *not* intend to authorize other

8    remedies that it simply forgot to incorporate expressly." (internal citations omitted, emphasis

9    original)]; *Newman v. Standard Ins. Co.,* 997 F.Supp. 1276, 1281 (C.D. Cal. 1998) [allowing far

10    reaching discovery regarding plaintiff's claim for benefits would "completely frustrate" ERISA's

11    purpose of resolving benefit disputes inexpensively and expeditiously).

12           Here, Edwards' action is one for recovery of benefits, if she prevails.  Nothing more.

13    There is no basis in law or fact to permit her to pursue claims for breach of fiduciary duty and

14    equitable relief.  Her wild case theory and arguments have been soundly rejected by the United

15    States Supreme Court, the Ninth Circuit and the great majority of circuit courts.  This court must

16    do the same and dismiss Edwards' claims.

17           **2.    Edwards Is Not Entitled To Monetary Relief Against Defendants**
               **Beyond That Provided For Under ERISA.**

18

19           Edwards' argument for "make-whole" recovery under ERISA § 502(a)(3) completely

20    misses the mark.  This type of recovery applies to restore Plan assets, not individual claimants

21    seeking recovery of LTD claim benefits.  As the United States Supreme Court has stated, "We

22    have observed repeatedly that ERISA is a comprehensive and reticulated statute, the product of a

23    decade of Congressional study of the Nation's private employee benefit system." *Great-West*

24    *Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 209 (2002) [internal quotes and citations

25    omitted].  The Supreme Court continued, "We have therefore been especially reluctant to tamper

26    with [the] enforcement scheme embodied in the statute by extending remedies not specifically

27    authorized by its text." *Id.*  The Supreme Court rejected "make-whole" relief under ERISA

28    § 502(a)(3).  *Id.*

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

7

1    Edwards strains for her prayer for "make-whole" monetary relief by requesting this court

2  take judicial notice of an amicus brief from a different case.  This is not the proper subject of

3  judicial notice and Defendants filed, with their reply here, a written objection and motion to

4  strike the amicus brief from the court's consideration.

5    **B.    Prudential Is Neither The Plan Sponsor, Nor Administrator And Cannot Be Assessed Civil Penalties For Alleged Failure To Produce Documents.**

6

7    By definition, the plan "administrator" is the person specifically designated by the terms

8  of the plan document or, in the absence of such designation, the plan sponsor.  ERISA

9  § 3(16)(A); 29 U.S.C. § 1002(16)(A).  Here, The H.F. Ahmanson & Company was expressly

10  designated as the Plan sponsor and administrator.  (Edwards' Complaint, ¶ 3; Ewing Decl., ¶ 4,

11  Exhibit A, The H.F. Ahmanson & Co. LTD Plan Booklet/Certificate, Plan Description

12  Information [The courtesy copy delivered to the Judge's chambers was red flagged to easily

13  identify the Plan sponsor and administrator identified as The H.F Ahmanson & Co.].)

14  Subsequent to The H.F. Ahmanson & Company's merger with Washington Mutual, the latter

15  became the Plan sponsor and administrator.  See e.g., ERISA § 208; 29 U.S.C. § 1058.

16    Edwards fails to address, much less distinguish or explain, Defendants' correct reliance

17  on *Moran v. Aetna Life Ins. Co.,* 872 F.2d 296 (9th Cir. 1989) for the point Prudential cannot be

18  assessed penalties because it is neither the Plan sponsor, nor administrator.  *Moran* held

19  permitting the claimant to recover against the insurance company, which erroneously represented

20  in plan documents that it was the plan administrator, would be inconsistent with the express

21  statutory language defining the term "plan administrator" and providing a remedy against plan

22  administrators.  Here, the case against civil penalties to Prudential is even more compelling

23  because the Plan documents specify H.F. Ahmanson & Company as the sponsor and

24  administrator.

25    Ignoring the controlling authority and the explicit language of the Plan itself, Edwards

26  instead misplaces reliance on Department of Labor Regulations applicable to "plan

27  administrator[s]" concerning documents to be provided to claimants and those included as part of

28  the administrative record.  (Edwards' Opposition, 16:1-5.)  Edwards next cites inapposite case

8

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1   law for the point that if Prudential is deemed the "de facto" Plan administrator, it is subject to

2   civil penalties. Not so. No case has found this to be the rule. The ERISA statute expressly

3   states the definitions and rules for document production and penalties for failure to do so. "De

4   facto" administrator, even assuming its validity pertaining to Prudential, is not included. This

5   court should not act where Congress has not.

6   **C.    Jury Trials Are Not Provided Under ERISA And Edwards' Request Should Be Denied.**

7

8   Edwards again ignores Defendants' proper reliance on long-standing law in this Circuit in

9   an effort to create that which does not exist – here, a right to jury trial under ERISA. Edwards

10  apparently disagrees with controlling authority from the Ninth Circuit and respected

11  commentators on federal civil practice. Simply put, Edwards is wrong.

12  Edwards posits the United States Supreme Court's holding in *Great-West Life & Annuity*

13  *Ins. Co. v. Knudson*, 534 U.S. 204 (2002) "has effectively overturned [all prior decisions] and

14  other decisions that have found no jury trial exists in an ERISA benefits action." (Edwards'

15  Opposition, 19:1-3.) Not surprisingly, Edwards cites no authority, because none exists, to

16  support her position.

17  **IV.    CONCLUSION**

18  Edwards' Second Cause of Action for Breach of Fiduciary Duty, Third Cause of Action

19  for Equitable Relief and Fourth Cause of Action for Failure to Produce Documents should be

20  dismissed with prejudice. Further, Edwards' request for a jury trial should be denied.

21  Edwards has a simple claim for alleged improper denial of LTD benefits. Her claim is an

22  individual one, not on behalf of the Plan or any other claimants. Without basis in law and based

23  on pure speculation, Edwards seeks to remove Prudential as fiduciary, a permanent injunction

24  requiring Prudential to use Edwards' definition of "total disability," and personal liability against

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

9

1    Prudential.  Edwards improperly seeks to extend ERISA where no court has.  Neither should this

2    court.  Defendants' motion to dismiss should be granted.

3

4    DATED:  December 20th, 2007              GORDON & REES LLP

5

6                                       By: _____

7                                            Ronald K. Alberts
                                            Tad A. Devlin
8                                            Attorneys for Defendants
                                            THE PRUDENTIAL INSURANCE
9                                            COMPANY OF AMERICA and THE H.F.
                                            AHMANSON & COMPANY LONG TERM
10                                           DISABILITY PLAN

11

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       10