Terrence J. Coleman (State Bar No. 172183)
Brian H. Kim (State Bar No. 215492)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, California 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
E-mail: tcoleman@pillsburylevinson.com, bkim@pillsburylevinson.com

Attorneys for Plaintiff,
ELIZABETH E. EDWARDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH E. EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; THE H.F. AHMANSON & COMPANY LONG TERM DISABILITY PLAN; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:07-CV-5807 (VRW)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Date: January 3, 2008<br>Time: 2:30 p.m.<br>Dept.: Courtroom 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |

I.   **INTRODUCTION**

In opposition to the present motion, Prudential makes the following internally inconsistent arguments to justify its defective removal notice, wherein it stated only that it was "informed and believes" that the Defendant Plan joined in its removal: 1) that Prudential's counsel, Gordon & Rees LLP ("Gordon & Rees"), represented the Plan as a "nominal" party when Gordon & Rees filed the Notice of Removal and thereby supposedly filed the removal on its behalf; and 2) that service on the Plan was nevertheless defective. Of course, it makes no sense for Prudential to contest service if in fact it filed the removal on its behalf.

It is plainly obvious that Gordon & Rees took it upon itself to file a Notice of Removal purporting to be on behalf of both named defendants when in fact it had not obtained authority from the Plan to do so. Gordon & Rees simply cannot get around the "information and belief" allegation contained in its removal papers. It offers no explanation for the inclusion of this statement in its notice of removal which on its face constitutes an admission that the Plan had not in fact joined in the removal or authorized Gordon & Rees to file on its behalf. Indeed, it seems clear based on the following additional facts that Gordon & Rees had not even *talked* with anyone at the Plan before filing the notice of removal:

(1)   Not only did the Notice of Removal only state that counsel was "informed and believes" the Plan joined in the removal, there was no factual explanation offered for this allegation and the removal was signed on behalf of Prudential only;

(2)   Even though the Notice of Removal stated counsel was "informed and believes" the Plan had been served, Defendants now strenuously object that the Plan was not properly served. Had counsel communicated with the Plan before filing the removal,

///

|   |   |
|---|---|
| 1 | surely this concession regarding service would not have been |
| 2 | made; |
| 3 | (3) Gordon & Rees failed to submit with its Notice of Removal the |
| 4 | summons and proof of service for the Plan that had been filed in |
| 5 | the state court action, even though that is required of a removing |
| 6 | defendant under 28 U.S.C. § 1446(a); |
| 7 | (4) All of Gordon & Rees' filings submitted to this Court and the state |
| 8 | court, with the exception of the ambiguous Notice of Removal, |
| 9 | confirm it only represented Prudential (thus again failing to file |
| 10 | documents on the Plan's behalf required by 28 U.S.C. 1446(d) and |
| 11 | the Local Rules of this Court); and |
| 12 | (5) <u>Tellingly absent from Defendants' opposition are any</u> declarations |
| 13 | from the Plan or counsel stating that Gordon & Rees represented |
| 14 | the Plan at the time of removal and had the authority to file the |
| 15 | Notice of Removal on the Plan's behalf. |

Gordon & Rees tries to hide its cavalier approach in purporting to file on behalf of the Plan by suggesting that the Plan is a "nominal" party and that it didn't need authorization from the Plan. However, this admission exposes a lack of understanding of the indispensable parties in ERISA litigation. Ninth Circuit case law makes clear the Plan is the <u>primary</u> defendant in ERISA benefit cases and must be named as a party. Because the Plan is more than a nominal party, in order to properly effect removal on the Plan's behalf Gordon & Rees was required: 1) to receive explicit authority from the Plan to file the Notice of Removal on its behalf; and 2) to file and serve <u>all</u> of the other required documents besides the Notice of Removal on behalf of the Plan. Gordon & Rees did neither.

Moreover, Defendants' belated attempt to contest Plaintiff's service of process on the Plan is unavailing. Plaintiff properly served the Plan under the Employment

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. by serving Washington Mutual's agent for service of process, as Washington Mutual was the successor to H.F. Ahmanson & Company as the Plan's administrator.  Moreover, even assuming that Plaintiff had improperly served the Plan, Prudential was required by Ninth Circuit caselaw to allege any defects in service in its notice of removal.  It failed to make any objection to the manner of service in the removal.  Indeed, Defendants waived their right to contest service on the Plan by filing a Motion to Dismiss with this Court without objecting to the service of the Plan.

For these reasons, Plaintiff respectfully requests that this Court remand this case back to the San Francisco County Superior Court.

