1 | RONALD K. ALBERTS (SBN 100017)
TAD A. DEVLIN (SBN 190355)
2 | GORDON & REES LLP
275 Battery Street, Suite 2000
3 | San Francisco, CA 94111
Telephone: (415) 986-5900
4 | Facsimile: (415) 986-8054

5 | Attorneys for Defendant
THE PRUDENTIAL INSURANCE
6 | COMPANY OF AMERICA, REAL PARTY IN
INTEREST, AND THE H.F. AHMANSON &
7 | COMPANY LONG TERM DISABILITY
PLAN

8

9 | UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | ELIZABETH E. EDWARDS,                    CASE NO. 3:07-cv-5807 (VRW)

13 |                        Plaintiff,        **DECLARATION OF EDITH J. EWING**
      v.                                     **IN SUPPORT OF THE PRUDENTIAL**
14 |                                          **INSURANCE COMPANY OF**
      THE PRUDENTIAL INSURANCE               **AMERICA'S MOTION TO DISMISS**
15 | COMPANY OF AMERICA; THE H.F.            **[FED. R. CIV. P. 12(b)(6)]**
      AHMANSON & COMPANY LONG TERM
16 | DISABILITY PLAN; and DOES 1 through 20,  **ORAL ARGUMENT REQUESTED**
      INCLUSIVE,
17 |                        Defendants.

18

19 |     Declaration of Edith J. Ewing In Support of The Prudential Insurance Company of

20 | America's Motion to Dismiss [Fed. R. Civ. P. 12(b)(6)]

21 |     I, Edith J. Ewing, declare as follows:

22 |     1.    I am a Director of Contracts, with The Prudential Insurance Company of America

23 | ("Prudential"). I submit this declaration in support of Prudential's Motion to Dismiss plaintiff

24 | Elizabeth E. Edwards' Second, Third and Fourth Causes of Action and request for jury trial

25 | contained in her Complaint in the above referenced action. I have personal knowledge of the

26 | way Prudential prepares and maintains group insurance contracts. If called as a witness in this

27 | action, I could and would competently testify thereto.

28

PRU/1047840/5221736v.1

-1-

1      2.      Attached hereto as **Exhibit A** is a true and correct copy of Prudential Group

2  Insurance Contract, G-99361, issued to H.F. Ahmanson & Company, effective January 1, 1995

3  through July 1, 1999 and the H.F. Ahmanson Long Term Disability Plan Booklet/Certificate

4  (which is made a part of the Group Insurance Contract).

5      I declare under penalty of perjury under the laws of the United States of America that the

6  foregoing is true and correct to the best of my knowledge and belief and that this declaration was

7  executed in Roseland, New Jersey, on November 20, 2007.

8

9  _____
                    EDITH J. EWING

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

DECLARATION OF EDITH J. EWING IN SUPPORT OF THE PRUDENTIAL INS. CO. OF AMERICA'S
MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]                Case No. 3:07-cv-5807 (VRW)

# H.F. AHMANSON & COMPANY

## NOTICE TO EMPLOYEES
(Attach to your EXEC LTD booklet)

**Covered Classes:** All Executives who are (a) eligible for a monthly LTD benefit that exceeds $25,000, and (b) covered under an employer-paid individual Long Term Disability Coverage before October 1, 1995.

**Effective Date of Change:** The first day on or after January 1, 1995 on which you are insured. (See the When You Become Insured section.) The Delay of Effective Date Section applies to this change.

**Group Contract No:** G-99361

Your Booklet is changed as follows:

Item (B)(1) under the section **SCHEDULE SUPPLEMENT FOR EMPLOYEE LONG TERM DISABILITY COVERAGE**, found on page 8 of your booklet, is replaced by the following:

(B)   Loss of time disability benefits payable under or by reason of:

(1)   Any insurance or a health or welfare plan or other employee benefit plan where the Employer, directly or indirectly, has paid all or part of the cost or made payroll deductions.

After 24 months from the commencement of total disability, this item (1) will be considered in determining your Adjusted Benefit up to a monthly maximum of $15,000. The Adjusted Benefit is shown in the Schedule of Benefits.

————————

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

83500
BNE 1001

(Exec LTD; Perm; 99361-4)

# H.F. AHMANSON & COMPANY

## NOTICE TO EMPLOYEES
### (Attach to your EXEC LTD booklet)

**Covered Classes:** All Executives who are (a) eligible for a monthly LTD benefit that exceeds $25,000, and (b) covered under an employer-paid Individual Long Term Disability Coverage on or after October 1, 1995.

**Effective Date of Change:** The first day on or after January 1, 1995 on which you are insured. (See the When You Become Insured section.) The Delay of Effective Date Section applies to this change.

Group Contract No: G-99361

Your Booklet is changed as follows:

Item (B)(1) under the section SCHEDULE SUPPLEMENT FOR EMPLOYEE LONG TERM DISABILITY COVERAGE, found on page 8 of your booklet, is replaced by the following:

(B)  Loss of time disability benefits payable under or by reason of:

(1)  Any insurance or a health or welfare plan or other employee benefit plan where the Employer, directly or indirectly, has paid all or part of the cost or made payroll deductions.

After 24 months from the commencement of total disability, this item (1) will be considered in determining your Adjusted Benefit up to a monthly maximum of $10,000. The Adjusted Benefit is shown in the Schedule of Benefits.

---

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

83500
BNE 1001

(Exec LTD; Perm; 99361-5)

# H.F. AHMANSON & COMPANY

Executive LTD

# H.F. AHMANSON & COMPANY

## Executive LTD

# Foreword

We are pleased to present you with this Booklet. It describes the Program of benefits we have arranged for you and what you have to do to be covered for these benefits.

We believe this Program provides worthwhile protection for you and your family.

Please read this Booklet carefully. If you have any questions about the Program, we will be happy to answer them.

**IMPORTANT NOTICE:** This Booklet is an important document and should be kept in a safe place. This Booklet and the Certificate of Coverage made a part of this Booklet together form your Group Insurance Certificate. Sign your name in the space below when you receive this Booklet.

..............................................................

Signature of Employee

83500
BFW 1001

1

(1-9)A

THIS NOTICE IS FOR TEXAS RESIDENTS ONLY

## IMPORTANT NOTICE

To obtain information or make a complaint:

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at

### 1-800-252-3439

You may write the Texas Department of Insurance
P.O. Box 149104
Austin, TX 78714-9104
FAX #(512) 475-1771

## PREMIUM OR CLAIM DISPUTES:

Should you have a dispute concerning your premium or about a claim you should contact the PRUDENTIAL first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

## ATTACH THIS NOTICE TO YOUR POLICY:

This notice is for information only and does not become a part or condition of the attached document.

## AVISO IMPORTANTE

Para obtener información o para someter una queja:

Puede comunicarse con el Departamento de Seguros de Texas para obtener información acerca de compañías, coberturas, derechos o quejas al

### 1-800-252-3439

Puede escribir al Departamento de Seguros de Texas

P.O. Box 149104
Austin, TX 78714-9104
FAX #(512) 475-1771

## DISPUTAS SOBRE PRIMAS O RECLAMOS:

Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con LA PRUDENTIAL primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (DST).

## UNA ESTE AVISO A SU POLIZA:

Este aviso es sólo para propósito de información y no se convierta en parte o condición del documento adjunto.

TXN 1001

2

(1-1)A

# Table of Contents

FOREWORD .................................................................................................... 1

SCHEDULE OF BENEFITS ............................................................................. 1

Who is Covered? ..................................................................................... 4
Effective Date of These Benefits ......................................................... 4
You Should Know ................................................................................... 4

Employee Long Term Disability Coverage .......................................... 4
When Do Benefits Begin?; How Long Will Benefits Be Paid?; Amount
of Insurance

Other Information ................................................................................... 7
Waiting Period Before You Become Eligible for Insurance; Cost of the Insurance;
When You Have a Claim

Schedule Supplement for Employee Long Term Disability Coverage ............. 8
How Benefits From Other Sources Can Affect Your Long Term
Disability Coverage

ELIGIBILITY AND BECOMING INSURED ....................................................... 11
Who is Eligible? ...................................................................................... 11
When You Become Insured ................................................................... 11
When Coverage Could Be Delayed ..................................................... 11

EMPLOYEE LONG TERM DISABILITY COVERAGE ..................................... 12
Benefits for Total Disability; Benefits for Partial Disability; Separate Periods of Disability; 13
Benefits for Expenses of Rehabilitation; Benefit Limitations; Disabilities
Not Covered

MODIFICATION - WHEN ANOTHER PERSON IS LIABLE FOR
YOUR SICKNESS OR INJURY ....................................................................... 18

GENERAL INFORMATION ............................................................................. 19

Assignment of Coverages to Others ................................................... 19

Definitions .............................................................................................. 19

If You Need to Make a Claim ................................................................ 19

WHEN YOUR INSURANCE ENDS ................................................................. 21

CERTIFICATE OF COVERAGE ...................................................................... 23
24

# Schedule of Benefits

**Covered Classes:** The "Covered Classes" are these Employees of the Contract Holder (and its Associated Companies): All full-time and Commissioned Employees earning $100,000 or more annually, excluding temporary or seasonal Employees.

**Program Date:** January 1, 1995. This Booklet describes the benefits under the Group Program as of the Program Date.

**You should know...**

- The Coverages in this Booklet are available to you if you are included in the Covered Classes. Only those Coverages for which you become insured will apply to you. The rules for becoming insured are in this Booklet's When You Become Insured section.

- There is a Delay of Effective Date section. The rules of that section may delay the start of your insurance.

- The Delay of Effective Date section also applies to any change, including a change in class, unless otherwise stated.

- The Coverages are described more fully on later pages of this Booklet. Be sure to read these pages carefully. They show when benefits are or are not payable under the Group Contract. They also outline when your insurance ends and the conditions, limitations and exclusions that apply to the Coverages.

- A Definitions section is included in this Booklet. Many of the terms used in this Booklet, such as "Active Work Requirement", are defined in that section.

- This Booklet and the Certificate of Coverage together form your Group Insurance Certificate. The Coverages in this Booklet are insured under a Group Contract issued by Prudential. All benefits are subject in every way to the entire Group Contract which includes the Group Insurance Certificate. It alone forms the agreement under which payment of insurance is made.

## EMPLOYEE LONG TERM DISABILITY COVERAGE

- This Coverage pays benefits when you have a long period of Disability. Benefits start after the Elimination Period. There is a Maximum Benefit Duration for each period of Disability.

**Calendar Month:** One of the twelve months of a Calendar Year.

**Initial Duration:** The period starting with the Elimination Period and extending to the Employee's attainment of age 65.

**Elimination Period:**

For each period of Disability due to Sickness or accidental Injury, a period extending from the start of the period of Disability to the earlier of (a) and (b):

(a) The end of the first 180 days of continuous Disability.

(b) The date, during that continuous Disability, on which you exhaust your maximum benefits for a period of disability under the "Basic Loss of Time Coverage".

"Basic Loss of Time Coverage" means a plan of periodic loss of time disability benefits under or by reason of: (1) any program (other than this Coverage), whether insured or uninsured, where the Employer, directly or indirectly, has paid all or part of the cost or made payroll deductions; or (2) any disability benefits law or similar law.

83500
BSB 1001

4

(Continued)
(99361-2)A

Schedule of Benefits (Continued)

If you temporarily recover from your Disability for 30 working days or less during the Elimination Period, your Disability will be treated as continuous, but recovery days will not count toward the Elimination Period.

**Delay of Effective Date:** The Delay of Effective Date section applies to determine your Scheduled Benefit. It does not apply to any other change in your insurance under this Coverage.

**Assignments:** The insurance is assignable only as a gift, except as follows: you may assign benefits for expenses of a rehabilitation program to a provider of service.

**Maximum Benefit Duration for a period of your Disability:**

| Your Age on Date Disability Begins | Your Maximum Benefit Duration |
|---|---|
| Under age 61 | To your normal retirement age,* but not less than 60 months |
| Age 61 | To your normal retirement age,* but not less than 48 months |
| Age 62 | To your normal retirement age,* but not less than 42 months |
| Age 63 | To your normal retirement age,* but not less than 36 months |
| Age 64 | To your normal retirement age,* but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth, as follows:

| Year of Birth | Social Security Retirement Age |
|---|---|
| Before 1938 | 65 |
| 1938 | 65 and 2 months |
| 1939 | 65 and 4 months |
| 1940 | 65 and 6 months |
| 1941 | 65 and 8 months |
| 1942 | 65 and 10 months |
| 1943 -1954 | 66 |
| 1955 | 66 and 2 months |
| 1956 | 66 and 4 months |
| 1957 | 66 and 6 months |
| 1958 | 66 and 8 months |
| 1959 | 66 and 10 months |
| After 1959 | 67 |

**Adjusted Benefit:**

When the Adjusted Benefit is payable for a full Calendar Month, it is equal to the lesser of (1) and (2):

(1)  Your Scheduled Benefit. This is the amount shown below.

83500
BSB 1001

(Continued)
(99361-2)B

Schedule of Benefits (Continued)

(2) An amount equal to (a) minus (b):

    (a) 70% of your monthly Earnings.

    (b) Your Offset Amount for that Calendar Month.

But your Adjusted Benefit for a full Calendar Month will not be less than 15% of the Scheduled Benefit or, if less $100.00.

When the Adjusted Benefit is payable for only part of a Calendar Month, it is equal to the lesser of (3) and (4):

(3) The number of days in that part of that Calendar Month times 1/30 of your Scheduled Benefit described above.

(4) The number of days in that part of that Calendar Month times 1/30 of an amount equal to (a) minus (b):

    (a) 70% of your monthly Earnings.

    (b) Your Offset Amount for that Calendar Month.

But your Adjusted Benefit for part of a Calendar Month will not be less than 1/30 of the lesser of these two amounts: (a) 15% of the Scheduled Benefit or, (b) $100.00 for each day in that part of that Calendar Month.

Your Offset Amount is determined from the Schedule Supplement that follows this Schedule of Benefits.

## Indexing of Pre-Disability Earnings

The amount considered to be your Pre-Disability Earnings under Benefits for Partial Disability may be increased as of July 1 of a Calendar Year:

(1) if you are Partially Disabled on that date and you were Disabled throughout all of the 12 months before that date; and

(2) Benefits for Partial Disability that would be payable after that July 1 are less than the Benefits for Total Disability.

The amount of the first such increase is determined by multiplying your Pre-Disability Earnings by the Index Factor. The amount of each subsequent increase is determined by multiplying your Pre-Disability earnings, as adjusted after the last such increase, by the Index Factor.

The Index Factor is the lesser of:

(1) the annual percentage increase in the Consumer Price Index for the preceding Calendar Year; and

(2) 10%.

This provision will not apply in any year the Adjusted Benefit has been increased because of a change in the Consumer Price Index.

## Survivor Benefit

A death benefit is payable to your surviving spouse or children under age 25 if you die:

(1) after your period of Disability had continued for at least six consecutive months; and

83500
BSB 1001

6

(Continued)
(99361-2)C

Schedule of Benefits (Continued)

(2) while you are receiving benefits under this Coverage.

The total benefit will be an amount equal to six times your last Scheduled Benefit for a full Calendar Month.

The benefit is payable to your spouse, if living. Otherwise, it is payable in equal shares to your children under age 25. No benefit is payable if you are not survived by your spouse or any children under age 25.

If a benefit is payable to a person who is a minor or not capable of giving a valid release for any payment due, Prudential may, at its option, pay the amount payable to that person or to any person or institution that appears to Prudential to have assumed the custody and main support of that person. If any amount is so paid, Prudential will not have to pay that amount again.

Scheduled Benefit: 60% of your monthly Earnings, but not more than $25,000.

The Definitions section explains what "Earnings" means.

## OTHER INFORMATION

Contract Holder: H.F. AHMANSON & COMPANY

Group Contract No.: G-99361

Associated Companies:    Employers who are the Contract Holder's subsidiaries or affiliates, and are reported in writing to Prudential for inclusion under the Group Contract.

Employment Waiting Period: The following period of continuous full-time service with the Employer:

For regular part-time Employees being reclassified to full-time Employees: The period extending from the date of reclassification to the first day of the month following reclassification.

For other full-time Employees: The period extending from the Employee's date of employment to the first day of the month following three months of continuous full-time employment.

Cost of the Insurance: The insurance in this Booklet is Contributory Insurance. You will be informed of the amount of your contribution when you enroll.

Prudential's Address:

The Prudential Insurance Company of America
Western Group Operations
P.O. Box 9220
Van Nuys, California 91409

## WHEN YOU HAVE A CLAIM

Each time a claim is made, it should be made without delay. To file a claim, call telephone 1-800-853-6392 between 8:00 AM and 4:00 PM, Pacific Standard Time. An automated voice message system is available after regular office hours.

