Terrence J. Coleman  (State Bar No. 172183)
Brian H. Kim  (State Bar No. 215492)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, California 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
E-mail:  tcoleman@pillsburylevinson.com, bkim@pillsburylevinson.com

Attorneys for Plaintiff,
ELIZABETH E. EDWARDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH E. EDWARDS, ) | Case No.  3:07-CF-5807 (VRW) |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S OBJECTIONS TO EVIDENCE** |
| ) | |
| v. ) | |
| ) | Date:      January 3, 2008 |
| THE PRUDENTIAL INSURANCE ) | Time:      2:30 p.m. |
| COMPANY OF AMERICA; THE H.F. ) | Dept.:     Courtroom 6, 17th Floor |
| AHMANSON & COMPANY LONG ) | Judge:    Hon. Vaughn R. Walker |
| TERM DISABILITY PLAN; and DOES 1 ) | |
| through 20, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Elizabeth E. Edwards makes the following objections to Declarations of Ronald K. Alberts, the Declaration of Theresa M. Marchlewski and the Declaration of Len Guisti (collectively the "Declarations") in support of Defendants' Prudential Insurance Company of America ("Prudential") and H.F. Ahmanson's Opposition to Plaintiff's Motion to Remand:

/ / /

/ / /

1

PLAINTIFF'S OBJECTIONS TO EVIDENCE                                                                                       Case No. 3:07-CV-5807 (VRW)

**INTRODUCTION**

Rather than providing probative and admissible evidence, consistent with the Court's order, demonstrating that The H.F. Ahmanson & Company Long Term Disability Plan (the "Plan") timely joined in the removal, the Declarations provide exactly the opposite. Prudential's counsel has essentially acknowledged he included the statement that Prudential was "informed and believes" that the Plan consented to the removal as a calculated strategy to avoid filing a general appearance in order to preserve contesting service. *See* Alberts Decl., ¶ 6. Thus, Prudential consciously decided not to file an official joinder in order to preserve an opportunity to later contest service.

Prudential's removal papers were not open and honest about this strategy, because despite allegedly talking with Washington Mutual Bank's ("WaMu") in-house counsel about their perceived defect in service, Gordon & Rees LLP proceeded *the next day* to file the Notice of Removal in which they stated they were "informed and believed" service on the Plan had been effected. This falls far short of the unanimity requirement of 28 U.S.C. 1446(b); and it falls far short of the explicit disclosure and explanation requirements set forth in *Prize Frize v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), and *Garcia-Pardini v. Met. Life Ins. Co.*, 2001 WL 590037, at *2 (N.D. Cal. 2001). Indeed, in *Prize Frize*, the court remanded the case even though the defendants claimed "upon information and belief" in the removal notice that certain defendants "have not been properly served". 167 F.3d at 1266. Here, the Notice of Removal alleges *no defect of service* despite Mr. Alberts' conversation with WaMu, and the Plan waived any objections based on defective service of process by making an appearance through Defendants' Motion to Dismiss. Prudential should not be rewarded for ignoring Ninth Circuit precedent and for failing to disclose any alleged service of process concerns in the Notice of Removal.

///

Additionally, there are sharp inconsistencies in the evidence. The Ninth Circuit has made clear that if there is "any doubt" as to the propriety of removal, remand is required; and the Declarations only amplify the doubt. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). For instance, the Alberts Declaration talks about a conversation he had with Mercedes Todesco from WaMu where she allegedly communicated WaMu's authorization to join the removal notice, but no declaration from Ms. Todesco has been submitted. Instead, the declaration submitted on WaMu's behalf by Theresa Marchlewski makes no mention of any conversation with Mr. Alberts or Ms. Todesco authorizing the Plan's joinder. *See* Alberts Decl., ¶ 5. Ms. Marchlewski's declaration fails to mention *when* she authorized Gordon & Rees to represent the Plan. *See* Marchlewski Decl., ¶ 4. Moreover, there is no declaration from Tad Devlin, the Gordon & Rees attorney who prepared the Notice of Removal and associated papers, and whose signature is on each of the removal papers. Given the numerous doubts and inconsistencies raised by the Declarations, remand is required.

## EVIDENTIARY OBJECTIONS

| EVIDENCE | EVIDENTIARY OBJECTIONS |
| --- | --- |
| 1. "While the Plan was also a named defendant, for all practical purposes, Prudential is the only party with any financial responsibility for the claims made." Alberts Decl., ¶ 4. | Lack of foundation (FRE 104); lack of personal knowledge (FRE 602); improper speculation. |
| 2. "The contract between Prudential and the Plan is an insurance policy and if there is any liability for payment of disability benefits, they will be paid by Prudential." Alberts Decl., ¶ 4. | Lack of foundation (FRE 104); lack of personal knowledge (FRE 602); improper speculation. |

| EVIDENCE | EVIDENTIARY OBJECTIONS |
|---|---|
| 3. "As of the signing of this declaration, I am informed and believe that proper service has never been made on the Plan." Alberts Decl., ¶ 4. | Lack of foundation (FRE 104); lack of personal knowledge (FRE 602); improper speculation; |
| 4. "During our conversation on November 14, 2007, and in subsequent conversations on the following days, my concerns regarding the propriety of service were confirmed." Alberts Decl., ¶ 5. | Lack of foundation (FRE 104); lack of personal knowledge (FRE 602); inadmissible hearsay; improper lay opinion (FRE 701). |
| 5. "We were advised that service was not proper and that the purported agent for service was not authorized to accept service for the plan." Alberts Decl., ¶ 5. | Inadmissible hearsay. |
| 6. "As a result, Prudential has authorized Gordon & Rees LLP to represent the Plan as well, when and if they are served." Giusti Decl., ¶ 4. | Lack of foundation (FRE 104); lack of personal knowledge (FRE 602). |
| 7. "As of the signing of this declaration, I am informed and believe that proper service has never been made on the Plan." Giusti Decl., ¶ 4. | Lack of foundation (FRE 104); lack of personal knowledge (FRE 602); improper speculation; improper lay opinion (FRE 701). |

///

///

///

| | |
|---|---|
| 8. "Edwards' complaint was not, and has not been, served on the Plan through WaMu." Marchlewski Decl., ¶ 3. | Lack of foundation (FRE 104); lack of personal knowledge (FRE 602); improper speculation. |
| 9. "I authorized counsel for Prudential in this action, Gordon & Rees LLP, to represent WaMu as successor in interest to H.F. Ahmanson & Company and the Plan. I authorized Gordon & Rees LLP to respond on the Plan's behalf and remove Edwards' action to the U.S. District Court for the Northern District of California by filing a Notice of Removal on November 15, 2007." Marchlewski Decl., ¶ 4. | Lack of foundation (FRE 104). |

DATED:  December 28, 2007            PILLSBURY & LEVINSON, LLP


                                By:      /s/
                                      Brian H. Kim, Esq.
                                      Attorneys for Plaintiff
                                      ELIZABETH E. EDWARDS

1

PLAINTIFF'S OBJECTIONS TO EVIDENCE                    Case No. 3:07-CV-5807 (VRW)