IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH E. EDWARDS, | No C 07-05807 VRW |
| Plaintiff, | ORDER |
| v | |
| THE PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA, THE H.F. AHMANSON & COMPANY LONG TERM DISABILITY PLAN AND DOES #1-20, | |
| Defendants. | |

On October 11, 2007, Elizabeth E Edwards ("Edwards") filed a complaint in California state court, alleging several claims related to denial of her disability benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"). 29 USC § 1001, et seq. On November 15, 2007, defendants The Prudential Life Insurance Company of America ("Prudential") and The H F Ahmanson & Company Long Term Disability Plan ("Plan") filed a notice of removal under 28 USC § 1441(b), removing the matter to this court. On November 21, 2007, defendants filed a motion to dismiss several of Edwards's claims.

Defendants also moved to strike Edwards's jury demand. On November 29, 2007, Edwards filed a motion to remand.

For reasons detailed below, Edwards's motion to remand is DENIED. Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Defendants' motion to dismiss is GRANTED WITHOUT PREJUDICE as to Edwards's claim for relief for breach of fiduciary duty pursuant to 29 USC § 1132(a)(2) and her claim for failure to produce documents pursuant to 29 USC § 1132(c)(1). Defendants' motion to dismiss is DENIED as to Edwards's claim for equitable relief pursuant to 29 USC § 1132(a)(3). Defendants' motion to strike Edwards's jury demand is GRANTED.

I

The first issue before the court is Edwards's motion to remand. Edwards filed a complaint in California state court on October 11, 2007, alleging claims against the Plan and Prudential related to denial of disability benefits. Doc #22, Exh A. On October 15, 2007, Edwards attempted to serve the complaint on the Plan by serving it on Washington Mutual, H F Ahmanson & Company's successor in interest, through what she believed to be Washington Mutual's and H F Ahmanson & Company's registered agent for service of process in California, Corporation Service Company ("CSC"). Coleman Decl, Doc #13-3. The parties dispute whether such service was proper. Prudential was served with the complaint on October 22, 2007; the parties do not dispute the propriety of this service. Doc #13 at ¶4. Defendants filed a notice of removal in this court on November 15, 2007, thirty-one days after Edwards purportedly served the complaint on the Plan. Doc #1.

2

### A

The statute authorizing removal to federal district court states that

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 USC §1446(b). The statute creates a thirty-day period in which a defendant must file a notice of removal that begins when a defendant is properly served with a removable pleading. Murphy Bros, Inc v Michetti Pipe Stringing, Inc, 526 US 344, 350-56 (1999) (holding that the thirty-day period begins when a copy of the initial pleading is properly served on the defendant, even if the defendant receives a copy of the pleading earlier). The statute does not address the situation of multiple defendants served separately on different dates. This court, like the majority of courts, hews to the first-served defendant rule, the traditional rule holding that the time to file a notice of removal ends thirty days after the first defendant is served. See, e g, Uriarte v R&J Machinery, 2000 US Dist Lexis 18084 (ND Cal), Varney v Johns-Manville Corp, 653 F Supp 839 (ND Cal 1987); Transport Indemnity Co v Financial Trust Co, 339 F Supp 405 (CD Cal 1972).

Under the first-served defendant rule, if the Plan was properly served on October 15, then the thirty-day period for filing a notice of removal began on October 15 and ended on November 14, and the filing of the notice of removal on November 15 was untimely. If, on the other hand, service on the Plan was

3

improper, then the thirty-day period did not begin until Prudential was served on October 22, and the filing of the notice of removal on November 15 was timely.

B

The sufficiency of service of process prior to removal from state court is determined under state law. Lee v City of Beaumont, 12 F3d 933, 936-37 (9th Cir 1993). Edwards argues that service of the Plan was proper in this case because H F Ahmanson & Company was the Plan administrator, and ERISA provides that service of a plan administrator constitutes service of a plan. Doc #29 at 7; 29 USC § 1132(d). It does appear that CSC received a copy of the summons and complaint and forwarded these to Washington Mutual Bank on October 15. Proctor Decl, Doc #20, Exh C. Edwards argues that because Washington Mutual acquired H F Ahmanson & Company in 1998, service on H F Ahmanson & Company was properly effected by service on Washington Mutual. Doc #29 at 7. Edwards, however, cites no authority for this proposition, and the court has found none. The court cannot conclude that the Plan was properly served by Edwards's attempted service on Washington Mutual through CSC.

