1
2
3
4
5
6
7

Terrence J. Coleman     (State Bar No. 172183)
Brian H. Kim            (State Bar No. 215492)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, California 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
E-mail:  tcoleman@pillsburylevinson.com, bkim@pillsburylevinson.com

Attorneys for Plaintiff,
ELIZABETH E. EDWARDS

8
9
10

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH E. EDWARDS, | Case No.  3:07-CV-5807 (VRW) |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; THE H.F. AHMANSON & COMPANY LONG TERM DISABILITY PLAN; and DOES 1 through 20, inclusive, | |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Civil Local Rule 16-9, Plaintiff Elizabeth E. Edwards ("Edwards") and Defendants The H.F. Ahmanson & Company Long Term Disability Plan (the "Plan") and The Prudential Insurance Company of America (collectively "Defendants") hereby submit the following Joint Case Management Statement, following their conference satisfying their meet and confer obligations under Rule 26(f) of the Federal Rules of Civil Procedure:

1.     Jurisdiction and Service

This Court has subject matter jurisdiction over Plaintiff's remaining claims pursuant to 29 U.S.C. § 1132(e)(1).  No issues exist regarding personal jurisdiction or venue.

Defendants have made a general appearance on November 21, 2007 on a Motion to Dismiss

1

1    selected claims of Plaintiff's Complaint and therefore do not contest jurisdiction or service.  As a result,

2    no other parties remain to be served.

3         2.    Facts

4         Plaintiff's Position

5         Plaintiff worked as a loan consultant for H.F. Ahmanson & Company and was enrolled in the

6    Plan, which was insured by Prudential.  While still enrolled in the Plan in 1998, she became disabled as

7    a result of multiple conditions, including lumbar disc herniations requiring multiple fusion surgeries

8    and hardware installation, nerve damage, and severe pain and weakness.  Plaintiff has been, remains,

9    and will be unable to perform the substantial and material duties of any gainful occupation in the usual

10   and customary manner with reasonable continuity.

11        Edwards submitted her claim for long-term disability benefits to Prudential, which paid her

12   monthly disability benefits for an extended period of time.  On or around July 25, 2006, Prudential

13   terminated her benefits without conducting any reasonable or thorough investigations and without any

14   evidence of information that Plaintiff's conditions had improved to allow a return to gainful

15   employment.  Moreover, Prudential's denial letter failed to provide any meaningful information on how

16   Plaintiff could have perfected her claim, in violation of the Department of Labor regulations governing

17   ERISA long-term disability claims.

18        Prudential denied Plaintiff's claim, relying on highly unreliable surveillance footage of Ms.

19   Edwards performing limited activities, including volunteering at the Marin General Hospital gift shop

20   for four hours.  Prudential's reliance on the surveillance video was unjustified as it was entirely

21   consistent with the limitations that Plaintiff had reported throughout her disability.  Prudential failed to

22   consider that Ms. Edwards only volunteered at the gift shop one day per week for three to four hours,

23   and that the strain of performing this volunteer service causes Ms. Edwards to be homebound the

24   following day to recover.  Moreover, the surveillance shows no footage of Ms. Edwards' sitting, an

25   activity that she cannot do for any extended period of time without excruciating pain and discomfort.

26   Even so, Prudential failed to acknowledge that during the surveillance footage Plaintiff was clearly

27   limping, impaired and compensating for her condition.

28

1   Prudential also selectively relied on a Functional Capacity Examination ordered by Prudential.

2   The FCE was fatally flawed in that it was conducted only over one day, instead of two days as most

3   such examinations, and failed to include work with arms overhead and standing, work bent over sitting,

4   squatting, all repetitive trunk rotation, response time, hand/eye/foot coordination, and kneeling.  After

5   one day, the examination caused Ms. Edwards severe pain and weakness in both legs that became

6   worse in each test, as well as debilitating numbness it caused in Ms. Edwards' legs.  Following the

7   examination, Ms. Edwards' condition flared up, requiring two days to recover from the flare up.  Even

8   with these fatal flaws, the FCE demonstrated that Plaintiff was severely limited in her capacity to sit,

9   keyboard, reach at the waist or below the wait, or stand for an extended period of time.  The

10  examination also recorded high levels of pain when performing all of these activities.