## II. THE COURT SHOULD REJECT PRUDENTIAL'S REVISIONIST CLAIM THAT THE PLAN JOINED THE REMOVAL NOTICE BECAUSE THERE IS NO EVIDENCE THE PLAN GAVE PRUDENTIAL'S COUNSEL AUTHORITY TO FILE THE REMOVAL ON ITS BEHALF

Perhaps realizing that it cannot join the Plan on "information and belief", Prudential's counsel Gordon & Rees LLP claims that it represented the Plan when it filed the Notice of Removal by saying so in the notice's caption.  However, the Notice of Removal itself is ambiguous on whether Gordon & Rees LLP had authority from the Plan to join Prudential in the removal, and all of Gordon & Rees' other filings in federal and state court make clear it only represented Prudential at the time.  Gordon & Rees simply cannot have it both ways; had it actually had authority from the Plan it would have properly filed all of the documents on the Plan's behalf that are required by 28 U.S.C. § 1446 and the Local Rules of this Court.  Its complete failure to do so exposes Gordon & Rees' ploy for what it is – an after-the-fact attempt to rationalize its defective removal notice.

Defendants mistakenly rely on *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367 (S.D.N.Y. 2006).  It has no precedential value as it is not a Ninth Circuit case.  Moreover, the facts of this case are distinguishable from *Beatie*.  In

1 *Beatie*, the removal notice made clear that all the defendants "unambiguously
2 joined" in the notice. *Id.* at 384. Even so, the court also acknowledged that a signing
3 attorney's joint representation of defendants did not by itself fulfill the unanimity
4 requirement, but that it chose to decide so in that case. *See id.* at 384 fn. 10 (citations
5 omitted).

6 Here, there are at least five indications that the Plan *never* authorized Gordon
7 & Rees to join it in the Notice of Removal. First, unlike the purportedly
8 unambiguous removal notice in *Beatie*, in this case, the Notice of Removal is
9 completely ambiguous as to whether Gordon & Rees yet represented the Plan at the
10 time. The caption suggests that Gordon & Rees represents both Prudential and the
11 Plan, but the attorney's signature only identifies its representation of Prudential. *See*
12 Coleman Decl., Exh. D, p. 5. Moreover, Defendants never explain why the Notice of
13 Removal states that Prudential was "informed and believes" the Plan joined in the
14 removal. *Id.*, ¶ 4. If Gordon & Rees truly had authorization from the Plan, why was
15 that statement in the Notice of Removal? It seems clear that the only conceivable
16 explanation is that the Plan never gave Gordon & Rees authorization, and Gordon &
17 Rees believed it could assert representation by merely saying so because it thought
18 the Plan was a "nominal" defendant. This misguided belief runs counter to the case
19 law in the Ninth Circuit that the primary defendants in a lawsuit under ERISA
20 section 502(a)(1)(B) are the plan and the plan administrator. *See Ford v. MCI Comm'n*
21 *Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005). In fact, the court in
22 *Ford* made clear that the plan *must* be sued as an entity as the indispensable party.
23 *See id*.

24 Second, had the Plan authorized Gordon & Rees to represent it when filing
25 the Notice of Removal, Gordon & Rees would have known whether the Plan was
26 served and whether any defects to service existed, and would not have alleged on
27 "information and belief" that the Plan was served. *See* Coleman Decl., Exh. D, ¶ 4.
28

1  Instead, as argued above, it waited a month after filing the Notice of Removal before
2  objecting to the manner of service on the Plan.
3        Third, in the exhibit accompanying the Notice of Removal Gordon & Rees
4  included the Summons and proof of service on Prudential but not the proof of
5  service on the Plan, even though it was required to file a copy of *all* pleadings,
6  process and orders served on the removing defendants in the state action with a
7  removal notice.  *See* Coleman Decl., Exh. D (Exh. B of Notice of Removal); 28 U.S.C. §
8  1446(a); *Kisor v. Collins*, 338 F. Supp. 2d 1279, 1280 (N.D. Ala. 2004) (the failure to
9  include a copy of the state court summons was a jurisdictional defect that could not
10 be cured after the 30 day removal period had expired and the plaintiff had made a
11 timely remand motion).  Had Gordon & Rees truly represented the Plan as a
12 removing defendant, its failure to include the Summons and proof of service for the
13 Plan makes the Notice of Removal defective.
14       Fourth, *all* of Gordon & Rees' filings in federal and state court relating to the
15 Notice of Removal make clear that it was only representing Prudential.  Gordon &
16 Rees filed and served a Certification and Notice of Interested Parties as required by
17 Rule 3-16(b)(3) of the Local Rules of this court, but only on the Prudential's behalf.
18 *See* Kim Decl., Exhs. A, C.  Gordon & Rees also filed and served a Notice of Related
19 Cases as required by Rule 3-12 of the Local Rules, but again, only on the Prudential's
20 behalf.  *See id*., Exhs. B, C.  Gordon & Rees' failure to take any of these required
21 measures on the Plan's behalf renders the Notice of Removal defective.  Gordon &
22 Rees further filed and served a Notice to State Court and Adverse Party of Removal
23 to Federal Court, but yet again, only on Prudential's behalf, even though 28 U.S.C. §
24 1446(d) requires that the removing defendants give written notice with the state
25 court.  *See* Kim Decl., Exh. D, E.
26       Finally, although Gordon & Rees' filing record would rebut any declarations
27 to the contrary, Defendants make no attempt to introduce a single declaration from a
28