---

83500
BSB 1001

(99361-2)D

## SCHEDULE SUPPLEMENT FOR EMPLOYEE LONG TERM DISABILITY COVERAGE

- The Adjusted Benefit under Employee Long Term Disability Coverage in the Schedule of Benefits refers to your Offset Amount. That Offset Amount is determined from this Schedule Supplement. It describes the Periodic Benefits from other sources that are used to calculate your Offset Amount and how those Periodic Benefits are computed. Your Offset Amount is used to determine your Adjusted Benefit under the Coverage, as outlined in the Schedule of Benefits.

**Offset Amount:** This is the amount used to determine your Adjusted Benefit under the Coverage for a full Calendar Month or part of a Calendar Month. It is equal to the total amount of payments or benefits (described below) payable to you based on your work and earnings, or would be so payable if timely claim for them were made.

In computing those Periodic Benefits for all or part of a Calendar Month, these rules apply:

(1) If any Periodic Benefit is not payable on a full Calendar Month basis, it will be adjusted to that basis.

(2) When any Periodic Benefit is payable or being determined for part of a Calendar Month, 1/30 of its full Calendar Month basis will be used for each day to which it applies in that part of the Calendar Month.

**Periodic Benefits:** These are all of the benefits listed in (A) through (E) below. As stated above, they will be used to find your Adjusted Benefit. A change in your Periodic Benefits under (A), (B)(2), (B)(3), (D) or (E) will not be considered in determining your Adjusted Benefit for all or part of a Calendar Month if the following are true:

(1) It is not due to a change in your personal or family status.

(2) It is effective after benefits of the Coverage begin for that period.

The Periodic Benefits are:

(A) Loss of time benefits payable for disability, whether permanent or temporary, due to a Sickness or Injury arising out of work for wages or profit with the Employer if the benefits are payable under or by reason of the following:

(1) A workers' compensation law, occupational disease law or similar law. This includes the part of any damages or settlement for your loss of income made in place of such benefits, whether or not liability is admitted.

(2) The maritime doctrine of maintenance, wages and cure. This includes only the "wages" part of such benefits.

(B) Loss of time disability benefits payable under or by reason of:

(1) Any insurance or a health or welfare plan or other employee benefit plan where the Employer, directly or indirectly, has paid all or part of the cost or made payroll deductions.

(2) The United States Social Security Act as amended from time to time. This does not include benefits paid to your former spouse or to your child living with such spouse.

(3) A state, Provincial or other Federal law of the United States or Canada. This does not include a law providing benefits or payments due to military service or any benefits under a motor vehicle insurance contract.

83500
LTD U 1014                                   8                              (Continued)
(99361-2)A

SCHEDULE SUPPLEMENT FOR EMPLOYEE LONG TERM DISABILITY COVERAGE (Continued)

(C) Payments made to you by the Employer as, or in place of, all or part of your wage or salary.

(D) Periodic benefits under the United States Social Security Act as amended from time to time for any month after you reach age 62. This does not include:

    (1) benefits for any month before you reach normal retirement age*, unless you choose to receive benefits for that month; or

    (2) benefits paid to your former spouse or to your children living with such spouse.

(E) Retirement benefits you receive to the extent they are funded by employer contributions if they are from an insurance, annuity or pension contract, or a welfare or other employee benefit plan.

However, this (E) does not include (1) benefits for any month before you reach normal retirement age*, unless you choose to receive benefits for that month; (2) profit-sharing plans; (3) thrift plans; (4) individual retirement accounts (IRA); (5) tax sheltered annuities (TSA); (6) stock ownership plans; or (7) non-qualified plans of deferred compensation.

*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth. A Table showing the retirement ages by year of birth appears under the heading Maximum Benefit Duration in the Schedule of Benefits.

**Estimated Social Security Benefits:** This section applies with respect to disability benefits you receive under the United States Social Security Act. As stated above, Periodic Benefits include benefits that would be payable if timely claim for them is made. In the case of Social Security benefits, this includes timely and diligent pursuit of benefits through each of these steps:

(1) Application for such benefits;

(2) Appeal at the reconsideration level, if benefits are denied.

(3) Appeal at the Administrative Law Judge level, if benefits are again denied.

Until you give Prudential written proof that you have completed the three-step process above, and benefits are finally denied, Prudential may:

(1) estimate your monthly Social Security benefit; and

(2) use that amount to determine your Adjusted Benefit.

But, Prudential will not estimate Social Security benefits while your application and appeals are pending if you sign Prudential's Reimbursement Agreement.

If Prudential finds that the amount of benefits that should have been used to determine your Adjusted Benefit differs from the amount actually used, these rules apply:

(1) If benefits have been underpaid, Prudential will make a lump sum payment to bring the total payments to the amount that should have been paid.

(2) If benefits have been overpaid, Prudential may ask for a lump sum payment or, at its option, reduce or eliminate future payments. If Prudential reduces or eliminates future payments, the minimum Adjusted Benefit, if any, will not apply.

83500
LTD U 1014

9

(Continued)
(99361-2)B

SCHEDULE SUPPLEMENT FOR EMPLOYEE LONG TERM DISABILITY COVERAGE (Continued)

**Lump Sum Benefits:** If benefits payable under a workers' compensation law, occupational disease law or similar law (including the part of any damages or settlement made in place of such benefits) are paid in a lump sum, that sum will be treated as loss of time disability benefits unless otherwise stated in the award. The amount deemed to be paid monthly will be the amount:

(1) stated in the award, settlement or agreement as a periodic monthly benefit; or

(2) set by the law as the maximum periodic monthly benefit if the sum is not paid for a specific time period.

If benefits from any other sources included in Periodic Benefits above are paid in a lump sum:

(1) the sum will be prorated on a monthly basis over the time period for which the sum is paid; or

(2) the sum will be prorated on a monthly basis over a 60 month period starting with the date benefits are first payable under this Coverage if the sum is not paid for a specific time period.

83500
LTD U 1014

10

(99361-2)C

# Who is Eligible to Become Insured

## FOR EMPLOYEE INSURANCE

You are eligible for Employee Insurance while:

- You are a full-time Employee of the Employer; and
- You are in a Covered Class; and
- You have completed the Employment Waiting Period.

**You are full-time** if you are regularly working for the Employer at least the number of hours in the Employer's normal full-time work week for your class, but not less than 40 hours per week (37.5 hours per week for New York Employees). If you are a partner or proprietor of the Employer, that work must be in the conduct of the Employer's business.

**Your class** is determined by the Contract Holder. This will be done under its rules, on dates it sets. The Contract Holder must not discriminate among persons in like situations. You cannot belong to more than one class for insurance on each basis, Contributory or Non-contributory Insurance, under a Coverage. "Class" means Covered Class, Benefit Class or anything related to work, such as position or Earnings, which affects the insurance available.

**This applies if you are an Employee of more than one employer included under the Group Contract:** For the insurance, you will be considered an Employee of only one of those employers. Your service with the others will be treated as service with that one.

The rules for obtaining Employee Insurance are in the When You Become Insured section.

# When You Become Insured

## FOR EMPLOYEE INSURANCE

**Prompt enrollment is important.**

(1)  If you enroll for Employee Insurance under a Coverage other than during a Group Open Enrollment Period (see below) and after you could first be covered, your Employee Insurance will begin on the first day, on or after the date of your enrollment, on which all the conditions below are met.

(2)  If you enroll for Employee Insurance under a Coverage during a Group Open Enrollment Period, your Employee Insurance will begin on the Group Open Enrollment effective date established by the Contract Holder and agreed to by Prudential if all the conditions below are met on that date. Otherwise, on the first day thereafter on which all the conditions below are met.

**Conditions**

(a)  You are eligible for Employee Insurance and have met any evidence requirement for Employee Insurance.

(b)  You are in a Covered Class for that insurance.

83500
BEL 1001

11

(Continued)
(99361-2)A

When You Become Insured (Continued)

(c) You have enrolled for it on a form approved by Prudential and, if the Insurance is contributory, you have agreed to pay any required contributions.

(d) Your insurance is not being delayed under the Delay of Effective Date section below.

(e) That Coverage is part of the Group contract.

**Group Open Enrollment Period:** A period of at least 30 days each year, set by the Contract Holder and agreed to by Prudential, during which an Employee may change his or her enrollment between the various Insurance plans available under the Employer's benefit plan, including this Employee Long Term Disability Coverage.

At any time, the benefits for which you are insured are those for your class, unless otherwise stated.

# Changes in Coverage After Becoming Insured

You may request for a change in your insurance if you have a change in family status. Changes must be made within 31 days of the qualifying event. A change in family status means one of the following qualifying events:

- Birth or adoption of a child.
- Marriage.
- Divorce.
- Employment changes for your spouse, including gaining employment, termination of employment or changing jobs.
- Employee or spouse going from part-time to full-time employment, vice versa.
- Employee or spouse taking an unpaid leave.
- Death of your spouse or child.

# Delay of Effective Date

## FOR EMPLOYEE INSURANCE

Your Employee Insurance under a Coverage will be delayed if you do not meet the Active Work Requirement on the day your insurance would otherwise begin. Instead, it will begin on the first day you meet the Active Work Requirement and the other requirements for the insurance. The same delay rule will apply to any change in your insurance that is subject to this section. If you do not meet the Active Work Requirement on the day that change would take effect, it will take effect on the first day you meet that requirement.

---

83500
BEL 1001

(99361-2)B

# Employee Long Term Disability Coverage

## FOR YOU ONLY

This Coverage pays benefits when you have a long period of Disability. Those benefits start after an Elimination Period. The benefits of Sections A and B are subject to the provisions of Sections C, E and F.

Not all Disabilities are covered. See Section F below.

"Total Disability" exists when Prudential determines that all of these conditions are met:

(1) Due to Sickness or accidental Injury, both of these are true:

    (a) You are not able to perform, for wage or profit, the material and substantial duties of your occupation.

    (b) After the Initial Duration of a period of Total Disability, you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience. The Initial Duration is shown in the Schedule of Benefits.

(2) You are not working at any job for wage or profit.
(3) You are under the regular care of a Doctor.

"Partial Disability" exists when Prudential determines that all of these conditions are met:

(1) Due to Sickness or accidental Injury you are not able to perform, for wage or profit, the material and substantial duties of your occupation on a full-time basis.

(2) You are working for wage or profit:

    (a) at your own occupation, but you are not able to perform your duties on a full-time basis; or

    (b) at another occupation

    The amount of your monthly earnings is your Partial Disability Earnings.

(3) Your Partial Disability Earnings are not more than 80% of your Pre-Disability Earnings. Your Pre-Disability Earnings are the amount of your monthly Earnings before your period of Total Disability began.

(4) You are under the regular care of a Doctor.

"Disability" means either Total Disability or Partial Disability.

## A. BENEFITS FOR TOTAL DISABILITY.

Benefits are payable under this Section for a period of your Total Disability. Those benefits start on the first day after the Elimination Period (in the Schedule of Benefits) if you are not then receiving benefits for Partial Disability. The Elimination Period does not apply to Total Disability that starts while you are receiving benefits under this Coverage for Partial Disability.

A.  BENEFITS FOR TOTAL DISABILITY.  (Continued)

Periods of Disability that include times when you are Totally Disabled as well as times when you are Partially Disabled, including any part of the Elimination Period, are one period of Disability unless:

they meet the conditions for separate periods of Disability in Section C; or

the Disability is not treated as continuous under the Elimination Period in the Schedule of Benefits.

Benefits for one such period of Disability are not payable for more than the Maximum Benefit Duration (in the Schedule of Benefits).

The benefits are payable for your period of Total Disability only if the period of Total Disability began while you were a Covered Person.

**Amount Payable:** The Adjusted Benefit (shown in the Schedule of Benefits) is payable for each full Calendar Month of Total Disability. An Adjusted Benefit is also determined and payable for any part of a Calendar Month made up of a day or days of Total Disability. "Calendar Month" is defined in the Schedule of Benefits.

## B.  BENEFITS FOR PARTIAL DISABILITY.

Benefits are payable under this Section for a period of your Partial Disability. Benefits start on the first day after the Elimination Period (in the Schedule of Benefits) if you are not then receiving benefits for Total Disability. The Elimination Period does not apply to Partial Disability that starts while you are receiving benefits under this Coverage for Total Disability.

Periods of Disability that include times when you are Totally disabled as well as when you are Partially Disabled, including any part of the Elimination Period, are one period of Disability unless:

they meet the conditions for separate periods of Disability in Section C; or

the Disability is not treated as continuous under the Elimination Period in the Schedule of Benefits.

Benefits for one such period of Disability are not payable for more than the Maximum Benefit Duration (in the Schedule of Benefits).

The benefits are payable for your period of Partial Disability only if the period of Disability began while you were a Covered Person.

**Amount Payable:** An amount equal to (1) or (2):

(1)  This applies if your Partial Disability Earnings are less than 20% of your Pre-Disability Earnings. Benefits will be the same as the benefits that would be payable under this Coverage for Total Disability had you not been working for wage or profit.

(2)  This applies if your Partial Disability Earnings are at least 20% but not more than 80% of your Pre-Disability Earnings. Benefits will be determined as follows:

(a)  During the first 12 months of a period for which Partial Disability benefits are payable, benefits will be the same as the benefits that would be payable under this Coverage for Total Disability had you not been working for wage or profit, until the sum of (i) those benefits and (ii) your Partial Disability Earnings exceed 100% of your Pre-Disability Earnings. In that case, your benefit will be reduced by that excess amount.

(b)  After the first 12 months, benefits will be the portion of your Earnings lost times the benefits that would be payable under this Coverage for Total Disability had you not been working for wage or profit. But, benefits will not be less than the minimum Adjusted Benefit for Total Disability, if any, shown in the Schedule of Benefits.

B. BENEFITS FOR PARTIAL DISABILITY. (Continued)

The portion of your Earnings lost is the difference between your Pre-Disability Earnings and Pre-Disability Earnings, divided by your Pre-Disability Earnings.

You must give Prudential any proof needed to confirm your Partial Disability Earnings.

## C. SEPARATE PERIODS OF DISABILITY.

This Section applies if a period of your Disability starts after a prior period for which benefits were payable under this Coverage.

In that case, the later period will be treated as part of the prior period unless one of these conditions is met:

(1) Between the periods, you have performed, for wage or profit, all the material and substantial duties of a job with the Employer on a full-time basis for at least 6 consecutive months.

(2) The periods are due to wholly unrelated causes.

(3) Between the periods, you became eligible for other long term disability coverage through the Employer or any other employer.

## D. BENEFITS FOR EXPENSES OF REHABILITATION.

This Section applies if:

(1) you are Disabled; and

(2) you are, or may become, entitled to benefits under this Coverage for that Disability.

Prudential may determine, after consulting your Doctor, that:

(1) you are able to be in a program of rehabilitation that may help you to be able to support yourself; and

(2) you should cease to be Disabled and be able to support yourself after being in such program.

Prudential will determine the type of expenses that will be covered and when they may be incurred. Prudential will inform you of the terms under which payment will be made.

If you agree to be in that program, benefits will be payable for the covered expenses you are charged. Benefits will not be provided to the extent coverage for the expenses is required, or is available at no cost to you, under a law or governmental program which provides rehabilitation. Nor will benefits be provided to the extent that coverage for the expenses is provided by an insured or uninsured plan under which the Employer or any other employer has paid any of the cost or made payroll deductions.

83500
LTD R 6014

15

## E. BENEFIT LIMITATION.

This Section applies if your Disability, as determined by Prudential, is caused at least in part by a mental, psychoneurotic or personality disorder. In that case, benefits are not payable for your Disability for more than 12 months. There are these exceptions if you are Totally Disabled at the end of the twelfth month for which benefits are payable:

(1) If you are Confined in a Hospital for one or more of the disorders above at the end of the twelfth month, the following will apply. While you remain Totally Disabled, benefits are payable for the duration of that Confinement and, unless (2) below applies, for up to three additional months after your Confinement ends.

(2) If, after the twelfth month, you become Confined in a Hospital for one or more of the disorders above for at least 14 consecutive days, the following will apply. While you remain Totally Disabled, benefits are payable for the remaining duration of that Confinement and for up to three additional months after your Confinement ends.

But, benefits are not payable for more than the Maximum Benefit Duration.

"Confined" or "Confinement" as used in this Section means a Hospital stay of at least 8 hours per day.

"Hospital" means an institution that meets either of these two tests:

(1) It is accredited as a hospital under the Hospital Accreditation Program of the Joint Commission on Accreditation of Healthcare Organizations.

(2) It is legally operated, has 24 hour a day supervision by a staff of Doctors, has 24 hour a day nursing service by registered graduate nurses, and complies with (a) or (b):

    (a) It mainly provides general inpatient medical care and treatment of sick and injured persons by the use of medical, diagnostic and major surgical facilities. All such facilities are in it or under its control.

    (b) It mainly provides specialized inpatient medical care and treatment of sick or injured persons by the use of medical and diagnostic facilities (including X-ray and laboratory). All such facilities are in it, under its control, or available to it under a written agreement with a Hospital (as defined above) or with a specialized provider of those facilities.