Nor can the court conclude that the purported plan administrator was properly served through CSC. While CSC was at one time H F Ahmanson & Company's designated agent for service, on April 25, 2005, H F Ahmanson & Company filed with the California Secretary of State a certificate surrendering its right to transact intrastate business and revoking its designation of CSC as agent for the service of process. Doc #18, Exh 1. Under these circumstances, service of H F Ahmanson & Company is properly

4

1 effected by service on the California Secretary of State. Cal Corp
2 Code § 2114(b). Edwards, however, did not serve the California
3 Secretary of State.
4      The court concludes that H F Ahmanson & Company was not
5 properly served with the complaint and that the filing of the
6 notice of removal on November 15, 2007 was timely.

C

9      Edwards's stronger argument in support of her motion for
10 remand is that the Plan did not unambiguously join the notice of
11 removal, and that the unanimity requirement for removal was not
12 met. Doc #12 at 4-7. Under the unanimity requirement, in cases
13 involving multiple defendants, removal requires the unanimous
14 agreement of all defendants, Hewitt v City of Stanton, 798 F2d
15 1230, 1232 (9th Cir 1986), but the requirement does not apply to
16 defendants not properly served. Emrich v Touche Ross & Co, 846 F2d
17 1190, 1193 n1 (9th Cir 1988). Since the Plan was not properly
18 served, it need not have joined in the notice of removal and the
19 court need not address the parties' arguments regarding whether the
20 Plan joined Prudential in the notice of removal.
21      Alternatively, Edwards asserts that if the Plan was not
22 properly served, then Prudential was required to explain the Plan's
23 absence in its notice of removal. According to this argument,
24 Prudential's failure to explain that the Plan did not join the
25 removal because it was improperly served makes Prudential's notice
26 of removal defective. To support this position, Edwards cites
27 Morales v Safeway Stores, 2002 WL 202367 (N D Cal) (Walker, J), and
28 Garcia-Pardini v Metropolitan Life Ins Co, 2001 WL 590037 (N D Cal)

(Walker, J). Remand was granted in those cases because the removing defendants failed to explain the absence of the non-joining defendants in their notices of removal, but the facts of those cases were critically different from the facts here.

In Morales, the missing defendant had been properly served prior to the filing of the notice of removal, so it was required by the unanimity rule to join in the notice of removal. Morales, 2002 WL 202367 at *1. In this case, as discussed above, the Plan was not properly served and was not required to join. In Garcia-Pardini, a defendant that was arguably not properly served did not join in the notice of removal, and the notice of removal did not explain the absence of the non-joining defendant. Following the rule set forth in Prize Frize, Inc v Matrix (US) Inc, 167 F3d 1261, 1266 (9th Cir 1999), that where fewer than all defendants have joined in a notice for removal, the removing party must explain the absence of any co-defendants in the notice, this court ordered remand because the removing defendant did not explain in its removal notice that the non-joining defendant was missing due to improper service. Garcia-Pardini, 2001 WL 590037 at *2. Unlike the non-joining defendant in Garcia-Pardini, the Plan was not absent from the removal notice. On the contrary, the Plan was characterized in the first sentence of the removal notice as joining in the removal. Doc #1 at 1. Whether or not the Plan *effectively* joined in the notice of removal, the notice did not, like the notice in Garcia-Pardini, leave unexplained a defendant's absence.

Finally, Edwards argues that the Plan waived any objections based on defective service by participating in

6

defendants' motion to dismiss. Doc #29 at 8-9. Edwards is correct that by joining in the 12(b)(6) motion, the Plan waived its right to challenge personal jurisdiction or service of process. See FRCP 12(h)(1). But in arguing that improper service of the Plan excused it from joining in the notice of removal, defendants are not actually challenging personal jurisdiction or service of process. Rather, defendants are simply making clear that the condition precedent for beginning the thirty-day period for removal and for requiring the Plan to join in the notice of removal – proper service – did not occur on October 15, 2007.

     Having determined that defendants' notice of removal was timely filed, that the Plan was not required to join the notice of removal, that Prudential was not required to assert improper service in its notice of removal and that the challenge to remand based on improper service was not waived, the court finds that removal was proper. Edwards's motion to remand will be denied.