11  Prudential relied on a paper review from Dr. David Bauer commissioned through MES

12  Solutions, Inc., a company Prudential has repeatedly contracted with to provide paper reviews.  Dr.

13  Bauer never met or spoke with Ms. Edwards before issuing his report.  Dr. Bauer conceded that Ms.

14  Edwards was "functionally impaired" but failed to rebut the opinions of any of Ms. Edwards' treating

15  physicians, all of whom confirmed her continuing disability.  Dr. Bauer refused to acknowledge the

16  consistent evidence of severe pain preventing her from sitting, instead making the unsubstantiated

17  claim that "[e]ven claimants with severe pain would be able to sit for approximately one hour in an

18  uninterrupted fashion before needing to change position."  Based on this bald assertion, he claimed

19  Plaintiff could work an eight-hour day by being able to "stand for 30-45 minutes before needing to sit

20  to rest, and would be able to do that for at least several hours during the day."

21  Edwards timely appealed Prudential's denial of benefits and provided additional and

22  overwhelming evidence in support of her physical impairment and continuing and permanent disability.

23  Prudential denied Edwards' appeal in a letter dated September 6, 2007.

24  For the denial of Plaintiff's appeal, Prudential relied on another paper review by Dr. Jack

25  Denver through MLS National Medical Evaluation Services, Inc., another company that Prudential

26  repeatedly contracts with to provide paper review.  Like Dr. Bauer, Dr. Denver never met or spoke with

27  Ms. Edwards.  Although Ms. Edwards' physicians informed Dr. Denver that Plaintiff was totally

28

1   disabled, Dr. Denver ignored the recommendations of her treating physicians.  Dr. Denver also chose to

2   ignore the documented examples of severe pain suffered by Plaintiff, incredibly characterizing

3   Plaintiff's inability to sit as "more of a tolerance issue rather than a capacity issue."  As a result,

4   Prudential had no basis whatsoever that Plaintiff was capable of performing the substantial and material

5   duties of any profession on a full-time basis and thus failed to conduct a full and fair review of

6   Plaintiff's appeal, making this lawsuit necessary.

7         Defendants' Statement:

8         Defendants contend the decision to terminate Plaintiff's long term disability benefits ("LTD")

9   was correct.  Plaintiff's LTD benefits were terminated because it was determined Plaintiff was no

10  longer disabled from performing the material and substantial duties of her own occupation or from any

11  other sedentary gainful occupation.  The evidence pertaining to Plaintiff did not meet the contractual

12  definition of disability.

13        Defendants conducted a full and fair review of Plaintiff's claim and engaged in a meaningful

14  dialogue with Plaintiff regarding the information Plaintiff contended supported her LTD claim.

15  Defendants had an outside review of Plaintiff's medical records, reports and video conducted by Dr.

16  David Bauer, MES Solutions.  Dr. Bauer prepared a Peer Review Report summarizing Plaintiff's

17  records, reports and surveillance.  Dr. Bauer found Plaintiff should be able to sit for one hour at a time

18  for eight hours, stand for 30-45 minutes, reach, lift, and carry between 10-15 pounds, and there should

19  be no limitations in repetitive and fine motor activities.  He further found Plaintiff's self-reported

20  functionality inconsistent with her activities reported in the records and videotaped.  Dr. Bauer

21  concluded that Plaintiff's functional impairments are neither as severe as she claims, nor solely

22  physical.  He opined Plaintiff's emotional outlook strongly influences her disability beliefs and her

23  doctors help her "buy into" the disabled role.  Dr. Bauer concluded Plaintiff can function when she

24  wants to.  Defendants communicated Dr. Bauer's review, assessment and conclusions with Plaintiff.

25        Defendants also received and responded to Plaintiff's appeal regarding her LTD claim.

26  Defendants thoroughly evaluated Plaintiff's medical information and documentation received with

27  Plaintiff's appeal.  Defendants requested updated medical data, conducted a detailed telephone

28

4

1   discussion with Plaintiff, and had a consulting physician (Dr. Denver), board certified in pain medicine,

2   physical medicine and rehab, and spinal cord medicine, review Plaintiff's medical records and file

3   information.