1  Plan representative that Gordon & Rees had authority to act on the Plan's behalf
2  when it filed the Notice of Removal.
3      The actual filings and statements from Gordon & Rees makes it clear it never
4  had authorization from the Plan to represent it.  Had Gordon & Rees truly
5  represented the Plan, it would have confirmed actual service of the Plan and stated
6  any alleged defects in service of the Plan in the Notice of Removal.  It would have
7  filed the summons and the proof of service on the Plan with the Notice of Removal.
8  It would have filed and served the Notice to State Court and Adverse Party of
9  Removal to Federal Court on the Plan's behalf as required by 28 U.S.C § 1446(d).  It
10 would have filed a Certification and Notice of Interested Parties on the Plan's behalf
11 as required by Rule 3-16(b)(3) of the Local Rules.  It would have filed a Notice of
12 Related Cases as required by Rule 3-12 of the Local Rules.  *It did none of these things*
13 *on the Plan's behalf, but only for Prudential's.*  Gordon & Rees would like the Court to
14 allow it to imply authorization from the Plan by sprinkling the Plan's name in select
15 portions of the Notice of Removal.  Given the mountain of evidence that the Plan
16 did not give any authorization, the Court should reject Prudential's contention and
17 remand.

18 **III.    PLAINTIFF PROPERLY SERVED THE PLAN**

19     Significantly, Defendants did not object in any way to the manner in which
20 Plaintiff effected service on the Plan until Prudential filed its opposition brief to this
21 motion.  Its 11th hour attempt to contest service, however, is contrary to the facts and
22 established law.  *Indeed, rather than formally contest service, the Plan purportedly filed a*
23 *Motion to Dismiss in this Court on other grounds, thus waiving any claim that service was*
24 *in any way improper.*  Prudential's entire opposition flies in the face of the Plan's
25 decision to accept Plaintiff's service of process.
26     Plaintiff properly served the Plan in accordance with the plan documents and
27 applicable law.  Section 502(d) of ERISA provides that "legal process of a court upon
28

6
PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND    Case No. 3:07-CV-5807 (VRW)

1  . . . an administrator of an employee benefit plan in his capacity as such shall
2  constitute service upon the employee benefit plan." 29 U.S.C. § 1132(d). In this case,
3  the plan documents identified "H.F. Ahmanson & Company" as the plan
4  administrator. *See* Kim Decl., Exh. G (p. 25 of plan). However, as Prudential has
5  noted, H.F. Ahmanson & Company merged with Washington Mutual in 1998. *See*
6  Proctor Decl. in Supp. Of Prudential's Opposition, Exh. A. Appropriately, Plaintiff
7  sought to personally serve Washington Mutual, as the successor in interest to H.F.
8  Ahmanson & Company as plan administrator to the Plan.

9      Prudential's opposition seems to suggest that there is no way to effect service
10 on the Plan as a "nominal defendant", but this is not so. The sufficiency of service of
11 process prior to removal from state court is determined under state law. *Lee v. City*
12 *of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993). California law specifically provides
13 that "[a] summons may be served on a corporation by delivering a copy of the
14 summons and of the complaint: . . . (a) To the person designated as agent for service
15 of process as provided by any provision in Section 202, 1502, 2105 or 2107 of the
16 Corporation Code . . . ." Cal. Code Civ. Proc. § 416.10. Relying on California Code
17 of Civil Procedure section 416.10 and Washington Mutual's designation on file with
18 the California Secretary of State, Plaintiff served Washington Mutual with the
19 Summons and Complaint by delivering them to Corporation Service Company
20 ("CSC"), which she believed to be Washington Mutual's registered agent for service
21 of process in California. As a matter of law in California, service on Washington
22 Mutual's registered agent is service on Washington Mutual. Prudential's self-
23 serving declarations from Washington Mutual and CSC cannot alter this fact.[2]

---

[2] The Declaration of Elizabeth A. Proctor alleges that she first learned about the proof of service on the Plan on December 5, 2007. However, the Notice of Removal states that Prudential was "informed and believes" the Plan was served on October 15, 2007. *See* Proctor Decl., ¶ 4; Coleman Decl., Exh. B. This discrepancy is further indication that there was no reason for Prudential's failure to allege defective service of process in the Notice of Removal.