But Hospital does not include a nursing home. Neither does it include an institution, or part of one, which: (i) is used mainly as a place for convalescence, rest, nursing care or for the aged; or (ii) furnishes mainly homelike or custodial care, or training in the routines of daily living; or (iii) is mainly a school.

## F. NOT COVERED.

(1) Any Disability caused, wholly or partly, by one or more of these:

    (a) Intentionally self-inflicted injury or attempted suicide while sane or insane.

    (b) War or any act of war. "War" means declared or undeclared war and includes resistance to armed aggression.

(2) A period of Disability, or part of such period, while you are confined in a prison or other house of correction due to a conviction in a court of law.

(3) A period of Disability which starts within six months of the date you become a Covered Person and is due to a pre-existing Sickness or Injury. Such a Sickness or Injury is one which was diagnosed or for which any charges were incurred or treatment was rendered within one month before the date you became a Covered Person.

F.  NOT COVERED.  (Continued)

A later period of Disability is considered related to a prior period only if they are due to the same Sickness or Injury and are not separated by both:

(a)  your meeting the Active Work Requirement; and

(b)  a continuous period of at least 90 days, entirely after you meet that Active Work Requirement, in which you incur no charges for that Sickness or Injury.

A charge is considered incurred on the date of the service or purchase for which the charge is made.

————————————

The benefits of this Coverage are payable to you. Payment will be made monthly. The Claim Rules apply to payment of the benefits.

————————————

83500
LTD R 6014                                 17                        (6-1)(99361-2)E

# Benefit Modification for Third Party Liability

This modifies any Coverage of the Group Contract that:

(1) is a health care expense Coverage; or

(2) provides weekly or long term disability benefits.

A. This Modification applies when a person, other than the person for whom a claim is made, is considered responsible for a Sickness or Injury. To the extent payment for the Sickness or Injury is made, or may be made in the future, by or for that responsible person (as a settlement, judgment or in any other way):

(1) charges arising from that Sickness or Injury are not covered; and

(2) benefits for any period of Total Disability resulting (in whole or in part) from that Sickness or Injury are not payable.

B. But when claim is received by Prudential, benefits which would be payable except for A. above will be paid if:

(1) payment by or for the responsible person has not yet been made; and

(2) the Covered Person(s) involved (or if incapable, that person's legal representative) agrees in writing to pay back promptly the benefits paid as a result of the Sickness or Injury to the extent of any future payments made by or for the responsible person for the Sickness or Injury. The agreement is to apply whether or not: (a) liability for the payments is admitted by the responsible person; and (b) such payments are itemized. A reasonable share of fees and costs incurred to obtain such payments may be deducted from amounts to be repaid to Prudential.

C. Amounts due Prudential to repay benefits, agreed to as described in B. above, may be deducted from other benefits payable by Prudential after payments by or for the responsible person are made.

———————————

83500
GBT T 1009

18

(1-3)A

# General Information

## LIMITS ON ASSIGNMENTS

You may assign your insurance under a Coverage. Unless the Schedule of Benefits states otherwise, the following rules apply to assignments: (1) Insurance under any Coverage providing periodic benefits on account of disability may be assigned only as a gift assignment; (2) Insurance under any other Coverage may be assigned without restriction. Any rights, benefits or privileges that you have as an Employee may be assigned. Prudential will not decide if an assignment does what it is intended to do. Prudential will not be held to know that one has been made unless it or a copy is filed with Prudential through the Contract Holder.

## DEFINITIONS

**Active Work Requirement:** A requirement that you be actively at work on full time at the Employer's place of business, or at any other place that the Employer's business requires you to go.

**Calendar Year:** A year starting January 1.

**Contributory Insurance, Non-contributory Insurance:** Contributory Insurance is insurance for which the Contract Holder has the right to require your contributions. Non-contributory Insurance is insurance for which the Contract Holder does not have the right to require your contributions. The Schedule of Benefits shows whether insurance under a Coverage is Contributory Insurance or Non-contributory Insurance.

**Coverage:** A part of the Booklet consisting of:

(1) A benefit page labeled as a Coverage in its title.

(2) Any page or pages that continue the same kind of benefits.

(3) A Schedule of Benefits entry and other benefit pages or forms that by their terms apply to that kind of benefits.

**Covered Person** under a Coverage: An Employee who is insured for Employee Insurance under that Coverage; a Qualified Dependent for whom an Employee is insured for Dependents Insurance, if any, under that Coverage.

**Doctor:** A licensed practitioner of the healing arts acting within the scope of the license.

**Earnings:** This is the gross amount of money paid to you by the Employer for performing the duties required of your job. This includes Earnings received from short-term bonuses and C.D.C.P. grants for applicable employees, but not commissions, overtime pay, or other extra compensation. Bonuses and C.D.C.P. grants will be averaged for the lesser of (a) the 36 month period of employment just prior to the date disability begins; or (b) the period of employment. The C.D.C.P. grants will no longer be taken into consideration after 1997.

**Employee:** A person employed by the Employer; a proprietor or partner of the Employer. The term also applies to that person for any rights after insurance ends.

**Employee Insurance:** Insurance on the person of an Employee.

**The Employer:** Collectively, all employers included under the Group Contract.

**Injury:** Injury to the body of a Covered Person.

DEFINITIONS (Continued)

**Prudential:** The Prudential Insurance Company of America.

**Sickness:** Any disorder of the body or mind of a Covered Person, but not an injury; pregnancy of a Covered Person, including abortion, miscarriage or childbirth.

**You:** An Employee.

———————

## CLAIM RULES

These rules apply to payment of benefits under a Coverage when the Coverage states that they do.

**Notice of Claim:** This paragraph applies only to Employee Long Term Disability Coverage. Prudential must be given a telephone notice that a claim will be made. The notice must be given to Prudential within 30 days after the end of the Elimination Period (defined in the Coverage). But, failure to meet that time limit will not make the claim invalid if the notice is given as soon as reasonably possible. The notice may be given by you or for you. It must show your name, the Employer's name and the Group Contract Number.

**Proof of Loss:** Prudential must be given written proof of the loss for which claim is made under the Coverage. This proof must cover the occurrence, character and extent of that loss. It must be furnished within 90 days after the date of the loss, except that :

(1) If the Coverage is Employee Long Term Disability Coverage, both of these time limits must be met:

    (a) Initial proof of loss must be furnished within 90 days after the end of the first month following the Elimination Period.

    (b) Proof for each later month of continuing loss must be furnished within 90 days after the end of that month.

(2) If any other Coverage provides for periodic payment of benefits at monthly or shorter intervals, the proof of loss for each such period must be furnished within 90 days after its end.

(3) If payment under a Coverage is to be made for charges incurred during a Calendar Year, the proof for that Calendar Year must be furnished within 90 days after its end.

A claim will not be considered valid unless the proof is furnished within these time limits. However, it may not be reasonably possible to do so. In that case, the claim will still be considered valid if the proof is furnished as soon as reasonably possible.

**When Benefits are Paid:** Benefits are paid when Prudential receives written proof of the loss. But, if a Coverage provides that benefits are payable at equal intervals of a month or less, Prudential will not have to pay those benefits more often.

A benefit unpaid at your death will be paid to your estate. But this does not apply if the Coverage or the Limits on Assignments section on an earlier page states otherwise.

**Physical Exam:** Prudential, at its own expense, has the right to examine the person whose loss is the basis of claim. Prudential may do this when and as often as is reasonable while the claim is pending.

**Legal Action:** No action at law or in equity shall be brought to recover on the Group Contract until 60 days after the written proof described above is furnished. No such action shall be brought more than three years after the end of the time within which proof of loss is required.

## INCONTESTABILITY OF INSURANCE TO WHICH THE CLAIM RULES APPLY

This limits Prudential's use of your statements in contesting an amount of that insurance for which you are insured. These are statements made to persuade Prudential to effect an amount of that insurance. They will be considered to be made to the best of your knowledge and belief. These rules apply to each statement:

(1) It will not be used in a contest to avoid or reduce that amount of insurance unless:

    (a) It is in a written application signed by you; and

83500
BCL 1006

(Continued)
(1-1)(99361-2)A

INCONTESTABILITY OF INSURANCE TO WHICH THE CLAIM RULES APPLY (Continued)

    (b)  A copy of that application is or has been furnished to you.

(2)  It will not be used in the contest after that amount of insurance has been in force, before the contest, for at least two years during your lifetime.

## NOT IN PLACE OF WORKERS' COMPENSATION INSURANCE

The Group Contract is not in place of and does not affect any requirement for coverage by Workers' Compensation Insurance.

_____

83500
BCL 1006

(1-1)(99361-2)B

# When Your Insurance Ends

## EMPLOYEE INSURANCE

Your Employee Insurance under a Coverage will end when the first of these occurs:

- Your membership in the Covered Classes for the insurance ends because your employment ends (see below) or for any other reason.

- The part of the Group Contract providing the insurance ends.

- You fail to pay, when due, any contribution required for an insurance of the Group Contract.

**End of Employment:** For insurance purposes, your employment will end when you are no longer a full-time Employee actively at work for the Employer. But, under the terms of the Group Contract, the Contract Holder may consider you as still employed in the Covered Classes during certain types of absences from full-time work. This is subject to any time limits or other conditions stated in the Group Contract.

If you stop active full-time work for any reason, you should contact the Employer at once to determine what arrangements, if any, have been made to continue any of your insurance.

---

83500
BTE 1004

23

(99361-2)A

**ThePrudential** 

Employee: The Employee whose signature appears on the Foreword in the front of the Booklet.

# Certificate of Coverage

**Prudential** certifies that insurance is provided according to the Group Contract(s) for each Insured Employee. Your Booklet's Schedule of Benefits shows the Contract Holder and the Group Contract Number(s).

Insured Employee: You are eligible to become insured under the Group Contract if you are in the Covered Classes of the Booklet's Schedule of Benefits and meet the requirements in the Booklet's Who is Eligible section. The When You Become Insured section of the Booklet states how and when you may become insured for each Coverage. Your insurance will end when the rules in the When Your Insurance Ends section so provide. Your Booklet and this Certificate of Coverage together form your Group Insurance Certificate.

Coverages and Amounts: The available Coverages and the amounts of insurance are described in the Booklet.

If you are insured, your Booklet and this Certificate of Coverage form your Group Insurance Certificate. Together they replace any older booklets and certificates issued to you for the Coverages in the Booklet's Schedule of Benefits. All Benefits are subject in every way to the entire Group Contract which includes the Group Insurance Certificate.

**The Prudential Insurance Company of America**

## PLAN DESCRIPTION INFORMATION

**PLAN NAME**

The H. F. Ahmanson & Company Long Term Disability Plan

**PLAN SPONSOR**

H. F. Ahmanson & Company
4900 Rivergrade Road
Irwindale, CA 91706

**EMPLOYER IDENTIFICATION NUMBER**

95-0479700

**PLAN NUMBER**

550

**PLAN YEAR ENDS**

The plan's fiscal records are kept on a contract year beginning January 1 and ending on the following December 31.

**PLAN ADMINISTRATOR**

H. F. Ahmanson & Company
Corporate Human Resources Department
4900 Rivergrade Road
Irwindale, CA 91706
Telephone (818) 814-7588

**AGENT FOR SERVICE OF LEGAL PROCESS**

For disputes arising under the plan, service of legal process may be made on the plan administrator at the above address.

ED

01/95

**PLAN COSTS**

Paid by Employer and Employees

**PLAN BENEFITS PROVIDED BY**

The Prudential Insurance Company of America
Western Group Operations
P.O. Box 9220
Van Nuys, California 91409

**LOSS OF BENEFITS**

You must continue to be a member of the class to which this plan pertains and continue to make any of the contributions agreed to when you enrolled. Failure to do so may result in partial or total loss of your benefits. In addition, the employer maintains the right to modify or terminate the plan.

25

(Continued)
A

PLAN DESCRIPTION INFORMATION (Continued)

## REVIEW OF CLAIM DENIAL

If a claim is denied, you or your authorized representative should receive a written notice stating the basis for the denial. You will then be entitled, upon written request, to a review of that claim decision by Prudential. If you do not receive the notice within 90 days, this may be considered a claim denial and you will be entitled to a review as described above.

Specific information regarding this review procedure can be obtained from:

The Prudential Insurance Company of America
Western Group Life and Disability Operations
P.O. Box 9135
Van Nuys, CA 91409

## RIGHTS AND PROTECTIONS

As a participant in this plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:

1. Examine, without charge, at the plan administrator's office all plan documents, including insurance contracts, collective bargaining agreements and copies of all documents filed by the plan with the U.S. Department of Labor, such as detailed annual reports and plan descriptions.

2. Obtain copies of all plan documents and other plan information upon written request to the plan administrator. The administrator may make a reasonable charge for the copies.

3. Receive a summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of this plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and the other plan participants and beneficiaries.

No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

If your claim for a welfare benefit is denied in whole or in part, you must receive a written explanation of the reason for the denial. You have the right to have the plan review and reconsider your claim.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request materials from the plan and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $100 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court. If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous. If you have any questions about your plan, you should contact the plan administrator.

26

(Continued)
8

PLAN DESCRIPTION INFORMATION (Continued)

If you have any questions about this statement or about your rights under ERISA, you should contact the nearest Area Office of the U.S. Labor-Management Services Administration, Department of Labor.

C

**Notes**

# H. F. AHMANSON & COMPANY

LONG TERM DISABILITY
Option A and Option B
Effective January 1, 1995

# Foreword

We are pleased to present you with this Booklet. It describes the Program of benefits we have arranged for you and what you have to do to be covered for these benefits.

We believe this Program provides worthwhile protection for you and your family.

Please read this Booklet carefully. If you have any questions about the Program, we will be happy to answer them.

**IMPORTANT NOTICE:** This Booklet is an important document and should be kept in a safe place. This Booklet and the Certificate of Coverage made a part of this Booklet together form your Group Insurance Certificate. Sign your name in the space below when you receive this Booklet.

..................................................................

*Signature of Employee*

THIS NOTICE IS FOR TEXAS RESIDENTS ONLY

## IMPORTANT NOTICE

To obtain information or make a complaint:

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at

### 1-800-252-3439

You may write the Texas Department of Insurance
P.O. Box 149104
Austin, TX 78714-9104
FAX #(512) 475-1771

### PREMIUM OR CLAIM DISPUTES:

Should you have a dispute concerning your premium or about a claim you should contact the PRUDENTIAL first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

### ATTACH THIS NOTICE TO YOUR POLICY:

This notice is for information only and does not become a part or condition of the attached document.

## AVISO IMPORTANTE

Para obtener información o para someter una queja:

Puede comunicarse con el Departamento de Seguros de Texas para obtener información acerca de compañías, coberturas, derechos o quejas al

### 1-800-252-3439

Puede escribir al Departamento de Seguros de Texas

P.O. Box 149104
Austin, TX 78714-9104
FAX #(512) 475-1771

### DISPUTAS SOBRE PRIMAS O RECLAMOS:

Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con LA PRUDENTIAL primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (DST).

### UNA ESTE AVISO A SU POLIZA:

Este aviso es sólo para propósito de información y no se convierte en parte o condición del documento adjunto.

TXN 1001                                  .2                              (1-1)A

# Table of Contents

FOREWORD ................................................................................................ 1

SCHEDULE OF BENEFITS ......................................................................... 4

    Who is Covered? .................................................................................... 4
    Effective Date of These Benefits .......................................................... 4
    You Should Know ................................................................................... 4

    Employee Long Term Disability Coverage ........................................... 4
        When Do Benefits Begin?; How Long Will Benefits Be Paid?; Amount
        of Insurance

    Other Information ................................................................................... 8
        Waiting Period Before You Become Eligible for Insurance; Cost of the Insurance;
        When You Have a Claim

    Schedule Supplement for Employee Long Term Disability Coverage ..... 9
        How Benefits From Other Sources Can Affect Your Long Term
        Disability Coverage

ELIGIBILITY AND BECOMING INSURED .................................................. 12
    Who Is Eligible? .................................................................................... 12
    When You Become Insured ................................................................... 12
    When Coverage Could Be Delayed ...................................................... 13

EMPLOYEE LONG TERM DISABILITY COVERAGE ............................... 14
    Benefits for Total Disability; Benefits for Partial Disability; Separate Periods of Disability;
    Benefits for Expenses of Rehabilitation; Benefit Limitations; Disabilities
    Not Covered

MODIFICATION - WHEN ANOTHER PERSON IS LIABLE FOR YOUR
SICKNESS OR INJURY ............................................................................. 19

GENERAL INFORMATION ......................................................................... 20

    Assignment of Coverages to Others .................................................... 20

    Definitions .............................................................................................. 20

    If You Need to Make a Claim ............................................................... 22

WHEN YOUR INSURANCE ENDS ............................................................. 24

CERTIFICATE OF COVERAGE ................................................................. 25

Schedule of Benefits (Continued)

(2) any disability benefits law or similar law.