II

     The court next turns to defendants' motion to dismiss. In her complaint, Edwards asserts four causes of action. Edwards's first cause of action is against all defendants for recovery of employee benefits under 29 USC § 1132(a)(1)(B); her second cause of action is against Prudential and Does #11-20 for breach of fiduciary duty under 29 USC §§ 1104(a)(1), 1109, 1132(a)(2) and 1132(a)(3); her third cause of action is against Prudential and Does #11-20 for equitable relief under 29 USC § 1132(a)(3); her fourth cause of action is against Prudential and Does #11-20 for failure to produce documents under 29 USC § 1132(c)(1). Doc #22,

7

1 Exh A. Defendants move to dismiss Edwards's second, third and
2 fourth claims under FRCP 12(b)(6); they do not challenge her first
3 cause of action. Doc #5.

A

A Rule 12(b)(6) motion to dismiss serves to test the sufficiency of the complaint. Any defects justifying dismissal must appear in the complaint. See <u>Levine v Diamanthuset, Inc</u>, 950 F2d 1478, 1483 (9th Cir 1991). In order to state a claim a complaint does not need detailed factual allegations, but it must proffer enough facts to state a claim for relief that is plausible on its face. <u>Bell Atlantic Corp v Twombly</u>, 127 S Ct 1955, 1974 (2007).

When considering a motion to dismiss, a court must (1) construe the complaint in the light most favorable to the plaintiff, (2) accept all well-pleaded factual allegations as true and (3) determine whether the plaintiff can prove any set of facts to support a claim. See <u>Cahill v Liberty Mutual Ins Co</u>, 80 F3d 336, 337-38 (9th Cir 1996). No matter how unlikely the facts alleged are, they must be accepted as true for purposes of the motion. See <u>Neitzke v Williams</u>, 490 US 319, 323 (1989). When it is possible to draw more than one inference from a complaint's allegations, the court must adopt whatever reasonable inference exists to support a valid claim. See <u>Columbia Natural Resources, Inc v Tatum</u>, 58 F3d 1101, 1109 (6th Cir 1995). Dismissal is proper only if the complaint fails to put forth a cognizable legal theory or lacks sufficient facts to support such a theory. See <u>Balisteri v Pacifica Police Dept</u>, 901 F2d 696, 699 (9th Cir 1990).

**B**

Edwards's second cause of action, for breach of fiduciary duty, arises under 29 USC § 1132(a)(2), which empowers the Secretary of Labor or a plan participant, beneficiary or fiduciary to bring an action under 29 USC § 1109, which in turn establishes liability for breach of fiduciary duty:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

29 USC § 1109(a). Section 1132(a)(2) authorizes beneficiaries such as Edwards to bring actions against plan fiduciaries only to the extent that they "do so for the benefit of the plan and not their individual benefit." Cinelli v Sec Pac Corp, 61 F3d 1437, 1445 (9th Cir 1995) (dismissing § 1132(a)(2) breach of fiduciary duty action where claim was for benefits for plaintiff and other individuals similarly situated, not for injury to the plan).

In this case, Edwards has not adequately pleaded a claim for relief under 29 USC § 1132(a)(2). It is not sufficient that Edwards brings her cause of action "on behalf of all other the [sic] participants and beneficiaries of the Plan." Doc #22, Exh A at ¶24. Rather, Edwards must allege wrongdoing the remedy of which would benefit the Plan as a whole, and not just individual plaintiffs. See Horan v Kaiser Steel Ret Plan, 947 F2d 1412, 1418 (9th Cir 1991). The wrongdoing alleged by Edwards in support of her § 1132(a)(2) claim is enumerated in ten sub-paragraphs of her

9

complaint, Doc #22, Exh A at ¶27, but the core of all of these allegations is that Prudential wrongfully denied her benefits and the benefits of other similarly situated beneficiaries. Any remedy designed to cure this wrongdoing would inure to the benefit only of Edwards and other similarly situated beneficiaries, not to the benefit of the Plan as a whole as required by <u>Horan</u>. Defendants' motion to dismiss should be granted with leave to amend as to Edwards's second cause of action for breach of fiduciary duty.

C

Edwards's third cause of action, for equitable relief, is based on 29 USC § 1132(a)(3), which states that a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 USC § 1132(a)(3). Unlike claims brought under § 1132(a)(2), § 1132(a)(3) claims need not seek relief for the plan as a whole. Defendants argue that their motion to dismiss should nonetheless be granted on the grounds that § 1132(a)(1)(B) – the basis for Edwards's first cause of action, which defendants have not challenged – provides an available adequate remedy. Doc #5 at 6.