4       As part of his review and evaluation, Dr. Denver conducted telephone calls with Plaintiff's

5   doctors, Dr. Light and Dr. Wolfe.  Dr. Denver prepared a report of his review, evaluation and

6   assessment of all of Plaintiff's asserted medical conditions and the evidence she contended supported

7   her LTD claim.  Dr. Denver noted Plaintiff's surveillance documentation was inconsistent with her

8   medical documentation.  Plaintiff's doctors (Dr. Light and Dr. Wolfe) stated Plaintiff was totally and

9   permanently disabled.  However, the surveillance information shows Plaintiff standing for the majority

10  of her four-hour shift, kneeling and stooping.  Dr. Denver also reviewed and evaluated Plaintiff's

11  functional capacity evaluation.  He concluded Plaintiff's reported pain and impairment did not preclude

12  her from returning to work within her restrictions and limitations.

13      Based on the combination of medical data, observed activities, conversations with Plaintiff and

14  her treating doctors, Dr. Denver's assessment and the provisions of the Plan, Plaintiff was not eligible

15  for coverage pursuant to the terms of the Plan and Defendants' decision was proper.  Defendants

16  explained its review and conclusion in the September 6, 2007 appeal denial letter and advised Plaintiff

17  she could bring a second appeal.

18      The parties agree the following factual issues are in dispute:

19      a.      The scope of the evidence to determine whether Defendant Prudential acted under a

20  conflict of interest as the funding source and the claims administrator for the Plan.

21      b.      Whether Plaintiff was disabled under the terms of the Plan when Prudential decided to

22  terminate Plaintiff's long-term disability benefits.

23      3.      Legal Issues

24      Plaintiff's Position:

25      Plaintiff contends the following legal issues are in dispute:

26      a.      The applicable standard of review for Defendant Prudential's decision to terminate

27  Plaintiff's benefits;

28

1    b.    Whether Defendant Prudential's decision to terminate Plaintiff's benefits was supported

2    by substantial evidence;

3    c.    The nature, extent and effect on Defendant's Prudential's decision-making process of

4    any conflict of interest as defined by *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir.2006);

5    d.    Whether Defendant Prudential's decision to terminate Plaintiff's long-term disability

6    benefits under the Plan constituted a violation of 29 U.S.C. § 1132(a)(1)(B);

7    e.    Whether Defendant Prudential's actions constituted a breach of fiduciary duty

8    warranting equitable relief under 29 U.S.C. § 1132(a)(3).

9        Defendants' Position:

10        Defendants do not agree the above legal issues (a. – e.) are in dispute.  Defendants respond to

11    Plaintiff's proposed legal issues a. – e. as follows:

12    a.    There is no disputed legal issue as to the appropriate standard of review.  The applicable

13    standard of review for this Court's review of Defendants' decision to terminate Plaintiff's LTD benefits

14    is abuse of discretion.

15    b.    Substantial evidence is not required for this Court to uphold Defendants' benefits

16    decision because the applicable standard of review is abuse of discretion.

17    c.    Defendants agree with Plaintiff's position as to this legal issue.

18    d.    Defendants agree with the legal issue of whether Defendant Prudential's decision to

19    terminate Plaintiff's long term disability benefits under the Plan constituted a violation of 29 U.S.C.

20    § 1132(a)(1)(B).

21    e.    Defendants disagree.  This Court, in its Order dated January 7, 2008 (E Document # 34),

22    granted Defendants' motion to dismiss Plaintiff's claim for breach of fiduciary duty.

23        4.    Motions

24        Plaintiff's Position:

25        Plaintiff contends that the case should be resolved through motions for judgment under Rule 52

26    of the Federal Rules of Civil Procedure.  Because Plaintiff and Defendants have a disagreement on the

27    scope of permissible discovery in this case, as set forth in paragraph 8, Plaintiff anticipates filing

28

6

1    motions to compel responses and documents in response to Plaintiff's forthcoming written discovery

2    requests, as well as a motion to compel the depositions of specific representatives of Defendant

3    Prudential.

4        Defendants' Position:

5        Defendants contend the dispute should be resolved by trial briefs without the need for motions

6    for summary judgment.  Because of the nature of the Court's review, motions for summary judgment

7    are inappropriate.  The Court reviews the Administrative Record, which contains evidence that

8    arguably supports both Plaintiff and Defendants' positions.  The Court necessarily weighs evidence in

9    adjudicating this case, which precludes summary judgment resolution.  The parties should file cross

10   trial briefs and opposition briefs, not cross motions for summary judgment.