7

1    Plaintiff's method of service was reasonable and gave the Plan actual notice
2 of the instant lawsuit. In fact, the removal notice notes that Prudential "was
3 informed and believes" that the Plan was served on October 15, 2007, *almost a month*
4 *before Prudential filed the Notice of Removal*. *See* Coleman Decl., Exhs. B, D. Thus,
5 Defendants' belated objection here is nothing more than a last-ditch effort to pigeon-
6 hole the facts here into one of the few and narrow exceptions to the unanimity
7 requirement. The effort fails.

8    Moreover, Defendants' prior actions have been directly inconsistent with a
9 bona fide objection to service. After receiving the Summons and Complaint, the
10 Plan entered a general appearance in this matter, *thereby precluding Defendants from*
11 *justifying removal based on a claim of improper service*. In *Prize Frize v. Matrix (U.S.),*
12 *Inc.*, 167 F.3d 1261 (9th Cir. 1999), the removing defendants failed to file joinders of all
13 other defendants, but argued that some were improperly served. The Ninth Circuit
14 rejected the argument: "[E]ven assuming objecting to sufficiency of process may be
15 equated to a lack of service, the Matrix defendants' claim is belied by the fact that at
16 least one defendant, Samuel Hepburn, made a general appearance in state court but
17 never joined in the removal notice." 167 F.3d at 1266.

18    Here, the Plan waived any objections based on defective service by
19 participating in Defendants' Motion to Dismiss under Rule 12(b)(6) of the Federal
20 Rules of Civil Procedure. *See* Kim Decl., Exh. F. If any Rule 12 motion is made,
21 defendant's failure to join it with a motion challenging personal jurisdiction or
22 service of process waives the defect. *See* Fed. R. Civ. P. 12(h)(1); *Church of Scientology*
23 *of Cal. v. Linberg*, 529 F. Supp. 945, 966-67 (C.D. Cal. 1981); *Golden v. Cox Furniture*
24 *Mfg. Co., Inc.*, 683 F.2d 115, 118 (5th Cir. 1982).

25    Defendants' Motion to Dismiss seeks to dismiss separate causes of action in
26 the Complaint, but *never once* alleges defective service of process on the Plan. *See*
27 Kim Decl., Exh. F. Instead, Defendants waited for *three weeks after filing the Motion to*
28

8

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND                Case No. 3:07-CV-5807 (VRW)

*Dismiss* (and a full month after Prudential filed the Notice of Removal) before they finally alleged defective service in their opposition to this motion. *See* Coleman Decl., Exh. D; Kim Decl., Exh. F; Opposition to Remand. Because Defendants affirmatively waived their right to object to the service of the Complaint on the Plan, the Plan should be deemed properly served and a party to the action.

### IV. PRUDENTIAL'S NOTICE OF REMOVAL FAILED TO EXPLAIN THE PLAN'S FAILURE TO JOIN AS REQUIRED UNDER *PRIZE-FRIZE*

Even if Plaintiff somehow erred in effecting service of process on the Plan, Prudential's removal was still procedurally defective, and the action must be remanded. Defendants' reliance on *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) is misplaced for two reasons. First, *Parrino* acknowledged that its ruling did not authorize district courts to ignore the procedure requirements of removal; it only allowed the *Court of Appeals* to treat as cured a procedural defect in the removal process corrected before entry of judgment. 146 F.3d at 703 fn. 1 (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996)[3]; *Morales v. Safeway Stores, Inc.*, 2002 WL 202367, at *2 (N.D. Cal. 2002). *Parrino* stated that its holding was limited by warning "[w]e do not . . . read *Caterpillar* to authorize district courts to ignore the procedural requirements for removal." *Parrino*, 146 F.3d 703, fn. 1.