If you temporarily recover from your Disability for 30 working days or less during the Elimination Period, your Disability will be treated as continuous, but recovery days will not count toward the Elimination Period.

**Delay of Effective Date:** The Delay of Effective Date section applies to determine your Scheduled Benefit. It does not apply to any other change in your insurance under this Coverage.

**Assignments:** The insurance is assignable only as a gift, except as follows: you may assign benefits for expenses of a rehabilitation program to a provider of service.

**Maximum Benefit Duration for a period of your Disability:**

| Your Age on Date Disability Begins | Your Maximum Benefit Duration |
|---|---|
| Under age 61 | To your normal retirement age,* but not less than 60 months |
| Age 61 | To your normal retirement age,* but not less than 48 months |
| Age 62 | To your normal retirement age,* but not less than 42 months |
| Age 63 | To your normal retirement age,* but not less than 36 months |
| Age 64 | To your normal retirement age,* but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth, as follows:

| Year of Birth | Social Security Retirement Age |
|---|---|
| Before 1938 | 65 |
| 1938 | 65 and 2 months |
| 1939 | 65 and 4 months |
| 1940 | 65 and 6 months |
| 1941 | 65 and 8 months |
| 1942 | 65 and 10 months |
| 1943 -1954 | 66 |
| 1955 | 66 and 2 months |
| 1956 | 66 and 4 months |
| 1957 | 66 and 6 months |
| 1958 | 66 and 8 months |
| 1959 | 66 and 10 months |
| After 1959 | 67 |

**Adjusted Benefit:**

When the Adjusted Benefit is payable for a full Calendar Month, it is equal to (1) minus (2):

(1)  Your Scheduled Benefit. This is the amount shown below.

(2)  Your Offset Amount for that Calendar Month.

Schedule of Benefits  (Continued)

**Scheduled Benefit:**

The Scheduled Benefit that applies to your Class is determined by Option A or Option B, as follows:

(1)  Initial Scheduled Benefit: Your Initial Scheduled Benefit is the Option that is indicated on your request for the insurance. If you do not choose any Option, you will automatically be enrolled in Option A.

(2)  Change in Option: You may request that the Scheduled Benefit be changed to the other Option shown below during Group Open Enrollment or if you have a change in family status. The change will be made on the date determined in (a), (b), or (c).

   (a)  If you choose any other coverage Option, you will be insured on the later of these dates:

      (i)   your date of eligibility, if you apply before that date; or

      (ii)  the date you apply, if you do it on or before the 31st day after your date of eligibility.

   (b)  When you enroll during any Group Open Enrollment period, you will be insured for the selected coverage on the first day of the next contract year.

   (c)  When you change coverage because of a family status change, you will be insured for the selected coverage on the later of the following dates, provided you apply on or before the 31st day after the family status change:

      (i)   the date of the family change; or

      (ii)  the date you apply for the change in coverage.

If you do not apply for any other coverage Option on or before the 31st day after your date of eligibility, you may not make a change until the next Group Open Enrollment period or following a family status change.

| Benefit Classes | Scheduled Benefit |
|---|---|
| **Option A** | |
| All Employees............................................. | 60% of your monthly Earnings, but not more than $18,000. |
| **Option B** | |
| All Employees............................................. | 66.7% of your monthly Earnings, but not more than $18,000. |

The Definitions section explains what "Earnings" means.

83500
BSB 1001                                7                                (Continued)
                                                                         (99361-1)D

Schedule of Benefits (Continued)

## OTHER INFORMATION

**Contract Holder:** H. F. AHMANSON & COMPANY

**Group Contract No.:** G-99361

**Associated Companies:**    Employers who are the Contract Holder's subsidiaries or affiliates, and are reported in writing to Prudential for inclusion under the Group Contract.

**Employment Waiting Period:** The following period of continuous full-time service with the Employer:

For regular part-time Employees being reclassified to full-time Employees: The period extending from the date of reclassification to the first day of the month following reclassification.

For other full-time Employees: The period extending from the Employee's date of employment to the first day of the month following three months of continuous full-time employment.

**Cost of the Insurance:** The insurance in this Booklet is Contributory Insurance. You will be informed of the amount of your contribution when you enroll.

**Prudential's Address:**

The Prudential Insurance Company of America
Western Group Operations
P.O. Box 9220
Van Nuys, California 91409

## WHEN YOU HAVE A CLAIM

Each time a claim is made, it should be made without delay. To file a claim, call telephone **1-800-853-6392** between 8:00 AM and 4:00 PM, Pacific Standard Time. An automated voice message system is available after regular office hours.

————————

83500
BSB 1001                                    8                         (99361-1)E

## SCHEDULE SUPPLEMENT FOR EMPLOYEE LONG TERM DISABILITY COVERAGE

● The Adjusted Benefit under Employee Long Term Disability Coverage in the Schedule of Benefits refers to your Offset Amount. That Offset Amount is determined from this Schedule Supplement. It describes the Periodic Benefits from other sources that are used to calculate your Offset Amount and how those Periodic Benefits are computed. Your Offset Amount is used to determine your Adjusted Benefit under the Coverage, as outlined in the Schedule of Benefits.

**Offset Amount:** This is the amount used to determine your Adjusted Benefit under the Coverage for a full Calendar Month or part of a Calendar Month. It is equal to the total amount of payments or benefits which for that Calendar Month or part of a Calendar Month are Periodic Benefits (described below) payable to you or to your spouse or children based on your work and earnings, or would be so payable if timely claim for them were made.

In computing those Periodic Benefits for all or part of a Calendar Month, these rules apply:

(1) If any Periodic Benefit is not payable on a full Calendar Month basis, it will be adjusted to that basis.

(2) When any Periodic Benefit is payable or being determined for part of a Calendar Month, 1/30 of its full Calendar Month basis will be used for each day to which it applies in that part of the Calendar Month.

**Periodic Benefits:** These are all of the benefits listed in (A) through (E) below. As stated above, they will be used to find your Adjusted Benefit. A change in your Periodic Benefits under (A), (B)(2), (B)(3), (D) or (E) will not be considered in determining your Adjusted Benefit for all or part of a Calendar Month if the following are true:

(1) It is not due to a change in your personal or family status.

(2) It is effective after benefits of the Coverage begin for that period.

The Periodic Benefits are:

(A) Loss of time benefits payable for disability, whether permanent or temporary, due to a Sickness or Injury arising out of work for wages or profit with the Employer if the benefits are payable under or by reason of the following:

    (1) A workers' compensation law, occupational disease law or similar law. This includes the part of any damages or settlement for your loss of income made in place of such benefits, whether or not liability is admitted.

    (2) The maritime doctrine of maintenance, wages and cure. This includes only the "wages" part of such benefits.

(B) Loss of time disability benefits payable under or by reason of:

    (1) Any insurance or a health or welfare plan or other employee benefit plan where the Employer, directly or indirectly, has paid all or part of the cost or made payroll deductions.

    (2) The United States Social Security Act as amended from time to time. This does not include benefits paid to your former spouse or to your child living with such spouse.

    (3) A state, Provincial or other Federal law of the United States or Canada. This does not include a law providing benefits or payments due to military service or any benefits under a motor vehicle insurance contract.

(C) Payments made to you by the Employer as, or in place of, all or part of your wage or salary.

83500
LTD U 1014

9.

(Continued)
(99361-1)A

SCHEDULE SUPPLEMENT FOR EMPLOYEE LONG TERM DISABILITY COVERAGE (Continued)

(D) Periodic benefits under the United States Social Security Act as amended from time to time for any month after you reach age 62. This does not include:

(1) benefits for any month before you reach normal retirement age*, unless you choose to receive benefits for that month; or

(2) benefits paid to your former spouse or to your children living with such spouse.

(E) Retirement benefits to the extent they are funded by employer contributions if they are from an insurance, annuity or pension contract, or a welfare or other employee benefit plan.

However, this (E) does not include benefits for any month before you reach normal retirement age*, unless you choose to receive benefits for that month.

*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth. A Table showing the retirement ages by year of birth appears under the heading Maximum Benefit Duration in the Schedule of Benefits.

**Estimated Social Security Benefits:** This section applies with respect to disability benefits under the United States Social Security Act. As stated above, Periodic Benefits include benefits that would be payable if timely claim for them is made. In the case of Social Security benefits, this includes timely and diligent pursuit of benefits through each of these steps:

(1) Application for such benefits;

(2) Appeal at the reconsideration level, if benefits are denied.

(3) Appeal at the Administrative Law Judge level, if benefits are again denied.

Until you give Prudential written proof that you have completed the three-step process above, and benefits are finally denied, Prudential may:

(1) estimate your monthly Social Security benefit; and

(2) use that amount to determine your Adjusted Benefit.

But, Prudential will not estimate Social Security benefits while your application and appeals are pending if you sign Prudential's Reimbursement Agreement.

If Prudential finds that the amount of benefits that should have been used to determine your Adjusted Benefit differs from the amount actually used, these rules apply:

(1) If benefits have been underpaid, Prudential will make a lump sum payment to bring the total payments to the amount that should have been paid.

(2) If benefits have been overpaid, Prudential may ask for a lump sum payment or, at its option, reduce or eliminate future payments. If Prudential reduces or eliminates future payments, the minimum Adjusted Benefit, if any, will not apply.

**Lump Sum Benefits:** If benefits payable under a workers' compensation law, occupational disease law or similar law (including the part of any damages or settlement made in place of such benefits) are paid in a lump sum, that sum will be treated as loss of time disability benefits unless otherwise stated in the award. The amount deemed to be paid monthly will be the amount:

(1) stated in the award, settlement or agreement as a periodic monthly benefit; or

(2) set by the law as the maximum periodic monthly benefit if the sum is not paid for a specific time period.

83500
LTD U 1014                                    10                              (Continued)
                                                                              (99361-1)B

SCHEDULE SUPPLEMENT FOR EMPLOYEE LONG TERM DISABILITY COVERAGE (Continued)

If benefits from any other sources included in Periodic Benefits above are paid in a lump sum:

(1) the sum will be prorated on a monthly basis over the time period for which the sum is paid; or

(2) the sum will be prorated on a monthly basis over a 60 month period starting with the date benefits are first payable under this Coverage if the sum is not paid for a specific time period.

# Who is Eligible to Become Insured

## FOR EMPLOYEE INSURANCE

You are eligible for Employee Insurance while:

- You are a full-time Employee of the Employer; and
- You are in a Covered Class; and
- You have completed the Employment Waiting Period.

You are full-time if you are regularly working for the Employer at least the number of hours in the Employer's normal full-time work week for your class, but not less than 40 hours per week (37.5 hours per week for New York Employees). If you are a partner or proprietor of the Employer, that work must be in the conduct of the Employer's business.

Your class is determined by the Contract Holder. This will be done under its rules, on dates it sets. The Contract Holder must not discriminate among persons in like situations. You cannot belong to more than one class for insurance on each basis, Contributory or Non-contributory Insurance, under a Coverage. "Class" means Covered Class, Benefit Class or anything related to work, such as position or Earnings, which affects the insurance available.

This applies if you are an Employee of more than one employer included under the Group Contract: For the insurance, you will be considered an Employee of only one of those employers. Your service with the others will be treated as service with that one.

The rules for obtaining Employee Insurance are in the When You Become Insured section.

# When You Become Insured

## FOR EMPLOYEE INSURANCE

Prompt enrollment is important.

(1) If you enroll for Employee Insurance under a Coverage other than during a Group Open Enrollment Period (see below) and after you could first be covered, your Employee Insurance will begin on the first day, on or after the date of your enrollment, on which all the conditions below are met.

(2) If you enroll for Employee Insurance under a Coverage during a Group Open Enrollment Period, your Employee Insurance will begin on the Group Open Enrollment effective date established by the Contract Holder and agreed to by Prudential if all the conditions below are met on that date. Otherwise, on the first day thereafter on which all the conditions below are met.

Conditions

(a) You are eligible for Employee Insurance and have met any evidence requirement for Employee Insurance.

(b) You are in a Covered Class for that insurance.

83500
BEL 1001

12

(Continued)
(99361-1)A

When You Become Insured (Continued)

(c)  You have enrolled for it on a form approved by Prudential and, if the insurance is contributory, you have agreed to pay any required contributions.

(d)  Your insurance is not being delayed under the Delay of Effective Date section below.

(e)  That Coverage is part of the Group contract.

**Group Open Enrollment Period:** A period of at least 30 days each year, set by the Contract Holder and agreed to by Prudential, during which an Employee may change his or her enrollment between the various insurance plans available under the Employer's benefit plan, including this Employee Long Term Disability Coverage.

At any time, the benefits for which you are insured are those for your class, unless otherwise stated.

# Changes in Coverage After Becoming Insured

You may request for a change in your insurance if you have a change in family status. Changes must be made within 31 days of the qualifying event. A change in family status means one of the following qualifying events:

- Birth or adoption of a child.
- Marriage.
- Divorce.
- Employment changes for your spouse, including gaining employment, termination of employment or changing jobs.
- Employee or spouse going from part-time to full-time employment, vice versa.
- Employee or spouse taking an unpaid leave.
- Death of your spouse or child.

# Delay of Effective Date

## FOR EMPLOYEE INSURANCE

Your Employee Insurance under a Coverage will be delayed if you do not meet the Active Work Requirement on the day your insurance would otherwise begin. Instead, it will begin on the first day you meet the Active Work Requirement and the other requirements for the insurance. The same delay rule will apply to any change in your insurance that is subject to this section. If you do not meet the Active Work Requirement on the day that change would take effect, it will take effect on the first day you meet that requirement.

83500
BEL 1001                                    13                              (99361-1)B

# Employee Long Term Disability Coverage

## FOR YOU ONLY

This Coverage pays benefits when you have a long period of Disability. Those benefits start after an Elimination Period. The benefits of Sections A and B are subject to the provisions of Sections C, E and F.

Not all Disabilities are covered. See Section F below.

"Total Disability" exists when Prudential determines that all of these conditions are met:

(1) Due to Sickness or accidental Injury, both of these are true:

    (a) You are not able to perform, for wage or profit, the material and substantial duties of your occupation.

    (b) After the Initial Duration of a period of Total Disability, you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience. The Initial Duration is shown in the Schedule of Benefits.

(2) You are not working at any job for wage or profit.

(3) You are under the regular care of a Doctor.

"Partial Disability" exists when Prudential determines that all of these conditions are met:

(1) Due to Sickness or accidental Injury you are not able to perform, for wage or profit, the material and substantial duties of your occupation on a full-time basis.

(2) You are working for wage or profit:

    (a) at your own occupation, but you are not able to perform your duties on a full-time basis; or

    (b) at another occupation.
    The amount of your monthly earnings is your Partial Disability Earnings.

(3) Your Partial Disability Earnings are not more than 80% of your Pre-Disability Earnings. Your Pre-Disability Earnings are the amount of your monthly Earnings before your period of Total Disability began.

(4) You are under the regular care of a Doctor.

"Disability" means either Total Disability or Partial Disability.

## A. BENEFITS FOR TOTAL DISABILITY.

Benefits are payable under this Section for a period of your Total Disability. Those benefits start on the first day after the Elimination Period (in the Schedule of Benefits) if you are not then receiving benefits for Partial Disability. The Elimination Period does not apply to Total Disability that starts while you are receiving benefits under this Coverage for Partial Disability.

A.  BENEFITS FOR TOTAL DISABILITY. (Continued)

Periods of Disability that include times when you are Totally Disabled as well as times when you are Partially Disabled, including any part of the Elimination Period, are one period of Disability unless:

> they meet the conditions for separate periods of Disability in Section C; or

> the Disability is not treated as continuous under the Elimination Period in the Schedule of Benefits.

Benefits for one such period of Disability are not payable for more than the Maximum Benefit Duration (in the Schedule of Benefits).

The benefits are payable for your period of Total Disability only if the period of Total Disability began while you were a Covered Person.

**Amount Payable:** The Adjusted Benefit (shown in the Schedule of Benefits) is payable for each full Calendar Month of Total Disability. An Adjusted Benefit is also determined and payable for any part of a Calendar Month made up of a day or days of Total Disability. "Calendar Month" is defined in the Schedule of Benefits.

## B.  BENEFITS FOR PARTIAL DISABILITY.

Benefits are payable under this Section for a period of your Partial Disability. Benefits start on the first day after the Elimination Period (in the Schedule of Benefits) if you are not then receiving benefits for Total Disability. The Elimination Period does not apply to Partial Disability that starts while you are receiving benefits under this Coverage for Total Disability.

Periods of Disability that include times when you are Totally disabled as well as when you are Partially Disabled, including any part of the Elimination Period, are one period of Disability unless:

> they meet the conditions for separate periods of Disability in Section C; or

> the Disability is not treated as continuous under the Elimination Period in the Schedule of Benefits.