The Supreme Court has described § 1132(a)(3) as a "catchall" that acts as a "safety net, offering appropriate equitable relief for injuries caused by violations that [ERISA] § 502 does not elsewhere adequately remedy." <u>Varity Corp v Howe</u>, 516 US 489, 512 (1996). Two Ninth Circuit decisions following <u>Varity</u>

**10**

confirm that a district court may dismiss, at the summary judgment stage, claims based on § 1132(a)(3) when the plaintiff also seeks relief under § 1132(a)(1)(B). <u>Ford v MCI Comm Corp Health & Welfare Plan</u>, 399 F3d 1076, 1083 (9th Cir 2005); <u>Forsyth v Humana, Inc</u>, 114 F3d 1467, 1474-75 (9th Cir 1997). But dismissing claims as early in the litigation as this is a different matter. Two judges within this district recently denied motions to dismiss § 1132(a)(3) claims in cases factually similar to this one, refusing to "read <u>Forsyth</u> or <u>Ford</u> to stand for the broad proposition that a Plaintiff may not seek relief under § 1132(a)(3) merely because he or she has also *pleaded* a claim under § 1132(a)(1)(B), § 1132(a)(2) and/or other ERISA remedial sections." <u>Ehrman v Standard Ins Co</u>, 2007 WL 1288465 at *4 (N D Cal) (Jenkins, J); <u>Finkelstein v Guardian Life Ins Co of America</u>, 2007 WL 4287329 (N D Cal) (Breyer, J).

     The court agrees with <u>Ehrman</u> that such a broad reading of <u>Forsyth</u> and <u>Ford</u> is contrary to the Supreme Court's recognition in <u>Varity</u> that "even where Congress has fashioned a remedial provision for a class of injury, there may still be circumstances where additional equitable relief under § 1132(a)(3)'s 'catch-all' provision is appropriate." <u>Ehrman</u>, 2007 WL 1288465 at *4 (citing <u>Varity</u>, 516 US at 515). And, as in <u>Ehrman</u> and <u>Finkelstein</u>, the court is not prepared to rule at this early point in the litigation that the equitable relief that Edwards seeks under § 1132(a)(3) is entirely foreclosed. Defendants may ultimately be correct that Edwards's § 1132(a)(3) claims are merely "attempts to artfully plead around the fact that she solely seeks recovery of her disability benefits," Doc #25 at 4, but on a Rule 12(b)(6) motion

11

to dismiss, the allegations in Edwards's complaint must be viewed in the light most favorable to her.  Edwards's complaint does allege wrongdoing that goes beyond mere wrongful calculation of benefits, including habitual violation of fiduciary duties of skill and loyalty, Doc #22, Exh A at ¶30, unreasonable failure to adopt and implement reasonable or proper standards for the investigation, processing and adjudication of claims, Doc #22, Exh A at ¶27, and other instances of wrongdoing that arguably could not be remedied by damages under § 1132(a)(1)(B).

        The court recognizes that the Fourth Circuit's opinion in <u>Korotynska v Metropolitan Life Insur Co</u>, 474 F3d 101, 106-07 (4th Cir 2006), arguably supports granting defendants' motion.  In <u>Korotynska</u>, the Fourth Circuit affirmed a district court's judgment on the pleadings based on its belief that the plaintiff's sole purpose in seeking relief was to recover benefits, despite plaintiff's allegations that the defendant insurer engaged in "systematically flawed and abusive claims and administration procedures."  <u>Korotynska</u>, 474 F3d at 103.  The court agrees with <u>Finkelstein</u> that <u>Korotynska</u> was based on the "the implicit conclusion that the court may look beyond the pleadings at this early stage," and that a more prudent approach is to accept a plaintiff's allegations of wrongdoing beyond mere denial of benefits, regardless whether the court believes that what a plaintiff truly seeks is simply compensation for the denial of her own benefits.  <u>Finkelstein</u>, 2007 WL 4287329 at *4 n1.  The court declines to dismiss Edwards's claim for equitable relief at this stage in the proceedings.

**12**

**D**

Edwards's fourth cause of action, against Prudential and Does #11-20 for failure to produce documents, was brought pursuant to 29 USC §§ 1109, 1024(b)(4) and 1132(c)(1) and 29 CFR § 2575.502c-1. Together, these provisions impose civil penalties on plan administrators and sponsors who fail to provide certain documents upon request to plan beneficiaries. Edwards alleges that she made a proper request for such documents, and that Prudential did not provide the documents as required. Doc #22, Exh A at ¶35. Prudential, however, argues that it cannot be assessed such penalties because it is neither the plan sponsor nor the plan administrator. Liability under § 1132(c)(1) is generally only imposed on plan administrators and sponsors. <u>Moran v Aetna Life Ins Co</u>, 872 F2d 296, 298-99 (9th Cir 1989). The statute's language imposes liability on "any administrator." 29 USC § 1132(c)(1). Administrator is defined as:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 USC § 1002(16)(A). In <u>Moran</u>, the Ninth Circuit held that because the defendant insurance company did not fall within the statutory definition of administrator, it could not be liable under § 1132(c)(1). Since H F Ahmanson & Company is identified as the plan administrator and plan sponsor in the plan documents, Ewing Decl, Doc #8, Exh A at 26, it appears that H F Ahmanson & Company – not Prudential – is the administrator upon which § 1132(c)(1) imposes liability.