11       Defendants contend Plaintiff is entitled to limited discovery as explained by *Abatie* and other

12   Ninth Circuit authority.  Defendants will respond to the propounded discovery appropriately.

13       5.    Amendment of Pleadings

14       Pursuant to this Court's January 7, 2008 Order, Plaintiff's Second and Fourth Causes of Action

15   have been dismissed.  The parties do not anticipate adding or dismissing any parties, claims or defenses

16   at this time, but reserve the right to do so in the future should circumstances make it necessary.

17       6.    Evidence Preservation

18       The parties have met and conferred and agree to preserve any and all evidence in its native

19   electronic format as well as in a hard copy format related to the issues reasonably evident in this action

20   until the conclusion of the case, including but not limited to the categories of discovery stated in

21   paragraph 8.

22       7.    Disclosures

23       The parties have served their Initial Disclosures by February 21, 2008.

24       8.    Discovery

25       Plaintiff's Position:

26       Plaintiff seeks written information and documents relating to the following issues:

27       a.    The financial and business relationship between Defendant Prudential and its third-party

28

1          medical reviewers, including but not limited to R. David Bauer, M.D., Jack Denver,

2          M.D., and MLS National Medical Evaluation Services, Inc.;

3       b.     The financial and business relationship between Defendant Prudential and its third-party

4          functional capacity examiners, including but not limited to Bruce A. Kolman, OTR, and

5          ErgoScience; and

6       c.     The incentives Defendant Prudential's employees (including but not limited to Susan H.

7          Gatti (Senior Appeals Analyst), Shannon Glidden (Disability Consultant), Regina

8          Carter) have or may have to deny claims;

9       Plaintiff also seeks to take the depositions of Dr. Bauer, Mr. Kolman, Ms. Gatti and Ms.

10 Glidden.

11       Plaintiff contends that the discovery listed above seeks evidence that is admissible in ERISA

12 cases according to the Ninth Circuit's decision in *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955

13 (9th Cir. 2006).

14       <u>Defendants' Position</u>:

15       Defendants contend Plaintiff is entitled to limited discovery as defined by *Abatie* and other

16 Ninth Circuit authority.  Defendants will carefully evaluate Plaintiff's propounded discovery and

17 respond appropriately.

18       9.     <u>Class Actions</u>

19          Not applicable, as this case is not a class action.

20       10.     <u>Related Cases</u>

21          No related cases or proceedings exist at this time.

22       11.     <u>Relief</u>

23       <u>Plaintiff's Position</u>:

24       Plaintiff seeks the payment of past benefits, interest and attorney's fees pursuant to 29 U.S.C.

25 § 1132(a)(1)(B) and 29 U.S.C. § 1132(g)(1).  Plaintiff also seeks equitable relief pursuant to 29 U.S.C.

26 § 1132(a)(3) to remedy breaches of fiduciary of duty by Prudential, including but not limited to:  (1) an

27 injunction preventing Prudential from denying benefits based on an interpretation of "total disability"

28

1  different from that required under applicable law and the Plan, including the requirement that a

2  claimant be unable to work with reasonable continuity in the usual and customary way; (2) an

3  injunction to permanently enjoin Defendants from serving as a fiduciary with respect to the Plan; (3) an

4  injunction that enjoins Defendants from terminating benefits for the duration of the applicable

5  maximum benefit period.

6      Defendants' Position:

7      Plaintiff is not entitled to injunctive relief.  Plaintiff has a simple individual claim against

8  Defendants for recovery of LTD benefits.  After eight years of paying Plaintiff's disability benefits,

9  Defendants terminated her benefits finding she could return to work in some capacity within her

10 restrictions.

11     Plaintiff's benefits claim does not warrant the improper injunctive remedies she seeks –

12 application of a total disability definition contrary to the law, Plan fiduciary removal, and guaranteed

13 future LTD benefits.  Plaintiff does not represent the Plan or seek benefits on behalf of the Plan as a

14 whole.  Rather, Plaintiff's claim is for her individual LTD benefits.

15     12.   Settlement and ADR

16     The parties have been referred to mediation by this Court under ADR Local Rule 6.

17     13.   Consent to Magistrate Judge for All Purposes

18     The parties have not consented to a Magistrate Judge for purposes of this case.

19     14.   Other References

20     Not applicable.

21     15.   Narrowing of Issues

22     The parties will agree to a stipulated statement of facts to expedite the presentation of evidence

23 at trial if the parties are able to reach agreement on the facts to be included in the statement.