///

---

[3] *Caterpillar* involved an entirely different basis for remand. In *Caterpillar*, the district court erroneously held after defendants removed the case that complete diversity jurisdiction existed to support the removal. The defendant that defeated diversity was dismissed before trial and the case went to trial resulting in a judgment. The Supreme Court refused to remand the case, given that the defect of non-diverse defendants had been cured before trial and a judgment already entered. *Caterpillar, supra*, 519 U.S. at 477. However, the court warned that its ruling was based in large part on its concern of the costs to the court system that remanding the case would impose on the state and federal courts, *after the parties had already proceeded to judgment*. The court warned it was not instructing federal trial court judges to ignore the procedural requirements for removal. *Id.* The court also stated that the "well-advised defendant . . . will foresee the likely outcome of an unwarranted removal— a swift and nonreviewable remand order . . . attended by the displeasure of a district court whose authority has been improperly invoked." *Id.*

9

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND    Case No. 3:07-CV-5807 (VRW)

More importantly, *Parrino* was effectively overturned by the Ninth Circuit by *Prize-Frize*, which made clear that the failure to join all defendants in a notice of removal within the 30-day period warranted remand, absent an affirmative explanation *in the removal notice* why not all defendants were joined. Defendants' broad reading of *Parrino* would render the 30-day joinder requirement of 28 U.S.C. § 1446(b) meaningless; *Prize Frize* is the controlling authority in this case.

Under *Prize-Frize*, a notice of removal must "explain affirmatively the absence of any co-defendants", even where service is contested. 167 F.3d at 1266. In *Prize-Frize*, the removing defendants also claimed that all named defendants did not have to join in the removal because of defects in service. In reversing the trial court and ordering remand, the Ninth Circuit found it unnecessary to determine whether service was proper because it found the content of the removing defendants' notice inadequately explained the failure of all defendants to consent to removal:

> Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal. *Northern Illinois Gas Co v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) . . .
>
> The only explanation provided in the removal notice for failure to comply with the unanimity requirement was that the Matrix defendants "*have been informed and believe* that *many* of the other defendants named in the fourth amended complaint caption have not been properly served in this matter." (emphasis supplied). Because the words "many" and "all" are not synonymous, the notice was facially deficient for failing to explain why *all* non-joining defendants had not consented. . . .
>
> The Matrix defendants continue to argue on appeal that they satisfied the unanimity requirement because non-joining defendants challenged the sufficiency of service process. However, even assuming objecting to sufficiency of process may be equated to a lack of service, the Matrix defendants' claim is belied by the fact that at least one defendant, Samuel Hepburn, made a general appearance in state court but never joined in the removal notice. Thus, the argument of the Matrix defendants is without merit.
>
> Accordingly, because the removal notice was facially defective and the deficiencies uncured within the thirty-day statutory period, removal was improper. The Matrix defendants plainly and simply failed to meet the removal requirements of 28 U.S.C. § 1446(a).

1  167 F.3d at 1266 (footnotes omitted).

2  Similarly, in *Garcia-Pardini v. Met. Life Ins. Co.*, 2001 WL 590037 (N.D. Cal. 2001), MetLife claimed that no other defendants needed to join its defective removal petition because it was the only properly served defendant in this matter. *This very Court* rejected this argument and remanded the case to state court, because "All MetLife had to do was include this argument *in its original removal notice*." *Id.* at *2 (emphasis added). Failure to adequately explain the absence of the non-joining defendant was sufficient by itself to grant remand.

In *Prize-Frize*, the removing defendants' notice of removal did not *adequately* explain *all* defendants' absence. Here, Prudential's notice did not provide adequate explanation for the absence of the *only* non-joining defendant. Prudential's failure is especially suspect given that it had ample constructive notice that the Plan had been served before it filed its Notice of Removal. The Notice of Removal alleges on "information and belief" that the "Complaint was served on H.F. Ahmanson's agent for service of process on October 15, 2007." Coleman Decl., Exh. D, ¶ 2. Moreover, a proof of service for the Plan had been on file with the state court for almost a month before Prudential filed its Notice of Removal. Coleman Decl., Exhs. B, D. Given Prudential's constructive knowledge the Plan was served, what justification could Prudential possibly give for waiting past the 30-day removal deadline to argue that service on the Plan was defective? There is none. The circumstances here, therefore, present an even stronger case for remand than in *Prize-Frize* or *Garcia-Pardini*. Because Prudential failed to allege any defect in service in the Notice of Removal, *Prize Frize* is binding and the case must be remanded pursuant to 28 U.S.C. § 1446(b).

///
///
///
///

## V. CONCLUSION

Based on the foregoing, Plaintiff Elizabeth E. Edwards thus respectfully requests that the Court remand this action to San Francisco Superior Court.

DATED: December 20, 2007                PILLSBURY & LEVINSON, LLP


                                        By:  _____/s/_____
                                             Brian H. Kim, Esq.
                                             Attorneys for Plaintiff
                                             ELIZABETH E. EDWARDS