Benefits for one such period of Disability are not payable for more than the Maximum Benefit Duration (in the Schedule of Benefits).

The benefits are payable for your period of Partial Disability only if the period of Disability began while you were a Covered Person.

**Amount Payable:** An amount equal to (1) or (2):

(1)  This applies if your Partial Disability Earnings are less than 20% of your Pre-Disability Earnings. Benefits will be the same as the benefits that would be payable under this Coverage for Total Disability had you not been working for wage or profit.

(2)  This applies if your Partial Disability Earnings are at least 20% but not more than 80% of your Pre-Disability Earnings. Benefits will be the portion of your Earnings lost times the benefits that would be payable under this Coverage for Total Disability had you not been working for wage or profit. But, benefits will not be less than the minimum Adjusted Benefit for Disability, if any, shown in the Schedule of Benefits.

The portion of your Earnings lost is the difference between your Pre-Disability Earnings and Partial Disability Earnings, divided by your Pre-Disability Earnings.

You must give Prudential any proof needed to confirm your Partial Disability Earnings.

## C. SEPARATE PERIODS OF DISABILITY.

This Section applies if a period of your Disability starts after a prior period for which benefits were payable under this Coverage.

In that case, the later period will be treated as part of the prior period unless one of these conditions is met:

(1) Between the periods, you have performed, for wage or profit, all the material and substantial duties of a job with the Employer on a full-time basis for at least 6 consecutive months.

(2) The periods are due to wholly unrelated causes.

(3) Between the periods, you became eligible for other long term disability coverage through the Employer or any other employer.

## D. BENEFITS FOR EXPENSES OF REHABILITATION.

This Section applies if:

(1) you are Disabled; and

(2) you are, or may become, entitled to benefits under this Coverage for that Disability.

Prudential may determine, after consulting your Doctor, that:

(1) you are able to be in a program of rehabilitation that may help you to be able to support yourself; and

(2) you should cease to be Disabled and be able to support yourself after being in such program.

Prudential will determine the type of expenses that will be covered and when they may be incurred. Prudential will inform you of the terms under which payment will be made.

If you agree to be in that program, benefits will be payable for the covered expenses you are charged. Benefits will not be provided to the extent coverage for the expenses is required, or is available at no cost to you, under a law or governmental program which provides rehabilitation. Nor will benefits be provided to the extent that coverage for the expenses is provided by an insured or uninsured plan under which the Employer or any other employer has paid any of the cost or made payroll deductions.

## E. BENEFIT LIMITATION.

This Section applies if your Disability, as determined by Prudential, is caused at least in part by a mental, psychoneurotic or personality disorder. In that case, benefits are not payable for your Disability for more than 12 months. There are these exceptions if you are Totally Disabled at the end of the twelfth month for which benefits are payable:

(1) If you are Confined in a Hospital for one or more of the disorders above at the end of the twelfth month, the following will apply. While you remain Totally Disabled, benefits are payable for the duration of that Confinement and, unless (2) below applies, for up to three additional months after your Confinement ends.

(2) If, after the twelfth month, you become Confined in a Hospital for one or more of the disorders above for at least 14 consecutive days, the following will apply. While you remain Totally Disabled, benefits are payable for the remaining duration of that Confinement and for up to three additional months after your Confinement ends.

E.   BENEFIT LIMITATION. (Continued)

But, benefits are not payable for more than the Maximum Benefit Duration.

"Confined" or "Confinement" as used in this Section means a Hospital stay of at least 8 hours per day.

"Hospital" means an institution that meets either of these two tests:

(1)   It is accredited as a hospital under the Hospital Accreditation Program of the Joint Commission on Accreditation of Healthcare Organizations.

(2)   It is legally operated, has 24 hour a day supervision by a staff of Doctors, has 24 hour a day nursing service by registered graduate nurses, and complies with (a) or (b):

(a)   It mainly provides general inpatient medical care and treatment of sick and injured persons by the use of medical, diagnostic and major surgical facilities. All such facilities are in it or under its control.

(b)   It mainly provides specialized inpatient medical care and treatment of sick or injured persons by the use of medical and diagnostic facilities (including X-ray and laboratory). All such facilities are in it, under its control, or available to it under a written agreement with a Hospital (as defined above) or with a specialized provider of those facilities.

But Hospital does not include a nursing home. Neither does it include an institution, or part of one, which: (i) is used mainly as a place for convalescence, rest, nursing care or for the aged; or (ii) furnishes mainly homelike or custodial care, or training in the routines of daily living; or (iii) is mainly a school.

## F.   NOT COVERED.

(1)   Any Disability caused, wholly or partly, by one or more of these:

(a)   Intentionally self-inflicted Injury or attempted suicide while sane or insane.

(b)   War or any act of war. "War" means declared or undeclared war and includes resistance to armed aggression.

(2)   A period of Disability, or part of such period, while you are confined in a prison or other house of correction due to a conviction in a court of law.

(3)   A period of Disability which starts within six months of the date you become a Covered Person and is due to a pre-existing Sickness or Injury. Such a Sickness or Injury is one which was diagnosed or for which any charges were incurred or treatment was rendered within one month before the date you became a Covered Person.

A later period of Disability is considered related to a prior period only if they are due to the same Sickness or Injury and are not separated by both:

(a)   your meeting the Active Work Requirement; and

(b)   a continuous period of at least 90 days, entirely after you meet that Active Work Requirement, in which you incur no charges for that Sickness or Injury.

F.  NOT COVERED.  (Continued)

A charge is considered incurred on the date of the service or purchase for which the charge is made.

_____

The benefits of this Coverage are payable to you. Payment will be made monthly. The Claim Rules apply to payment of the benefits.

_____

# Benefit Modification for Third Party Liability

This modifies any Coverage of the Group Contract that:

(1) is a health care expense Coverage; or

(2) provides weekly or long term disability benefits.

A.  This Modification applies when a person, other than the person for whom a claim is made, is considered responsible for a Sickness or Injury. To the extent payment for the Sickness or Injury is made, or may be made in the future, by or for that responsible person (as a settlement, judgment or in any other way):

   (1)  charges arising from that Sickness or Injury are not covered; and

   (2)  benefits for any period of Total Disability resulting (in whole or in part) from that Sickness or Injury are not payable.

B.  But when claim is received by Prudential, benefits which would be payable except for A. above will be paid if:

   (1)  payment by or for the responsible person has not yet been made; and

   (2)  the Covered Person(s) involved (or if incapable, that person's legal representative) agrees in writing to pay back promptly the benefits paid as a result of the Sickness or Injury to the extent of any future payments made by or for the responsible person for the Sickness or Injury. The agreement is to apply whether or not: (a) liability for the payments is admitted by the responsible person; and (b) such payments are itemized. A reasonable share of fees and costs incurred to obtain such payments may be deducted from amounts to be repaid to Prudential.

C.  Amounts due Prudential to repay benefits, agreed to as described in B. above, may be deducted from other benefits payable by Prudential after payments by or for the responsible person are made.

---

# General Information

## LIMITS ON ASSIGNMENTS

You may assign your insurance under a Coverage. Unless the Schedule of Benefits states otherwise, the following rules apply to assignments: (1) Insurance under any Coverage providing periodic benefits on account of disability may be assigned only as a gift assignment; (2) Insurance under any other Coverage may be assigned without restriction. Any rights, benefits or privileges that you have as an Employee may be assigned. Prudential will not decide if an assignment does what it is intended to do. Prudential will not be held to know that one has been made unless it or a copy is filed with Prudential through the Contract Holder.

## DEFINITIONS

**Active Work Requirement:** A requirement that you be actively at work on full time at the Employer's place of business, or at any other place that the Employer's business requires you to go.

**Calendar Year:** A year starting January 1.

**Contributory Insurance, Non-contributory Insurance:** Contributory Insurance is insurance for which the Contract Holder has the right to require your contributions. Non-contributory Insurance is insurance for which the Contract Holder does not have the right to require your contributions. The Schedule of Benefits shows whether insurance under a Coverage is Contributory Insurance or Non-contributory Insurance.

**Coverage:** A part of the Booklet consisting of:

(1) A benefit page labeled as a Coverage in its title.

(2) Any page or pages that continue the same kind of benefits.

(3) A Schedule of Benefits entry and other benefit pages or forms that by their terms apply to that kind of benefits.

**Covered Person** under a Coverage: An Employee who is insured for Employee Insurance under that Coverage; a Qualified Dependent for whom an Employee is insured for Dependents Insurance, if any, under that Coverage.

**Doctor:** A licensed practitioner of the healing arts acting within the scope of the license.

**Earnings:** This is the gross amount of money paid to you by the Employer in cash for performing the duties required of your job. Bonuses, overtime pay, Earnings for more than 40 hours per week, and all other benefits are not included. Your monthly Earnings on the September 1, prior to the contract anniversary (or on your employment date, if later) are used to calculate the amount of your coverage and your contribution. For commissioned Employees, Earnings in the 12-month period ending August 31, are used. Because commissioned Employees do not have a defined salary, Earnings are assumed to be $2,500 a month for new commissioned Employees. The amount of your coverage does not change even if your Earnings change during the year.

**Employee:** A person employed by the Employer; a proprietor or partner of the Employer. The term also applies to that person for any rights after insurance ends.

**Employee Insurance:** Insurance on the person of an Employee.

**The Employer:** Collectively, all employers included under the Group Contract.

83500
BAS 1007

20

(Continued)
(99361-1)A

DEFINITIONS (Continued)

**Injury:** Injury to the body of a Covered Person.

**Prudential:** The Prudential Insurance Company of America.

**Sickness:** Any disorder of the body or mind of a Covered Person, but not an Injury; pregnancy of a Covered Person, including abortion, miscarriage or childbirth.

**You:** An Employee.

———————————

## CLAIM RULES

These rules apply to payment of benefits under a Coverage when the Coverage states that they do.

**Notice of Claim:** This paragraph applies only to Employee Long Term Disability Coverage. Prudential must be given a telephone notice that a claim will be made. The notice must be given to Prudential within 30 days after the end of the Elimination Period (defined in the Coverage). But, failure to meet that time limit will not make the claim invalid if the notice is given as soon as reasonably possible. The notice may be given by you or for you. It must show your name, the Employer's name and the Group Contract Number.

**Proof of Loss:** Prudential must be given written proof of the loss for which claim is made under the Coverage. This proof must cover the occurrence, character and extent of that loss. It must be furnished within 90 days after the date of the loss, except that :

(1) If the Coverage is Employee Long Term Disability Coverage, both of these time limits must be met:

    (a) Initial proof of loss must be furnished within 90 days after the end of the first month following the Elimination Period.

    (b) Proof for each later month of continuing loss must be furnished within 90 days after the end of that month.

(2) If any other Coverage provides for periodic payment of benefits at monthly or shorter intervals, the proof of loss for each such period must be furnished within 90 days after its end.

(3) If payment under a Coverage is to be made for charges incurred during a Calendar Year, the proof for that Calendar Year must be furnished within 90 days after its end.

A claim will not be considered valid unless the proof is furnished within these time limits. However, it may not be reasonably possible to do so. In that case, the claim will still be considered valid if the proof is furnished as soon as reasonably possible.

**When Benefits are Paid:** Benefits are paid when Prudential receives written proof of the loss. But, if a Coverage provides that benefits are payable at equal intervals of a month or less, Prudential will not have to pay those benefits more often.

A benefit unpaid at your death will be paid to your estate. But this does not apply if the Coverage or the Limits on Assignments section on an earlier page states otherwise.

**Physical Exam:** Prudential, at its own expense, has the right to examine the person whose loss is the basis of claim. Prudential may do this when and as often as is reasonable while the claim is pending.

**Legal Action:** No action at law or in equity shall be brought to recover on the Group Contract until 60 days after the written proof described above is furnished. No such action shall be brought more than three years after the end of the time within which proof of loss is required.

## INCONTESTABILITY OF INSURANCE TO WHICH THE CLAIM RULES APPLY

This limits Prudential's use of your statements in contesting an amount of that insurance for which you are insured. These are statements made to persuade Prudential to effect an amount of that insurance. They will be considered to be made to the best of your knowledge and belief. These rules apply to each statement:

(1) It will not be used in a contest to avoid or reduce that amount of insurance unless:

    (a) It is in a written application signed by you; and

83500
BCL 1006

22

(Continued)
(1-1)(99351-1)A

INCONTESTABILITY OF INSURANCE TO WHICH THE CLAIM RULES APPLY  (Continued)

    (b)  A copy of that application is or has been furnished to you.

(2)  It will not be used in the contest after that amount of insurance has been in force, before the contest, for at least two years during your lifetime.

## NOT IN PLACE OF WORKERS' COMPENSATION INSURANCE

The Group Contract is not in place of and does not affect any requirement for coverage by Workers' Compensation Insurance.

———————————

83500
BCL 1006                                    23                         (1-1)(99361-1)B

# When Your Insurance Ends

## EMPLOYEE INSURANCE

Your Employee Insurance under a Coverage will end when the first of these occurs:

- Your membership in the Covered Classes for the insurance ends because your employment ends (see below) or for any other reason.

- The part of the Group Contract providing the insurance ends.

- You fail to pay, when due, any contribution required for an insurance of the Group Contract.

**End of Employment:** For insurance purposes, your employment will end when you are no longer a full-time Employee actively at work for the Employer. But, under the terms of the Group Contract, the Contract Holder may consider you as still employed in the Covered Classes during certain types of absences from full-time work. This is subject to any time limits or other conditions stated in the Group Contract.

If you stop active full-time work for any reason, you should contact the Employer at once to determine what arrangements, if any, have been made to continue any of your insurance.

---

83500
BTE 1004                                    24                                  (99361-1)A



Employee: The Employee whose signature appears on the Foreword in the front of the Booklet.

# Certificate of Coverage

Prudential certifies that insurance is provided according to the Group Contract(s) for each Insured Employee. Your Booklet's Schedule of Benefits shows the Contract Holder and the Group Contract Number(s).

Insured Employee: You are eligible to become insured under the Group Contract if you are in the Covered Classes of the Booklet's Schedule of Benefits and meet the requirements in the Booklet's Who is Eligible section. The When You Become Insured section of the Booklet states how and when you may become insured for each Coverage. Your insurance will end when the rules in the When Your Insurance Ends section so provide. Your Booklet and this Certificate of Coverage together form your Group Insurance Certificate.

Coverages and Amounts: The available Coverages and the amounts of insurance are described in the Booklet.

If you are insured, your Booklet and this Certificate of Coverage form your Group Insurance Certificate. Together they replace any older booklets and certificates issued to you for the Coverages in the Booklet's Schedule of Benefits. All Benefits are subject in every way to the entire Group Contract which includes the Group Insurance Certificate.

**The Prudential Insurance Company of America**

## PLAN DESCRIPTION INFORMATION

**PLAN NAME**

The H. F. Ahmanson & Company Long Term Disability Plan

**PLAN SPONSOR**

H. F. Ahmanson & Company
4900 Rivergrade Road
Irwindale, CA 91706

**EMPLOYER IDENTIFICATION NUMBER**

95-0479700

**PLAN NUMBER**

550

**PLAN YEAR ENDS**

The plan's fiscal records are kept on a contract year beginning January 1 and ending on the following December 31.

**PLAN ADMINISTRATOR**

H. F. Ahmanson & Company
Corporate Human Resources Department
4900 Rivergrade Road
Irwindale, CA 91706
Telephone (818) 814-7588

**AGENT FOR SERVICE OF LEGAL PROCESS**

For disputes arising under the plan, service of legal process may be made on the plan administrator at the above address.

**ED**

01/95

**PLAN COSTS**

Paid by Employer and Employees

**PLAN BENEFITS PROVIDED BY**

The Prudential Insurance Company of America
Western Group Operations
P.O. Box 9220
Van Nuys, California 91409

**LOSS OF BENEFITS**

You must continue to be a member of the class to which this plan pertains and continue to make any of the contributions agreed to when you enrolled. Failure to do so may result in partial or total loss of your benefits. In addition, the employer maintains the right to modify or terminate the plan.

(Continued)

26                                    A

PLAN DESCRIPTION INFORMATION (Continued)

**REVIEW OF CLAIM DENIAL**

If a claim is denied, you or your authorized representative should receive a written notice stating the basis for the denial. You will then be entitled, upon written request, to a review of that claim decision by Prudential. If you do not receive the notice within 90 days, this may be considered a claim denial and you will be entitled to a review as described above.

Specific information regarding this review procedure can be obtained from:

The Prudential Insurance Company of America
Western Group Life and Disability Operations
P.O. Box 9135
Van Nuys, CA 91409

**RIGHTS AND PROTECTIONS**

As a participant in this plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:

1.  Examine, without charge, at the plan administrator's office all plan documents, including insurance contracts, collective bargaining agreements and copies of all documents filed by the plan with the U.S. Department of Labor, such as detailed annual reports and plan descriptions.