13

Edwards argues that Prudential should be held liable as a de facto plan administrator, and that whether Prudential is a de facto administrator is a question of fact not amenable to decision at the motion to dismiss stage. Doc #17 at 17. The court need not reach the factual question whether Prudential is a de facto administrator to dismiss Edwards's claim because the court is bound by the statutory definition of "administrator" set out in § 1002(16)(A) and discussed in Moran. The cases Edwards cites do not support her assertion that an entity can be held liable as a de facto administrator under § 1132(c)(1); they arguably support § 1132(a)(1)(B) liability of insurers who are de facto plan administrators, but they do not address liability under § 1132(c)(1). See Everhart v Allmerica Fin Life Ins Co, 275 F3d 751, 755-56 (9th Cir 2001); Leung v Skidmore, Owings & Merrill, 213 F Supp 2d 1097, 1101-02 (N D Cal 2002); Moody v Liberty Life Assur Co, 2007 WL 1174828 at *4 (N D Cal). Unlike § 1132(a)(1)(B), § 1132(c)(1) specifically limits its application to administrators. The court is reluctant to use a definition of "administrator" broader than that set forth in § 1002(16)(A) and, in so doing, declare the Moran rule overturned. Edwards's fourth cause of action for failure to produce documents is dismissed with leave to amend.

### III

Finally, defendants request an order striking Edwards's demand for a jury trial. Doc #5 at 11. The rule in the Ninth Circuit is that participants and beneficiaries of ERISA-governed plans are not entitled to jury trials for claims brought under §

**14**

502 of ERISA. <u>Thomas v Oregon Fruit Products Co</u>, 228 F3d 991, 996 (9th Cir 2000); <u>Borst v Chevron Corp</u>, 36 F3d 1308, 1324 (9th Cir 1994). Edwards argues that this rule has been overturned by <u>Great-West Life & Annuity Insur Co v Knudson</u>, 534 US 204 (2002); it has not. In <u>Great-West</u>, an insurer attempted to file a subrogation action against plan beneficiaries under 29 USC § 1132(a)(3). The court held that the nature of the relief sought by the insurance company was legal and therefore not authorized by § 1132(a)(3)'s equitable relief provision. <u>Great-West</u> at 210. <u>Great-West</u> did not address whether a damages claim under 29 USC § 1132(a)(1)(B) is, as Edwards argues, a legal claim that entitles plaintiffs to a jury trial. The Ninth Circuit rule stated in <u>Thomas</u> and <u>Borst</u> has not been changed. Edwards's demand for a jury trial will be denied.

IV

For the reasons discussed above, Edwards's motion to remand is DENIED. Doc #12. Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Defendants' motion to dismiss is GRANTED WITHOUT PREJUDICE as to Edwards's claim for relief for breach of fiduciary duty pursuant to 29 USC § 1132(a)(2) and her claim for failure to produce documents pursuant to 29 USC § 1132(c)(1). Doc #5. Defendants' motion to dismiss is DENIED as to Edwards's claim for equitable relief pursuant to 29 USC § 1132(a)(3). Doc #5. Defendants' motion to strike Edwards's jury demand is GRANTED. Doc #5.

In addition to the motions discussed above, on December 20, 2007, defendants moved to strike portions of Edwards's opposition and supporting evidence to defendants' motion to

15

1 dismiss. Doc #24. Because the court did not consider the
2 materials to which defendants object, the motion to strike is
3 **TERMINATED AS MOOT.** In addition, on December 28, 2007, Edwards
4 made evidentiary objections to several declarations submitted by
5 defendants in opposition to her motion to remand. Doc #33.
6 Because the court determined that the remand issue turned solely on
7 whether the Plan was properly served on October 15, 2007, the court
8 did not consider these declarations, and Edwards's objections are
9 **DISMISSED AS MOOT.**

            IT IS SO ORDERED.

                                  _____
                                  VAUGHN R WALKER
                                  United States District Chief Judge