24     16.   Expedited Schedule

25     Plaintiff's Position:

26     Plaintiff requests that a hearing on motions for judgment under Rule 52 of the Federal Rules of

27 Civil Procedure be held in September 2008.

28

JOINT CASE MANAGEMENT STATEMENT                    Case No. 3:07-CV-5807 (VRW)

1    Defendants' Position:

2    Defendants contend there is no reason for an expedited schedule.  Based on Plaintiff's intent to

3    conduct discovery (written and oral) outside the Administrative Record, Defendants propose the

4    schedule set forth in Paragraph 17, below.

5    17.    Scheduling

6    Plaintiff's Position:

7    Plaintiff proposes the following scheduling dates:

8    Discovery cutoff: August 1, 2008

9    Hearing of dispositive motions:  See paragraph 16

10    Pretrial conference:  To be determined

11    Trial:  September 2008

12    Defendants' Position:

13    Defendants propose the following scheduling dates:

14    Opening cross trial briefs:  September 19, 2008.  This date will allow the parties to address

15    Plaintiff's planned written and oral discovery and any resulting motions to determine the propriety of

16    Plaintiff's discovery.

17    Opposition cross trial briefs:  October 3, 2008

18    Trial date:  October 17, 2008.

19    18.    Trial

20    Plaintiff's Position:

21    Plaintiff estimates that a trial before this Court will take approximately three court days.

22    Plaintiff contends that in some instances, evidence outside the administrative record is permitted.

23    Defendants' Position:

24    Defendants contend the streamlined procedures applicable in an ERISA trial should apply.  An

25    ERISA trial does not involve the normal parameters of a typical trial.  *See, Kearney v. Standard Ins.*

26    *Co*., 175 F.3d 1084, 1094-1095 (9th Cir. 1999) (*en banc*).  Trial is not by jury, but to the bench.  The

27    parties do not anticipate calling live witnesses or experts, and any testimonial evidence submitted will

28

1    be in the form of declarations.  The only documentary evidence presented will be the Administrative

2    Record.  Defendants estimate a half-day trial will be sufficient.

3            Defendants contend the matter should be decided on the parties' trial briefs and the

4    Administrative Record, and any additional evidence which may be permitted.  Defendants request the

5    simultaneous exchange of opening trial briefs followed by responding trial briefs for this matter.

6    *Kearney, supra*, 175 F.3d at 1090.

7            It is anticipated Terrence Coleman and Brian Kim will try the case for Plaintiff, and Ronald

8    Alberts and Tad Devlin will try the case for Defendants.

9            Defendants contend the pretrial filings normally required, such as pretrial conference

10   statements, are unnecessary because of the limited scope of the trial.

11           Defendants specifically request a waiver of the Rule 16 pretrial conference and related pretrial

12   requirements, pursuant to Ninth Circuit precedent.

13           19.    Disclosure of Non-Party Interested Entities or Persons

14           Plaintiff and Defendant Prudential have filed the Disclosure of Non-Party Interested Entities or

15   Persons required by Civil Local Rule 3-16, but the Plan has yet to file a Disclosure.  Since filing their

16   respective disclosures, Plaintiff and Defendant Prudential certify that they know of no additional

17   persons, firms, partnerships, corporations or other entities that have a financial interest in the subject

18   matter in controversy or in a party to the proceeding or any other kind of interest that could be

19   substantially affected by the outcome of the proceeding.

20   Dated:  April 3, 2008                    PILLSBURY & LEVINSON, LLP

21

22                                    By:    _____/s/_____

23                                           Terrence J. Coleman
                                             Attorneys for Plaintiff
24                                           ELIZABETH E. EDWARDS

25

26   Dated:  April 3, 2008                    GORDON & REES, LLP

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: _____/s/_____
Tad A. Devlin
Attorneys for Defendants
THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA AND THE H.F. AHMANSON &
COMPANY LONG TERM DISABILITY PLAN


**<u>CASE MANAGEMENT ORDER</u>**

The Case Management Statement and [Proposed] Order is hereby adopted by the Court as the

Case Management Order for the case.  The parties are ordered to comply with this Order.


DATED:  April ___, 2008          _____
                                 VAUGHN R. WALKER
                                 UNITED STATES DISTRICT COURT