2.  Obtain copies of all plan documents and other plan information upon written request to the plan administrator. The administrator may make a reasonable charge for the copies.

3.  Receive a summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of this plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and the other plan participants and beneficiaries.

No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

If your claim for a welfare benefit is denied in whole or in part, you must receive a written explanation of the reason for the denial. You have the right to have the plan review and reconsider your claim.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request materials from the plan and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $100 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court. If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous. If you have any questions about your plan, you should contact the plan administrator.

(Continued)
B

PLAN DESCRIPTION INFORMATION (Continued)

If you have any questions about this statement or about your rights under ERISA, you should contact the nearest Area Office of the U.S. Labor-Management Services Administration, Department of Labor.

C

The**Prudential** 

# Group Insurance Contract

Contract Holder:   H.F. AHMANSON & COMPANY

Group Contract No.: G-99361

Prudential will provide or pay the benefits described in the Group Insurance Certificate(s) listed in the Schedule of Plans of the Group Contract, subject to the Group Contract's terms. This promise is based on the Contract Holder's application and payment of the required premiums.

All of the provisions of the Group Insurance Certificate(s), attached to and made a part of the Group Contract, apply to the Group Contract as if fully set forth in the Group Contract.

The Group Contract takes effect on the Contract Date, if it is duly attested under the Group Contract Schedule. It continues as long as the required premiums are paid, unless it ends as described in its General Rules. Dividends are apportioned each year.

The Group Contract is delivered in and is governed by the laws of the Governing Jurisdiction.

_____                    _____
Secretary                                              Chairman of the Board

83500
COV 1004

(1-5)(99361-3)A

# Group Contract Schedule

**Contract Date:** January 1, 1995

**Contract Anniversaries:** January 1 of each year, beginning in 1996.

**Premium Due Dates:** The Contract Date, and the first day of the month beginning with February, 1995.

**Governing Jurisdiction:** State of California

**Associated Companies:**    Employers who are the Contract Holder's subsidiaries or affiliates, and are reported in writing to Prudential for inclusion under the Group Contract.

**Minimum Participation Number:** 25

## INCLUDED EMPLOYERS

Included Employers under the Group Contract are the Contract Holder and its Associated Companies, if any.

Associated Companies are employers who are the Contract Holder's subsidiaries or affiliates and are listed in the Group Contract Schedule.

An Employee of more than one Included Employer will be considered an Employee of only one of those employers for the purpose of the Group Contract. That Employee's service with all other Included Employers will be treated as service with that one.

On any date when an employer ceases to be an Included Employer, the Group Contract will be considered to end for Employees of that employer. This applies to all of those Employees except those who, on the next day, are still within the Covered Classes of a plan of benefits of the Group Contract as Employees of another Included Employer. The plans of benefits for Covered Classes are listed in the Group Contract's Schedule of Plans.

The Contract Holder must let Prudential know, in writing, when an employer listed as an Associated Company is no longer one of its subsidiaries or affiliates.

---

Table of Contents (as of the Contract Date): The Group Contract includes these forms with an 83500 prefix: COV 1004(1-5); GCS 1027, SPR 1001, GR 1017(1-13), MOD 1001, SCH 1001, APP 1001.

---

Attest: _Victoria O. Ferrara_ ...........................................

83500
GCS 1027

(99361-3)A

# Schedule of Premium Rates

G-99361

Classes of Employees to which this Schedule applies:

All Classes

Applicable Coverage(s)

All Coverages

**Monthly Rate Per Employee** *

The Premium rates in effect on the Contract Date are determined by Prudential. Those rates will be shown on the billing notice(s) sent to the Contract Holder (subject to any subsequent corrections).

* The second paragraph of the Premium Rate Changes section of the General Rules limits Prudential's right to change premium rates as of any Premium Due Date. The following limit is added to that paragraph. Item (1) of that section will not be used to change rates under the Long Term Disability Coverage within 36 months of the last change of rates for it under that (1).

83500
SPR 1001

(99361-3)

# General Rules

## A. PAYMENT OF PREMIUMS - GRACE PERIOD.

Premiums are to be paid by the Contract Holder to Prudential. Each may be paid at a Prudential office or to one of its authorized agents. One is due on each Premium Due Date stated in the Group Contract Schedule. The Contract Holder may pay each premium other than the first within 31 days of the Premium Due Date without being charged interest. Those days are known as the grace period. The Contract Holder is liable to pay premiums to Prudential for the time the Group Contract is in force.

## B. PREMIUM AMOUNTS.

The premium due on each Premium Due Date is the sum of the premium charges for the insurance under the Coverages. Those charges are determined from the premium rates then in effect and the Employees then insured.

The following will apply if one or more premiums paid include premium charges for an Employee whose insurance has ended before the due date of that premium. Prudential will not have to refund more than the amount of the premium charges for such Employee that were included in the premiums paid for the two month period immediately before the date Prudential receives written notice from the Contract Holder that the Employee's insurance has ended.

Premiums may be determined in another way. But it must produce about the same amounts and be agreed to by the Contract Holder and Prudential.

No premium charge will be made for an insured Employee under the Employee Long Term Disability Coverage while the Employee:

(1)  is Disabled; and

(2)  is entitled, after the Elimination Period, to benefits under the Coverage.

## C. PREMIUM RATE CHANGES.

The premium rates in effect on the Contract Date are shown in the Group Contract's Schedule of Premium Rates. Prudential has the right to change premium rates:

(1)  As of any Premium Due Date, provided 31 days written notice has been given to the Contract Holder; and

(2)  As of any date that an employer becomes, or ceases to be, an Included Employer; and

(3)  For a Coverage, as of any date that the extent or nature of the risk under that Coverage is changed: (a) by amendment of the Group Contract; or (b) by reason of any provision of law or any governmental program or regulation; or (c) by termination of, or any change in, benefits not in that Coverage but considered in determining the premium rates for that Coverage.

But, unless the Schedule of Premium Rates or an amendment states otherwise, (1) above will not be used to change premium rates for an insurance or any part that has separate rates before the first Contract Anniversary.

83500
GR 1017

(Continued)
(1-13)A

C. PREMIUM RATE CHANGES. (Continued)

Prudential will tell the Contract Holder when a change in the premium rates is made.

## D. DIVIDENDS.

Prudential will determine the share, if any, of its divisible surplus allocable to the Group Contract as of each Contract Anniversary, if the Group Contract stays in force by the payment of all premiums to that date. The share will be credited to the Group Contract as a dividend as of that date.

Each dividend will be paid to the Contract Holder in cash unless the Contract Holder asks that it be applied toward the premium then due.

Prudential's sole liability as to any dividend is as set forth above.

**Non-profit Clause:** This applies if the aggregate dividends under the Group Contract and any other group contract(s) of the Contract Holder exceed the aggregate payments toward their cost made from the Employer's own funds. The Contract Holder will see that an amount equal to the excess is applied for the benefit of insured persons.

## E. END OF THE GROUP CONTRACT OR OF AN INSURANCE.

**During or at End of Grace Period - Failure to Pay Premiums:** If any premium is not paid by the end of its grace period, the Group Contract will end when the grace period ends. The Contract Holder may request in writing that the Group Contract be ended at the end of the period for which premiums have been paid or at any time during the grace period. Then the Group Contract will end on the requested date, but in no event will it end before the date Prudential receives the written request from the Contract Holder. The Contract Holder is liable to pay premiums to Prudential for the time the Group Contract is in force.

**On a Premium Due Date - Failure to Maintain Insuring Conditions:** On any Premium Due Date, Prudential may end the part of the Group Contract for Contributory or Non-contributory Insurance under a Coverage if one or more of the following conditions then exists for that part. But notice of its intent to do so must be given to the Contract Holder at least 31 days in advance.

Contributory Insurance: The insured Employees are:

(1) less than the Minimum Participation Number; or

(2) less than 75% of the Employees who are eligible to request the insurance; or

(3) contributing at a rate higher than the maximum, if any, stated in the Group Contract for the insurance.

Non-contributory Insurance: The insured Employees are:

(1) less than the Minimum Participation Number; or

(2) contributing for the insurance.

The Minimum Participation Number is shown in the Group Contract Schedule.

**On a Contract Anniversary:** Prudential may end the Group Contract on any Contract Anniversary. But notice of its intent to do so must be given to the Contract Holder at least 31 days in advance.

83500
GR 1017

(Continued)
(1-13)B

## F.  AGE ADJUSTMENT.

If an age is used to determine the premium charge for an Employee's insurance and the age is found to be in error, the premium charge for that insurance will then be adjusted to reflect the correct age. If this adjustment results in a change in the amount of premium, any difference between the premium paid and the premium required on the basis of the correct age will be paid as follows:

(1)  If the adjustment results in an increased premium, the difference will be paid by the Contract Holder when notified by Prudential.

(2)  If the adjustment results in a decreased premium, the difference will be refunded by Prudential.

If the change in age affects the amount of the Employee's insurance under any Coverage, such amount will be changed on the basis of the correct age. Any premium adjustment will take this into account.

## G.  EMPLOYEE'S CERTIFICATE.

Prudential will give the Contract Holder an individual certificate to give each insured Employee. It will describe the Employee's coverage under the Group Contract. It will include (1) to whom Prudential pays benefits, (2) any protection and rights when the insurance ends, and (3) claim rights and requirements.

## H.  RECORDS - INFORMATION TO BE FURNISHED - CLERICAL ERROR.

Either the Contract Holder or Prudential, as they agree, will keep a record of the insured Employees. It will contain the key facts about their insurance.

At the times set by Prudential, the Contract Holder will send the data required by Prudential to perform its duties under the Group Contract, and to determine the premium rates. All records of the Contract Holder and of the Employer which bear on the insurance must be open to Prudential for its inspection at any reasonable time.

Prudential will not have to perform any duty that depends on such data before it is received in a form that satisfies Prudential. The Contract Holder may correct wrong data given to Prudential, if Prudential has not been harmed by acting on it. An Employee's insurance under a Coverage will not be made invalid by failure of the Contract Holder or the Employer, due to clerical error, to record or report the Employee for that insurance.

## I.  ENTIRE CONTRACT - INCONTESTABILITY OF THE CONTRACT - CHANGES.

The entire Group Contract consists of: (1) the Group Insurance Certificate(s) listed in the Schedule of Plans, a copy of which is attached to the Group Contract; (2) all modifications and endorsements to such Group Insurance Certificates which are attached to and made a part of the Group Contract by amendment to the Group Contract; (3) the forms shown in the Table of Contents as of the Contract Date; (4) the Contract Holder's application, a copy of which is attached to the Group Contract; (5) any endorsements or amendments to the Group Contract; and (6) the individual applications, if any, of the persons insured. No statement of the Contract Holder shall, in the absence of fraud, be used in any contest of the insurance under the Group Contract.

There will be no contest of the validity of the Group Contract, except for not paying premiums, after it has been in force for one year.

83500
GR 10:7

(Continued)
(1-13)C

I.   ENTIRE CONTRACT - INCONTESTABILITY OF THE CONTRACT - CHANGES. (Continued)

The Group Contract may be amended, at any time, without the consent of the insured Employees or of anyone else with a beneficial interest in it. This can be done through written request made by the Contract Holder and agreed to by Prudential. But an amendment will not affect a claim incurred before the date of change.

Only an officer of Prudential has authority: to waive any conditions or restrictions of the Group Contract; or to change a contract. A Prudential agent is not an officer.

No change in the Group Contract is valid unless shown in:

(1)   an endorsement on it signed by an officer of Prudential; or

(2)   an amendment to it signed by the Contract Holder and by an officer of Prudential.

But a change in the Group Contract may be made in an amendment to it that is signed only by an officer of Prudential if:

(a)   The amendment reflects a change in the Group Contract that has been automatically made to satisfy the requirements of any state or federal law or regulation that applies to the Group Contract, as provided in the Conformity With Law section. This change is known as a Statutory Amendment.

(b)   The amendment reflects a change in group insurance benefits where (i) the benefits are for services and supplies provided through Prudential Health Care Providers; and (ii) the change applies to all group insurance contracts which include these benefits. This change is known as a Managed Health Care Amendment. When the Group Contract is so amended, payment by the Contract Holder of the next premium due under the Group Contract will constitute acceptance of the Managed Health Care Amendment.

(c)   The amendment reflects a change in Prudential's administration of its group insurance benefits and is intended to apply to all group insurance contracts which are affected by the change. This change is known as a Portfolio Amendment. Prudential will give the Contract Holder written notice of its intent to make a Portfolio Amendment in the Group Contract at least 31 days in advance of the effective date of the Amendment. When the Group Contract is so amended, payment by the Contract Holder of the next premium due under the Group Contract will constitute acceptance of the Portfolio Amendment, unless the Contract Holder has rejected the Amendment, in writing, prior to its effective date.

## J.   IDENTIFICATION CARDS.

Any identification cards (called ID Cards below) issued by Prudential in connection with insurance under the health care expense coverages, if any, of the Group Contract are for identification only and remain the property of Prudential. Possession of an ID Card does not convey any rights to benefits under the Group Contract. If any Covered Person permits another person to use the Covered Person's ID Card, Prudential may invalidate that Covered Person's ID Card.

## K. RELATION AMONG PARTIES AFFECTED BY THE GROUP CONTRACT.

The relationship between Prudential and any Hospital is that of an independent contractor. No Hospital is an agent or employee of Prudential, nor is Prudential or any employee of Prudential an employee or agent of any Hospital. Each Hospital will maintain the hospital-patient relationship with Covered Persons under the Group Contract and is solely responsible to Covered Persons for Hospital supplies and services.

The relationship between Prudential and any Prudential Health Care Provider is that of an independent contractor. No Prudential Health Care Provider is an agent or employee of Prudential, nor is Prudential or any employee of Prudential an employee or agent of a Prudential Health Care Provider. Each Prudential Health Care Provider will maintain the provider-patient relationship with the Covered Persons under the Group Contract and is solely responsible to Covered Persons for supplies and services furnished to Covered Persons.

Neither the Contract Holder nor any Covered Person under the Group Contract is the agent or representative of Prudential. Neither the Contract Holder nor any Covered Person under the Group Contract will be liable for any acts or omissions: (a) of Prudential, its agent or employees; or (b) of any Hospital or other health care provider with which Prudential, its agents or employees make arrangements for furnishing supplies and services to Covered Persons.

## L. CONFORMITY WITH LAW.

If the provisions of the Group Contract do not conform to the requirements of any state or federal law or regulation that applies to the Group Contract, the Group Contract is automatically changed to conform with Prudential's interpretation of the requirements of that law or regulation.

---

83500
GR 1017

(1-13)E

# Modification of the Group Contract

The Group Contract is modified to include the following section:

## END OF EMPLOYMENT

An Employee's employment ends when the Employee is no longer actively at work on a full-time basis for the Employer. But, for insurance purposes, the Contract Holder may consider the Employee as still employed and in the Covered Classes for the insurance during certain types of absences from full-time work. The Contract Holder decides which Employees with those types of absences are to be considered as still employed, and for how long. In doing this, the Contract Holder must not discriminate among persons in like situations.

An Employee may be considered as still employed up to any time limit for the Employee's type of absence. When so considered, the Employee's insurance under a Coverage will be continued only while the Employee is paying contributions for it at the time and in the amounts, if any, required by the Contract Holder (whether or not that insurance would otherwise be Non-contributory Insurance). But it will not be continued after it would end for a reason other than end of employment. The types of absences and the time limits are shown below, subject to any exceptions.

## TYPES OF ABSENCES AND TIME LIMITS:

For absence due to part-time employment or retirement, there is no time limit.

For absence due to disability:

Under health care expense Coverages, if any, the time limit is the end of the 29th contract month following the contract month in which the absence from full-time work starts.

Under any other Coverages there is no time limit.

For absence due to temporary layoff the time limit is the end of the contract month following the contract month in which the absence from full-time work starts.

For absence due to leave of absence, there is no time limit.

## EXCEPTIONS:

Long Term Disability Coverage

For absence due to the Employee's disability (other than a disability for which benefits are not provided by reason of the Not Covered section of the Long Term Disability Coverage):

There is no time limit. But, the Employee's insurance will not be continued after the Employee begins working at any job for wage or profit other than with the Employer.

An absence due to a disability for which benefits are not provided by reason of the Not Covered section of the Long Term Disability Coverage is not an eligible type of absence.

Retirement is not an eligible type of absence.

The time limit for part-time employment, for reasons other than disability, is the end of the contract month following the contract month in which the absence from full-time work starts.

83500
MOD 1001

(99361-3)A

# Application to

# 51676

The Prudential Insurance Company of America (Prudential)

For Group Contract No. G-99361

Applicant:  H.F. AHMANSON & COMPANY

Address:  4900 Rivergrade Road
Irwindale, California 91706

The Group Contract is approved and its terms are accepted.

This Application is made in duplicate. One is attached to the Group Contract. The other is to be returned to Prudential.

It is agreed that this Application replaces any prior Application for the Group Contract.

H.F. AHMANSON & COMPANY
(Full or Corporate Name of Applicant)

Dated at _Irwindale, CA_

By _Patricia Wleski_, Vice President
(Signature and Title)

On _November 21_ 19_97_

Witness _Jim Foley_
(To be signed by Resident
Agent where required by law)

83500
APP 1001

(99361-3)A

**From:** ECF-CAND@cand.uscourts.gov
**Subject:** Activity in Case 3:07-cv-05807-VRW Edwards v. The Prudential Insurance
Company of America et al Declaration in Support
**Date:** November 21, 2007 2:48:50 PM PST
**To:** efiling@cand.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to
this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge.
To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the
Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of
whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic
document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed
document.
*If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...'
on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from by Devlin, Tad entered on 11/21/2007 2:48 PM PST and filed
on 11/21/2007
**Case Name:**        Edwards v. The Prudential Insurance Company of America et al
**Case Number:**      3:07-cv-5807
**Filer:**            The Prudential Insurance Company of America
                      The H.F. Ahmanson & Company Long Term Disability Plan
**Document Number:** 8

**Docket Text:**
Declaration of EDITH J. EWING *in Support of The Prudential Insurance Company of America's Motion to
Dismiss* filed byThe Prudential Insurance Company of America, The H.F. Ahmanson & Company Long
Term Disability Plan. (Attachments: # (1) Exhibit A)(Devlin, Tad) (Filed on 11/21/2007)

**3:07-cv-5807 Notice has been electronically mailed to:**

Ronald K. Alberts    ralberts@gordonrees.com

Terrence J. Coleman    tcoleman@pillsburylevinson.com, jbehr@pillsburylevinson.com, rdelaney@pillsburylevinson.com, rfeliciano@pillsburylevinson.com, smack@pillsburylevinson.com

Tad A. Devlin    tdevlin@gordonrees.com, Lgrygo@gordonrees.com

**3:07-cv-5807 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**H:\My Documents\E-Filing\Edwards\EWING Decl.PDF
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=11/21/2007] [FileNumber=3935058-0]
[52e9690d2d0841377e1bfdbe89e2ea71e1a151bed64e3cb030a8f54f3264062f4c32
0b6ebd7ad0b842e9dc1f0055f5d0be7b683e744f12e8a98a53fba0fe6a79]]
**Document description:**Exhibit A
**Original filename:**H:\My Documents\E-Filing\Edwards\EWING Decl Ex A.PDF
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=11/21/2007] [FileNumber=3935058-1]
[723a49a31bf0e74433af73a1f238704ef92907ab08250f8e92a2dadcdf20e610b945

1   RONALD K. ALBERTS (SBN 100017)
    TAD A. DEVLIN (SBN 190355)
2   GORDON & REES LLP
    275 Battery Street, Suite 2000
3   San Francisco, CA 94111
    Telephone: (415) 986-5900
4   Facsimile: (415) 986-8054

5   Attorneys for Defendant
    THE PRUDENTIAL INSURANCE
6   COMPANY OF AMERICA, REAL PARTY IN
    INTEREST, AND THE H.F. AHMANSON &
7   COMPANY LONG TERM DISABILITY PLAN

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11
    ELIZABETH E. EDWARDS,                    CASE NO. 3:07-CV-5807 (VRW)
12
                        Plaintiff,           **DEFENDANT THE PRUDENTIAL
13                                           INSURANCE COMPANY OF
            v.                               AMERICA'S NOTICE OF MOTION
14                                           AND MOTION TO DISMISS [FED. R.
    THE PRUDENTIAL INSURANCE                 CIV. P. 12(b)(6)]**
15  COMPANY OF AMERICA; THE H.F.
    AHMANSON & COMPANY LONG TERM             ORAL ARGUMENT REQUESTED
16  DISABILITY PLAN; and DOES 1 through 20,
    INCLUSIVE,
17                   Defendants.

18

19

20

21

22

23

24

25

26

27

28

PRU/1047840/5217833v.1

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## Table of Contents

Page

1   I. INTRODUCTION ...........................................................................................................2

2   II. FACTUAL BACKGROUND ........................................................................................2

3       A.    Edwards' Complaint and The Long Term Disability Plan .............................2

4       B.    Edwards' First Cause of Action - "Recovery of Employee Benefits"..............4

5       C.    Edwards' Second Cause of Action - "Breach of Fiduciary Duty"...................4

6       D.    Edwards' Third Cause of Action - "Equitable Relief" ....................................5

7       E.    Edwards' Fourth Cause of Action - "Failure to Produce Documents"............6

8       F.    The ERISA Plan................................................................................................6

9   III. LEGAL ANALYSIS.....................................................................................................6

10      A.    Defendants' Motion To Dismiss Should Be Granted .......................................6

11      B.    ERISA Preemption............................................................................................6

12      C.    The H.F. Ahmanson Plan Is Subject To ERISA...............................................7

13      D.    Edwards' Claims For Breach of Fiduciary Duty and Equitable Relief Are
              Preempted Because They "Relate To" An ERISA Plan and Are Improper
14            Because Edwards Has An Adequate Remedy Available Under ERISA [29
              U.S.C. § 1132(a)(1)(B)] ...................................................................................8
15
        E.    The Savings Clause Does Not Save Edwards' Claims ...................................10
16
        F.    Edwards' Fourth Cause Of Action For Failure To Produce Documents
17            Fails.................................................................................................................11

18      G.    Edwards' Request For A Jury Trial Should Be Denied...................................11

19  IV. CONCLUSION............................................................................................................11

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## Table of Authorities

Page(s)

**Cases**

*Borst v. Chevron Corp.,*
   36 F.3d 1308 (5th Cir. 1994) ................................................................. 2, 11

*Dishman v. UNUM Life Ins. Co. of America,*
   269 F.3d 974 (9th Cir. 2001) ................................................................. 2

*Ford v. MCI Communications Corp. Health & Welfare Plan,*
   399 F.3d 1076 (9th Cir. 2005) ............................................................... 9

*Forsyth v. Humana, Inc.,*
   114 F.3d 1467 (9th Cir. 1997) ............................................................... 6

*Ingersoll-Rand Co. v. McClendon,*
   498 U.S. 133 (1990) .............................................................................. 7

*Kanne v. Connecticut Gen. Life Ins. Co.,*
   867 F.2d 489 (9th Cir. 1988) *cert. denied* ........................................... 8

*Korotynska v. Metropolitan Life Ins. Co.,*
   474 F.3d 101 (4th Cir. 2006) ............................................................... 9, 10

*Long v. Flying Tiger Line, Inc.,*
   994 F.2d 692 (9th Cir. 1993). ............................................................... 6

*Mathews v. Chevron Corp.,*
   362 F.3d 1172 (9th Cir. 2004) ............................................................. 9

*Metropolitan Life Ins. Co. v. Taylor,*
   481 U.S. 58 (1987) ............................................................................... 7

*Moran v. Aetna Life Ins. Co.,*
   872 F.2d 296 (9th Cir. 1989) ............................................................... 2, 11

*Pilot Life. Ins. Co. v. Dedeaux,*
   481 U.S. 41 (1997) ......................................................................... 5, 7, 8, 11

*Spinelli v. Gaughan,*
   12 F.3d 853 (9th Cir. 1993) ................................................................. 2, 11

*Thomas v. Oregon Fruit Products Co.,*
   228 F.3d 991 (9th Cir. 2000) ............................................................... 2, 11

*Tingey v. Pixley-Richards West, Inc.,*
   953 F.2d 1124 (9th Cir. 1992) ............................................................. 8

*Varity Corp. v. Howe,*
   516 U.S. 489 (1996) ........................................................................... 9, 10

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Table of Authorities**
(continued)

Page(s)

**Statutes**

29 United States Code
    section 1002(1) .................................................................................. 7

29 United States Code
    section 1132(a) [ERISA section 502(a)] ............................................ 7

29 United States Code
    section 1132(a)(3) ........................................................................ 9, 10

29 United States Code
    section 1144(a) .......................................................................... 7, 8

29 United States Code
    section 1144(a) [ERISA section 514(a)] ............................................ 7

ERISA
    section 502(a)(3) ........................................................................ 9, 10

ERISA
    section 514(a) [29 United States Code § 1144(a)] ............................ 11

Federal Rule of Civil Procedure
    12(b)(6) .......................................................................................... 6

United States Code
    section 1132(a)(1)(B) .............................................................. 6, 9, 10

United States Code
    section 1144(b)(2)(A) ............................................................... 7, 10

**Other Authorities**

*Croskey, et al.,* Cal. Prac. Guide,
    Insurance Lit. (The Rutter Guide 2007), sections 6:1430.1, 6:1536, 6:1715, 6:1725 .... 4, 7, 8, 9

*Schwarzer, et al.,*
    Cal. Prac. Guide, Cal. Fed. Civ. Proc. Before Trial (The Rutter Guide 2007),
    sections 9:233, 16:45 ........................................................... 2, 6, 11

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION TO DISMISS**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on Thursday, January 3, 2008, at 2:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 6 of the above-entitled court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, Defendant The Prudential Insurance Company of America, real party in interest, and Defendant The H.F. Ahmanson & Company Long Term Disability Plan (collectively referred to as "Defendants") will and hereby do move this Court to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff Elizabeth E. Edwards' Second Cause of Action for Breach of Fiduciary Duty and Third Cause of Action for Equitable Relief, because they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 832, as amended, 29 U.S.C. §§ 1001 *et seq.*

Defendants also move to dismiss Edwards' Fourth Cause of Action for Failure to Produce Documents because Prudential was neither a long-term disability plan sponsor, nor administrator subject to civil penalties for failure to produce documents. Prudential also seeks an order denying Edwards' request for a jury trial because there is no right to a jury trial under ERISA.

Defendants' motion is based on this notice, the attached memorandum of points and authorities, the supporting declaration and accompanying exhibit, the request for judicial notice, the records and pleadings on file in this action, and on such further evidence, either oral or documentary, presented to this Court at the motion hearing.

Defendants request oral argument at the motion hearing.


DATED: November 21, 2007                    GORDON & REES LLP


                                            By: _____
                                                 TAD A. DEVLIN
                                            Attorneys for Defendant
                                            THE PRUDENTIAL INSURANCE
                                            COMPANY OF AMERICA, REAL PARTY IN
                                            INTEREST, and THE H.F. AHMANSON &
                                            COMPANY LONG TERM DISABILITY PLAN

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S NOTICE OF MOTION AND
MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6) – Case No. 3:07-CV-5807 (VRW)]

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiff Elizabeth E. Edwards ("Edwards" or "Plaintiff") improperly asserts claims based solely on denial of benefits against Defendant The Prudential Insurance Company of America ("Prudential" or "Defendant"), real party in interest, and The H.F. Ahmanson & Company Long Term Disability Plan ("H.F. Ahmanson") that are preempted by the Employee Retirement Income Security Act ("ERISA"). Edwards' Second Cause of Action for Breach of Fiduciary Duty and Third Cause of Action for Equitable Relief necessarily "relate to" an ERISA plan. Edwards incorrectly attempts to "obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort." See *Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 983 (9th Cir. 2001).

Edwards' Fourth Cause of Action for Failure to Produce Documents also fails as a matter of law, because Prudential is not subject to civil penalties as it was neither the plan administrator, nor sponsor. See *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 298-299 (9th Cir. 1989).

Lastly, Edwards requests a jury trial, which is not provided for under ERISA. See *Schwarzer, et al.*, Cal. Prac. Guide, Cal. Fed. Civ. Proc. Before Trial (The Rutter Guide 2007), § 16:45; *Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991, 996 (9th Cir. 2000); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994); *Spinelli v. Gaughan*, 12 F.3d 853, 857-858 (9th Cir. 1993).

**II.**

**FACTUAL BACKGROUND**

**A.    Edwards' Complaint and The Long Term Disability Plan**

Edwards was a loan consultant employed by H.F Ahmanson, insured under its long term disability plan (the "Plan") insured by Prudential. (Complaint, ¶ 3-5.) According to the terms of the Plan, H.F. Ahmanson is specifically identified in the Notice to Employees "Plan Description Information" as both the Plan sponsor and administrator. (See Declaration of Edith J. Ewing

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S NOTICE OF MOTION AND
MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6) – Case No.  3:07-CV-5807 (VRW)

1    ("Ewing Decl."), Ex. A (Plan documents - Notice to Employees, p. 25; H.F. Ahmanson Plan

2    Booklet, p. 26.)

3         Under the Plan, "Prudential promised, in relevant part, to pay monthly benefits in the

4    event that she became unable to perform with reasonable continuity in the usual and customary

5    manner the material and substantial duties of any gainful occupation for which she was

6    reasonably fitted by reason for her training, education, experience and station in life."

7    (Complaint, ¶ 6.)  Edwards asserts that she became disabled and entitled to benefits under the

8    terms of the Plan as a result of, *inter alia*, lumbar disc herniations necessitating multiple fusion

9    surgeries and hardware installation, nerve damage, and severe pain and weakness.  She alleges

10   she is "unable to perform the substantial and material duties of any gainful occupation."

11   (Complaint, ¶ 7.)

12        Edwards applied for benefits under the Plan after becoming disabled in 1998.

13   (Complaint, ¶ 8.)  After Prudential paid Edwards' disability benefits for 8 years, she remarkably

14   contends "Prudential wrongfully terminated benefits in or about July 25, 2006," "without

15   conducting any reasonable or thorough investigation and without any evidence or information

16   that [Edwards'] conditions had improved to allow a return to gainful employment."  (Complaint,

17   ¶ 9.)  She appealed Prudential's termination of benefits and "demanded that Prudential provide to

18   her copies of its claims guidelines and manuals used or relied upon in the administration of

19   claims and her claim."  (Complaint, ¶ 10.)

20        Edwards avers Prudential failed to timely determine her appeal and "failed and refused to

21   produce the requested claims guidelines and manuals despite its obligation to produce such

22   information under applicable regulations and the terms of the Plan."  (Complaint, ¶ 11.)

23        She alleges that "[a]s a result of the actions of Defendants, and each of them, [she] has

24   been improperly denied disability benefits together with interest thereon and has suffered further

25   and severe economic hardship and emotional distress."  (Complaint, ¶ 13.)  Edwards re-alleges

26   these specific damages for all causes of action set forth in her complaint.  (Complaint, ¶¶ 21, 28,

27   29.)

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 3 -

1     Despite Edwards' attempt to plead around ERISA, all of her claims hinge on denial of

2  benefits which necessarily "relate to" the Plan and are preempted by ERISA.  See *Croskey, et al.,*

3  Cal. Prac. Guide, Insurance Lit. (The Rutter Guide 2007), § 6:1536, cases cited therein.

4       **B.**    **Edwards' First Cause of Action - "Recovery of Employee Benefits"**

5     Edwards' First Cause of Action is for "Recovery of Employee Benefits."  (Complaint,

6  ¶ 15-21.)  As a result of Prudential's alleged breach, Edwards contends she "has been deprived of

7  her disability benefits to which she was and is entitled and has suffered damage as set forth in

8  Paragraphs 12-14 above."  (Complaint, ¶ 21.)  She also "seeks a declaration as to her entitlement

9  to future benefits, to wit:  an injunction prohibiting Defendants from terminating her benefits

10  until the end of the maximum benefit period or such other declaration the Court deems proper."

11  (Complaint, ¶ 21.)

12       **C.**    **Edwards' Second Cause of Action - "Breach of Fiduciary Duty"**

13     Edwards' Second Cause of Action is for "Breach of Fiduciary Duty."  (Complaint, ¶ 22-

14  28.)  Edwards attempts to "assert[] a [claim for] breach of fiduciary duty against Prudential as an

15  individual Plan participant and on behalf of all other participants and beneficiaries of the Plan."

16  (Complaint, ¶ 24.)  Edwards further asserts "that a claim for benefits due under the Plan does not

17  provide her with an adequate remedy at law in light of the Prudential's continuing course of

18  conduct in violating the terms of the Plan and applicable law as described below."  (Complaint,

19  ¶ 24.)  Edwards does not cite any applicable law, much less any authority whatsoever, to support

20  her claim.

21     Further, she admits her damages from the alleged Breach of Fiduciary Duty are the same

22  as those allegedly owed for her claim for "Recovery of Employee Benefits."  (Complaint, ¶ 28.)

23  Nonetheless, she improperly seeks "appropriate equitable relief from the Defendants, and each of

24  them, by being placed in the position she would have been in had Defendants not breached the

25  duties described herein, and had she been paid the benefits to which she is entitled, including any

26  and all benefits, interest, attorneys fees and other losses resulting from Defendants' breach."

27  (Complaint, ¶ 28.)  Edwards essentially attempts to disguise her ERISA claim for benefits as an

28

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S NOTICE OF MOTION AND
MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6) – Case No.  3:07-CV-5807 (VRW)

1  additional claim for breach of fiduciary duty.

2       Edwards cannot do so and her breach of fiduciary duty claim should be dismissed with

3  prejudice because it is preempted.  ERISA preempts state common law contract and tort claims

4  asserting improper processing of a claim for benefits under an ERISA plan.  See *Pilot Life. Ins.*

5  *Co. v. Dedeaux*, 481 U.S. 41, 57 (1997).

6     **D.**    **Edwards' Third Cause of Action - "Equitable Relief"**

7       Edwards' Third Cause of Action is for "Equitable Relief."  (Complaint, ¶ 29-33.)  She

8  contends "defendants habitually violated their fiduciary duties in failing to act in accordance

9  with the documents governing the Plan, failing to use all prudent skill and failing to uphold their

10  duty of loyalty to act solely in the interest of the participants and beneficiaries of the Plan, and

11  failing to properly evaluate [Edwards'] claim, among others, for benefits."  (Complaint, ¶ 30.)

12       Edwards further alleges "Defendants breached their fiduciary duties by misapplying,

13  misinterpreting, and/or ignoring relevant provisions of the Plan…"  (Complaint, ¶ 31.)  She

14  blithely requests a blanket judgment permanently enjoining Defendants from interpreting the

15  Plan "denying benefits based upon an interpretation of "total disability" different from that

16  required under applicable law and the Plan, including the requirement that a claimant be unable

17  to work with reasonable continuity in the usual and customary way; and "[f]rom failing to obtain

18  input from unbiased medical consultants who are appropriately trained and experienced in the

19  conditions that are the subject of the claim[.]"  (Complaint, ¶ 31.)

20       Edwards "requests judgment permanently enjoining Defendants from ever again serving

21  as a fiduciary with respect to the Plan, together with attorneys' fees and costs."  (Complaint,

22  ¶ 32.)  Edwards seeks an unworkable "order by this Court that her total disability benefits be

23  reinstated, that Defendants be enjoined from terminating benefits for the duration of the

24  applicable maximum benefit period under the Plan, and that she be placed in the position she

25  would have been in had she been paid the benefits to which she is entitled, including, without

26  limitation, interest, attorneys fees and other losses resulting from Defendants' breach."

27  (Complaint, ¶ 33.)  Edwards' request for equitable relief is not appropriate because ERISA [29

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 5 -

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  U.S.C. § 1132(a)(1)(B)] provides an available adequate remedy in this case if Edwards prevails

2  on her claim for recovery of benefits. See *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th

3  Cir. 1997).

4      **E.**    **Edwards' Fourth Cause of Action - "Failure to Produce Documents"**

5      Edwards' Fourth Cause of Action is for "Failure to Produce Documents." (Complaint,

6  ¶ 34-38.) Edwards seeks civil penalties against Defendants in the amount of $110 per day for

7  Defendants' alleged failure to produce documents to Plaintiff. (Complaint, ¶ 35.) Edwards'

8  claim fails. Prudential cannot be assessed penalties because it is neither the plan sponsor, nor the

9  administrator.

10      **F.**    **The ERISA Plan**

11      Edwards is a member of an ERISA plan. Specifically, she is covered under an employee

12  group LTD Plan sponsored and administered by her employer H.F. Ahmanson. (Complaint, ¶ 3;

13  Ewing Decl., ¶ 4, Ex. A).

14      **III.**

15      **LEGAL ANALYSIS**

16      **A.**    **Defendants' Motion To Dismiss Should Be Granted**

17      Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a

18  cause of action. Matters "outside" the complaint can be deemed part thereof for purposes of a

19  12(b)(6) motion including documents referred to in the complaint as a basis for the claim – the

20  Plan – or matters subject to judicial notice. These matters may be shown by a 12(b)(6) motion

21  without "converting" it to a summary judgment motion. See *Schwarzer, supra,* Cal. Fed. Civ.

22  Proc. Before Trial, § 9:233.

23      **B.**    **ERISA Preemption**

24      The Ninth Circuit recognizes "[t]he interpretation of ERISA, a federal statute, is a

25  question of law subject to de novo review." *Long v. Flying Tiger Line, Inc.*, 994 F.2d 692, 694

26  (9th Cir. 1993).

27      ERISA's broad preemption of state law claims applies if: (1) an ERISA benefit plan

28

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S NOTICE OF MOTION AND
MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6) – Case No.  3:07-CV-5807 (VRW)

1   exists; (2) the state claims "relate to" an employee benefit plan; and (3) the state claim is not

2   "saved" from ERISA's broad preemptive scheme by operation of ERISA's "savings clause"

3   relating to state laws which solely regulate insurance.  See 29 U.S.C. §§ 1144(a) and

4   1144(b)(2)(A); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-48 (1987); *Ingersoll-Rand Co. v.*

5   *McClendon*, 498 U.S. 133 (1990).

6          ERISA section 514(a) [29 U.S.C. § 1144(a)] expressly preempts state laws that "relate

7   to" employment benefit plans ... except state laws "regulating insurance."  This express

8   preemption provision is a defense to state law claims "relating to" an ERISA plan.  See *Croskey,*

9   *et al, supra,* Insurance Lit., § 6:1430.1, cases cited therein.

10         ERISA section 502(a) [29 USC § 1132(a)] provides the exclusive remedies to recover

11  benefits due or to enforce or clarify rights under an ERISA plan, thereby impliedly preempting

12  state law remedies.  Under this provision, state law claims seeking relief available under ERISA

13  are "completely preempted" because this provision provides the exclusive remedy for loss or

14  denial of ERISA benefits.  See *Croskey, et al, supra,* Cal. Insurance Lit., § 6:1430.1;

15  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

16  **C.      The H.F. Ahmanson Plan Is Subject To ERISA**

17         ERISA applies to any "employee benefit plan."  Under 29 U.S.C. § 1002(1), ERISA

18  defines an employee benefit plan as follows:

19         . . . any plan, fund or program which was . . .  established or maintained by an
           employer or by an employee organization, or by both, to the extent that such plan,
20         fund or program was established or is maintained for the purpose of providing for
           its participants or their beneficiaries, through the purchase of insurance or
21         otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the
           event of sickness . . .
22

23         Here, Edwards was covered under the H.F. Ahmanson Plan.  Edwards concedes the "Plan

24  is an employee welfare benefit plan governed by [ERISA]."  (Complaint, ¶ 3.)  Thus, the first

25  prong of ERISA preemption is satisfied.

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 7 -

**D.    Edwards' Claims For Breach of Fiduciary Duty and Equitable Relief Are Preempted Because They "Relate To" An ERISA Plan and Are Improper Because Edwards Has An Adequate Remedy Available Under ERISA [29 U.S.C. § 1132(a)(1)(B)]**

Edwards' Second Cause of Action for Breach of Fiduciary Duty and Third Cause of Action for Equitable Relief are preempted because they "relate to" the H.F. Ahmanson ERISA Plan.

ERISA preempts all state law claims that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). In *Pilot Life Ins. Co., supra*, 481 U.S. 41, the United States Supreme Court held ERISA preemption was not limited solely to state statutes and rules, but included common law causes of action related to ERISA plans. ERISA's preemptive provisions are "deliberately expansive." *Id.* at 45-46. A state law is deemed to "relate to" an employee plan "if it has a connection with or reference to such a plan." *Id.* at 47.

In *Pilot Life*, the United States Supreme Court held plaintiff's state law causes of action all related to the benefit plan because he was suing to recover benefits under the plan. *Id.; see also Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 493 (9th Cir. 1988) *cert. denied*, 492 U.S. 906 (1989) [holding state law claims "arising from the improper processing of a claim are preempted by ERISA."]; *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1131 (9th Cir. 1992) [holding plaintiff's state law claims "spring from the handling and disposition of [his] medical benefits insurance claim, and thus are subject to preemption."].

A leading commentator on ERISA preemption states, "[v]irtually all actions brought by plan participants or beneficiaries based on failure to pay plan benefits "relate to" an ERISA plan and are preempted." This includes state law tort claims, for example, tortious breach of contract, breach of fiduciary duty, or fraud in the inducement. See *Croskey, et al, supra*, Cal. Insurance Lit., § 6:1536.

Edwards' claims necessarily "relate to" an ERISA plan because her sole basis for recovery is the alleged wrongful termination of benefits under the Plan. (Complaint, ¶ 10-13.) Edwards' pleading concerns the administration of the H.F. Ahmanson Plan and benefit

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 8 -

1   determination. This requires a fact-finder to interpret the Plan terms. One of the primary

2   indicators a claim "relates to" an ERISA plan is where, as here, resolution of the claim

3   necessitates examination and interpretation of the plan documents themselves.

4       Further, Edwards' claim for equitable relief should be dismissed because Edwards has a

5   remedy under ERISA for the alleged wrongful termination of benefits. In fact, her First Cause of

6   Action for Recovery of Employee Benefits is expressly made pursuant to ERISA, 29 U.S.C.

7   § 1132(a)(1)(B). (Complaint, First Cause of Action.)

8       ERISA § 502(a)(3) authorizes a plan participant, beneficiary or fiduciary to sue to enjoin

9   violations of ERISA or the terms of the plan or "for other appropriate equitable relief" to redress

10  such violations. See 29 U.S.C. § 1132(a)(3); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1183–

11  1185 (9th Cir. 2004). Section 502(a)(3) is referred to as a "catchall" provision allowing relief for

12  breach of fiduciary duty where "appropriate," meaning only where no other adequate relief is

13  provided by ERISA. See *Croskey, et al, supra,* Cal. Insurance Lit., § 6:1715; *Varity Corp. v.*

14  *Howe*, 516 U.S. 489, 514 (1996); *Ford v. MCI Communications Corp. Health & Welfare Plan,*

15  399 F.3d 1076, 1081 (9th Cir. 2005) [court refused relief under "catchall" provision where

16  plaintiff asserted specific claims under other ERISA provisions].

17      Section 502(a)(3) enables courts to grant only injunctions against any violation of ERISA

18  or the terms of the plan; or "other appropriate equitable relief" to redress such violations or to

19  enforce the terms of the plan. 29 U.S.C. § 1132(a)(3). Moreover, "[m]ost courts hold the

20  equitable relief available under § 1132(a)(3) is limited to injuries not adequately redressed

21  elsewhere in ERISA." See *Croskey, et al, supra,* Insurance Lit., § 6:1725; *Korotynska v.*

22  *Metropolitan Life Ins. Co.*, 474 F.3d 101, 106–107 (4th Cir. 2006) [citing cases holding equitable

23  relief not appropriate to seek review of benefits denials].

24      In *Korotynska,* the plaintiff alleged defendant fiduciary breached its duties to her and

25  other benefits plan participants by engaging in improper claims procedures designed to deny

26  valid claims for long-term disability benefits. Plaintiff sought equitable relief under ERISA

27  section 502(a)(3). The court of appeal affirmed the district court decision granting judgment on

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 9 -

1  the pleadings because the form of relief requested was not available under ERISA. The court of

2  appeal held individualized equitable relief under section 502(a)(3) [29 U.S.C. § 1132(a)(3)] is

3  normally appropriate only for injuries that do not find adequate redress in ERISA's other

4  provisions. And, because adequate relief was available for the plaintiff's injury through review

5  of her individual benefits claim under ERISA, 29 U.S.C. § 1132(a)(1)(B), relief under 29 U.S.C.

6  § 1132(a)(3) was not available. *Id.* at 102-103.

7      *Korotynska* rejected plaintiff's reliance on *Varity Corp. v. Howe,* 516 U.S. 489 (1996),

8  for the proposition that her claim for equitable relief was appropriate, and stated:

9      The great majority of circuit courts have interpreted *Varity* to hold that a claimant
       whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed
10     with a claim under § 1132(a)(3). *See, e.g., Antolik v. Saks, Inc.,* 463 F.3d 796, 803
       (8th Cir.2006); *Ogden v. Blue Bell Creameries U.S.A., Inc.,* 348 F.3d 1284, 1287-
11     88 (11th Cir.2003); *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610-11 (5th
       Cir.1998); *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 615-16 (6th
12     Cir.1998); *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474-75 (9th Cir.1997); *Wald
       v. Sw. Bell Corp. Customcare Medical Plan,* 83 F.3d 1002, 1006 (8th Cir.1996).
13
       These courts have not allowed claimants to proceed with § 1132(a)(3) claims
14     where relief was potentially available to them under § 1132(a)(1)(B), because, in
       *Varity,* "[t]he Supreme Court clearly limited the applicability of § 1132(a)(3) to
15     beneficiaries who may not avail themselves of § 1132's other remedies." *Wilkins,*
       150 F.3d at 615. A plaintiff whose injury consists of a denial of benefits "has
16     adequate relief available for the alleged improper denial of benefits through his
       right to sue [the benefit plan] directly under section 1132(a)(1)," and thus "relief
17     through the application of Section 1132(a)(3) would be inappropriate." *Tolson,*
       141 F.3d at 610. To allow a claim under § 1132(a)(3) would permit "ERISA
18     claimants to simply characterize a denial of benefits as a breach of fiduciary duty,
       a result which the Supreme Court expressly rejected." *Wilkins,* 150 F.3d at 616.
19
   *Korotynska, supra,* 474 F.3d at 106-107.
20
       Here, the analysis is the same and Edwards' Second and Third Causes of Action cannot
21
   lie. Edwards has appropriate redress under ERISA for Defendants' alleged improper termination
22
   of benefits. Edwards' First Cause of Action for Recovery of Employee Benefits is expressly
23
   brought pursuant to 29 U.S.C. § 1132(a)(1)(B). (Complaint, First Cause of Action.)
24
25     E.    **The Savings Clause Does Not Save Edwards' Claims**

       The savings clause protects state laws regulating insurance from the breadth of ERISA
26
   preemption. 29 U.S.C § 1144(b)(2)(A).
27
       Edwards' action does not fall under the savings clause exception to ERISA preemption.
28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 10 -

1 | because she is not bringing an action to enforce a state law governing insurance. Rather, as in

2 | *Pilot Life*, Edwards seeks to recover benefits under the H.F. Ahmanson ERISA Plan. In *Pilot*

3 | *Life*, the United States Supreme Court held the savings clause did not apply to this scenario

4 | because "[t]he common law causes of action raised in [plaintiff's] complaint, each based on

5 | alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly

6 | meet the criteria for pre-emption under § 514(a) (29 U.S.C. § 1144(a))." *Pilot Life, supra,* 481

7 | U.S. at 48.

8 |       **F.**     <u>**Edwards' Fourth Cause Of Action For Failure To Produce Documents Fails**</u>

9 |       Edwards' Fourth Cause of Action is for "Failure to Produce Documents." (Complaint,

10 | ¶ 34-38.) She seeks civil penalties against Defendants in the amount of $110 per day for

11 | Defendants' alleged failure to produce documents to Plaintiff. (Complaint, ¶ 35.) Edwards'

12 | claim here fails as a matter of law. Prudential cannot be assessed penalties because it is neither

13 | the Plan sponsor, nor the administrator. See *Moran v. Aetna Life Ins. Co.,* 872 F.2d 296, 298-

14 | 299 (9th Cir. 1989).

15 |       **G.**     <u>**Edwards' Request For A Jury Trial Should Be Denied**</u>

16 |       Edwards requests a jury trial, which is not provided for under ERISA. Ninth Circuit

17 | authority is clear on this point. See *Schwarzer, et al., supra,* Cal. Fed. Civ. Proc. Before Trial,

18 | § 16:45; *Thomas, supra,* 228 F.3d 991 at 996; *Borst, supra,* 36 F.3d at 1324; *Spinelli, supra,* 12

19 | F.3d at 857. As such, Prudential seeks an order denying Edwards' request for a jury trial.

20 | **IV.**

21 | <u>**CONCLUSION**</u>

22 |       Based on the foregoing, Edwards' Second Cause of Action for Breach of Fiduciary Duty

23 | and Third Cause of Action for Equitable Relief should be dismissed with prejudice because they

24 | are preempted by ERISA and Edwards has an adequate available remedy under ERISA for the

25 | alleged wrongful termination of benefits.

26 |       Edwards' Fourth Cause of Action for Failure to Produce Documents fails because

27 | Prudential is not subject to civil penalties as it was neither the Plan administrator, nor sponsor.

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

- 11 -

1        Lastly, Edwards' request for a jury trial should be denied because it is not permissible

2  under ERISA.

3

4  DATED: November 21st, 2007        GORDON & REES LLP

5

6

7                                By: _____
                                        TAD A. DEVLIN

8                                Attorneys for Defendant
                                THE PRUDENTIAL INSURANCE

9                                COMPANY OF AMERICA, REAL PARTY IN
                                INTEREST, and THE H.F. AHMANSON &

10                               COMPANY LONG TERM DISABILITY PLAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S NOTICE OF MOTION AND
MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6) – Case No.  3:07-CV-5807 (VRW)